# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

LAUREN FENTON-VALDIVIA
Direct dial:  (973) 241-4224
lvaldivia@mdmc-law.com

December 9, 2013

**VIA ECF**
Hon. Esther Salas, U.S.D.J.
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
MLK 5A
Newark, NJ 07101

> RE:    **In re Vehicle Carrier Services Antitrust Litigation**
> **Case No. 2:13-cv-03306-ES-JAD**
> **MDL 13-md-02471**

Dear Judge Salas:

This firm represents Direct Purchaser Plaintiff International Transport Management Corp. in the above-referenced action and writes on behalf of all Direct Purchaser Plaintiffs. The attorneys representing the Direct Purchaser Plaintiffs have conferred and they concur on the appointment of Cohen Milstein Sellers & Toll PLLC, Freed Kanner London & Millen LLC., and Kaplan Fox & Kilsheimer LLP as Interim Co-Lead Counsel, and McElroy, Deutsch, Mulvaney & Carpenter, LLP as Liaison Counsel, for the direct purchaser actions. As there is a unanimous agreement as to the requested appointment, please accept this letter brief in lieu of a more formal submission in support of the requested order.

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 2

Direct Purchaser Plaintiffs[1] respectfully request that the Court appoint Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), Freed Kanner London & Millen LLC ("Freed Kanner"), and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Interim Co-Lead Counsel, and McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy Deutsch") as Liaison Counsel,[2] for the direct purchaser plaintiffs pursuant to Fed. R. Civ. P. 23(g)(3) and the Court's inherent power to manage cases. The above-captioned cases represent all the direct purchaser actions that have been filed to date.[3] The proposal that is being tendered to the Court is the result of the private ordering of counsel for all Direct Purchaser Plaintiffs, which is the preferred method for determining the composition of case leadership.

---

[1]     The Direct Purchaser Plaintiffs are: Manaco International Forwarders, Inc., International Transport Management Corp., and Cargo Agents, Inc.

[2]     Additional counsel for Direct Purchasers include at least the following: Gold Bennett Cera & Sidener L.L.P., Kohn Swift & Graf, P.C., Preti Flaherty Beliveau & Pachios L.L.P., Spector Roseman Kodroff & Willis P.C., Glancy Binkow & Goldberg, LLC, and Lockridge Grindal Nauen P.L.L.P.

[3]     Currently three direct purchaser antitrust cases have been filed. The direct purchaser cases are brought by plaintiff/purchasers who purchased vehicle carrier services directly from defendants, and therefore only they have damages claims under the United States Sherman and Clayton Acts. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). In addition, there are 25 indirect purchaser antitrust cases filed. The indirect purchaser cases are brought by plaintiff/purchasers who are customers of customers of the defendants, or even farther down the chain of distribution. In this case, there are two distinct sets of indirect purchasers: (1) indirect purchasers who purchased or leased new vehicles that incorporated the vehicle shipping costs into the purchase or lease price; and (2) automotive dealers. Their damage claims arise under various state laws that permit such indirect claims for damages. To prevent any conflict between these groups, courts have traditionally appointed separate lead counsel and liaison counsel for the direct and indirect cases, and movants believe this Court should also do so. Because the alleged violations arise from the same core of operative facts, both direct and indirect cases can and should be coordinated.

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Page 3

Appointing Interim Co-Lead and Liaison Counsel for the direct purchaser cases will greatly facilitate the efficient prosecution of the cases and enable counsel to assist this Court in case management efforts.   The requested leadership appointments would foster the early organization and case management efficiencies that are strongly encouraged by the Federal Judicial Center,[4] the *Manual for Complex Litigation* (the "*Manual*"),[5] and federal courts across the country.

While private ordering is strongly encouraged, the Court must still make an independent determination whether proposed Interim Co-Lead and Liaison Counsel meet the requirements to be appointed to their respective roles in the case.  Here, as discussed below, the Cohen Milstein, Freed Kanner, Kaplan Fox, and McElroy Deutsch firms each possesses the requisite qualifications.

Because the law firms seeking appointment have come together to present a consensus case leadership structure to the Court for its consideration, and each has the qualifications required for appointment as Interim Co-Lead or Liaison Counsel, as the case may be, the Direct Purchaser Plaintiffs respectfully request that the Court grant their motion and appoint Cohen Milstein, Freed Kanner, and Kaplan Fox as Interim Co-Lead Counsel, and McElroy Deutsch as Liaison Counsel, for the direct purchaser cases.

Applicants Cohen Milstein, Freed Kanner, Kaplan Fox, and McElroy Deutsch believe that this complex antitrust case involving multiple foreign and domestic defendants can be

---

[4]     Chapter II, *Managing Class Action Litigation: A Pocket Guide for Judges*, Third Edition (2010).

[5]     *Manual for Complex Litigation* (Fourth) (2004).

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 4

prosecuted efficiently and economically by the proposed leadership which has the unanimous backing of all the Direct Purchaser Plaintiffs that have brought cases and the law firms representing them.  In addition, Applicants respectfully submit that their proposed leadership structure should be adopted by the Court because:

- Cohen Milstein, Freed Kanner, and Kaplan Fox are nationally recognized firms that have extensive experience in antitrust and class action matters through trial and appeals.  They are dedicated to working together, but with an eye towards avoiding unnecessary duplication of effort and wasteful expense;

- McElroy Deutsch is a prominent New Jersey firm with broad class action experience and has litigated antitrust and other matters extensively in the District of New Jersey;

- The proposed leadership includes attorneys with outstanding backgrounds in antitrust class actions and other complex civil litigation.  In addition to their credentials representing plaintiffs in antitrust matters, this team includes attorneys with a demonstrated record of public service – including attorneys who worked for the Justice Department's Antitrust Division and other law enforcement agencies – as well as expertise in the defense of complex antitrust matters.  This depth of experience will serve the interests of the proposed Class;

- The firms that will work on this case have been retained by the three Direct Purchaser Plaintiffs and have already devoted significant resources investigating and pursuing claims against defendants for violations of the federal antitrust laws, and they have the resources to commit to the case going forward.

**BACKGROUND**

This litigation challenges an alleged conspiracy by the providers of Vehicle Carrier Services to fix, raise, and/or stabilize the price of such services.  Vehicle Carriers are large specialized ocean shipping vessels that transport wheeled freight, such as cars, trucks, busses, and other vehicles that can be rolled on and off of a ship.  Vehicle Carrier Services refers to the market for the paid ocean transportation to and from the United States of wheeled freight on such ships.  Defendants are providers of Vehicle Carrier Services.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Page 5

Since at least September 2012, competition authorities in the United States, the European Union, Canada, and Japan have been investigating a possible global cartel among such companies. On September 6, 2012, the Japan Fair Trade Commission executed raids at the Japanese offices of various providers of Vehicle Carrier Services. On the same day, in coordination with United States and Japanese authorities, the European Commission carried out additional unannounced inspections at the European offices of several maritime shipping companies suspected of operating a cartel. The United States Department of Justice has confirmed that it is investigating the market, and a grand jury has been convened in Baltimore, Maryland to investigate alleged anticompetitive conduct in the Vehicle Carrier Services market. Subpoenas have issued to certain defendants.

On July 26, 2013, Manaco International Forwarders, Inc. filed the first direct purchaser class action complaint against the defendants for violating Section 1 of the Sherman Act, asserting a claim individually and on behalf of others similarly situated. Since then, two additional direct purchaser actions have been filed; all three actions were filed in the Southern District of New York. In addition, 25 cases have been filed by indirect purchasers in various districts. On October 23, 2013, the Judicial Panel on Multidistrict Litigation centralized all of these actions in the District of New Jersey pursuant to 28 U.S.C. § 1407.

## ARGUMENT

### A. THE PROPOSED CASE MANAGEMENT ORDER ASSURES EARLY JUDICIAL CONTROL AND ORDERLY AND EFFICIENT PROGRESS OF THIS CASE.

In complex litigation, it is important that procedures be adopted at the outset of the cases which will assure efficient and vigorous prosecution. *See Manual* § 10.1. The Direct Purchaser

**MᴄEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, LLP**

Page 6

Plaintiffs have followed the guidance of the *Manual* and will submit, along with counsel for both classes of indirect purchasers, a single proposed Case Management Order ("CMO"), which provides for:

- Establishment of a master file along with efficient procedures for filing and docketing of papers with the Clerk of Court;

- Procedures for the consolidation of any later filed tag-along actions; and

- The appointment of Interim Co-Lead and Liaison Counsel.

The proposed CMO will provide a plan for the efficient pretrial conduct of the direct and indirect purchaser actions, including organization of counsel for each class of plaintiffs, establishing orderly procedures for the captioning, filing and docketing of papers in these actions and in any related cases that may subsequently be filed in, or transferred to, this Court, and other matters important to the orderly conduct of this litigation.  These procedures include the establishment of a master file for the filing of papers relating generally to each of the direct and indirect purchaser cases.  Such orders are entered routinely by courts in complex litigation and will materially assist the parties, the Court, and the Court's staff in managing and processing the paper – and electronic – flow that this litigation will produce.  Such procedures, which enhance efficiency, are particularly necessary and appropriate in complex class actions.  *Manual* § 11.12.

**B.   THE COURT SHOULD APPOINT COHEN MILSTEIN, FREED KANNER, AND KAPLAN FOX AS INTERIM CO-LEAD COUNSEL, AND McELROY DEUTSCH AS LIAISON COUNSEL, FOR THE DIRECT PURCHASER PLAINTIFFS.**

The Federal Rules of Civil Procedure and the *Manual* recognize the importance of an early appointment of counsel to act on behalf of a class.  In *In re Payment Card Interchange Fee*

MᶜEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, ʟʟᴘ

Page 7

*& Merch. Disc. Antitrust Litig.*, No. MDL 05-1720 (JG)(JO), 2006 WL 2038650, at *2 (E.D.N.Y. Feb. 24, 2006), the court observed that "[t]he appointment of lead counsel is recognized as a useful and helpful way to avoid duplication of effort and a means to streamline what could otherwise be inefficient and unruly proceedings."  Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Similarly, the *Manual* recommends that early in complex litigation, the court select and authorize attorneys to act on behalf of other counsel and their clients. Counsel so designated "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel."  *Manual* § 10.22.

Although neither Rule 23(g) nor the Advisory Committee Notes explicitly define the standards for appointing interim class counsel, courts have held that the same standards apply as when selecting class counsel at the class certification stage.  *See, e.g.*, *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006); *Hill v. The Tribune Co.*, No. 05 C 2602, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel.").  The Court should, therefore, consider the following factors in appointing interim class counsel: "(.) the work counsel has done in identifying or investigating potential claims in the action "(.) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action "(.) counsel's knowledge of the applicable law, and "(.) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  *See also, In re Payment Card Interchange Fee*, 2006 WL 2038650, at *2 ("The *Manual* . . . counsels

**MᴄEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, ʟʟᴘ**

Page 8

that in making such an appointment, [the court] should consider such factors as the qualification and competence of counsel, the ability of counsel to fairly represent diverse interests, and 'the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and court.'").  The Court "may [also] consider other matter[s] pertinent to counsel's ability to fairly and adequately represent the interests of the class."  *In re New Jersey Tax Sales Certificates Antitrust Litig.*, Master Docket No. 12-1893 (MAS) (TJB), 2012 WL 5214598, at *2 (D.N.J. Oct. 22, 2012) (citing Fed. R. Civ. P. 23(g)(1)(B)).

As set forth below, all of these factors support appointment of Cohen Milstein, Freed Kanner, and Kaplan Fox as interim co-lead counsel, and McElroy Deutsch as liaison counsel, in these causes.

> **1.**     **"The Work Counsel Has Done in Identifying or Investigating Potential Claims" Strongly Supports the Proposed Leadership Structure**

Plaintiffs' counsel began investigating this matter in September 2012, and over the ensuing time  spent significant time and resources investigating the facts ultimately set forth in their respective complaints, interviewing knowledgeable individuals, consulting with industry specialists, and evaluating potential legal claims.  Based on that investigation and analysis, Plaintiffs' counsel—leading antitrust class action firms in the United States—determined there was a substantial factual and legal basis for bringing this litigation on behalf of the putative class.

MᶜELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 9

2.    **"Counsel's Experience in Handling Class Actions, Other Complex Litigation, and the Type of Claims Asserted in the Action" and "Counsel's Knowledge of the Applicable Law" Also Strongly Support the Proposed Leadership**

Each of the firms proposed in the leadership structure is extraordinarily well qualified to litigate this matter effectively on behalf of the proposed class. Moreover, these firms have demonstrated an ability to work cooperatively and collegially, both in the work they have done in developing this case and in many other matters.

**Cohen Milstein**: For forty years, Cohen Milstein has been one of the nation's leading plaintiffs' class action firms.  The firm has litigated some of the nation's most complex class cases and has recovered billions of dollars of damages for injured plaintiffs. *See* Cohen Milstein Firm Resume, attached as Exhibit A.  In October 2012, the *National Law Journal* again named Cohen Milstein one of the top plaintiffs' firms in the nation. Similarly, the *Legal 500* publication ranked Cohen Milstein as a Leading Plaintiff Class Action Antitrust Firm in the United States. *The Trial Lawyer* magazine also has described Cohen Milstein as one of "America's 25 Most Influential Law Firms."

Cohen Milstein has the resources and expertise required to pursue a case of this complexity and magnitude. Indeed, the firm's practice is devoted to prosecuting major, nationwide class actions on behalf of injured parties.  Cohen Milstein has served as lead counsel in many important class action cases, including:

- *In re Urethane Antitrust Litig.*, Case No. 2:04-md 01616 (D. Kan.).  Cohen Milstein is co-lead counsel on behalf of a certified class of direct purchasers challenging price-fixing by leading manufacturers of polyurethanes.  The class secured settlements in the amount of $139 million from four of the defendants, and took the remaining defendant, Dow Chemical Company, to trial earlier this year.  After a five-week trial, the jury found in favor of the plaintiffs, awarding

**MᴄEʟʀᴏʏ, Dᴇᴜᴛꜱᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, ʟʟᴘ**

Page 10

them over $400 million in single damages, which automatically was trebled to over $1 billion. Kit A Pierson of the Cohen Milstein trial team from that matter is one of the Cohen Milstein partners working on this litigation.

- *In re Electronic Books Antitrust Litigation*, No. 11 MD 2293 (S.D.N.Y.). Serving as co-lead counsel for class plaintiffs, Cohen Milstein has obtained more than $95 million in settlements, which are pending final approval, from the defendant publishing houses.    The case involves allegations that Apple Inc. coordinated a conspiracy among publishers to end prevailing, consumer-friendly discounting practices for e-books and raise prices for e-books significantly. Cohen Milstein, led by Mr. Pierson, is litigating the case in coordination with co-lead class counsel, the Department of Justice, and several state attorneys general. Litigation against Apple is ongoing.

- *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, MDL 2109 (N.D. Ill.).  Cohen Milstein is one of two firms serving on the Plaintiffs' Steering Committee in this litigation, which alleges that the two major producers of protein therapies, along with the industry trade association, conspired to restrict the supply of those therapies to direct purchasers.  Due in part to its independent investigation into alleged unlawful conduct in the plasma-derivative protein therapies industry, the Court appointed Cohen Milstein to lead the direct purchaser plaintiffs' litigation efforts.  Mr. Cormier is one of the Cohen Milstein lawyers leading the plaintiffs' charge.  The direct purchaser plaintiffs recently entered into a $64 million class-wide settlement with one of the defendant manufacturers and the trade association.  This settlement has been preliminarily approved.  Litigation continues against the remaining defendant.

- *Nate Pease, et al. v. Jasper Wyman & Son, Inc.*, Civil Action No. 00-015 (Maine Super. Ct., Knox Cty.).  Cohen Milstein successfully represented a class of farmers as lead counsel in a case against four processing companies for participating in a multi-year price fixing and non-solicitation conspiracy.  A Maine jury found defendants liable and ordered them to pay $18.68 million in damages, the precise amount calculated by plaintiffs' expert.  After mandatory trebling and the addition of attorneys' fees and costs, the total amount of the judgment for the plaintiffs was approximately $60 million.

- *Keepseagle v. Vilsack*, No.1:99-cv-03119 (D.D.C.).  Cohen Milstein served as lead counsel for a class of Native American farmers in an 11-year case against the United States Department of Justice based on discrimination in the federal farm program.   The case settled recently for $760 million in damages and debt forgiveness.  The District Court described the settlement and relief secured as "historic" and "groundbreaking."   The court also observed that it was "probably the best negotiated agreement that this court has seen in its experience" and that

MᴄEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, ʟʟᴘ

Page 11

Cohen Milstein "demonstrated the highest level of skills and professionalism." Transcript of Fairness Hearing, Apr. 28, 2011 at 24-25,45,46,49.

- *In re Rubber Chemicals Antitrust Litigation*, No.C04-1648 (N.D. Cal.).  Cohen Milstein served as co-lead counsel in a price-fixing case on behalf of direct purchasers of chemicals used in the manufacture of rubber products.  Settlements in the case totaled approximately $320 million.

- *In re Infant Formula Consumer Antitrust Litigation* (multiple state courts).  Cohen Milstein successfully prosecuted price-fixing cases on behalf of indirect purchasers in 17 states under state antitrust laws against three companies that conspired to drive up the price of infant formula.   The cases resulted in settlements of more than $64 million on behalf of purchasers of infant formula.\

In addition to Cohen Milstein's expertise and success in prosecuting antitrust and other class action litigation, the firm has demonstrated a commitment to litigation that protects consumers or otherwise serves the public interest.  The firm has been selected by Attorneys General in the States of Pennsylvania, Indiana, Arizona, Nevada, and Mississippi as counsel in major litigation seeking to redress injuries to the States and their consumers.  Cohen Milstein has received the National Legal Aid and Defender Association's Beacon of Justice Award for its *pro bono* representation.  In January 2011, Cohen Milstein was selected by the *National Law Journal* as one of "six firms that best reflect the pro bono tradition."   Professor David B. Wilkin of Harvard Law School has written that "[f]irms such as Cohen Milstein...are organized around a broader social justice mission that is reflected in the areas in which they practice, their significant commitment to pro bono, and in the backgrounds and commitments of their lawyers."  David B. Wilkins, *Rethinking the Public-Private Distinction in Legal Ethics: The Case of "Substitute" Attorneys General*, 2010 Mich. St. L. Rev.423, 446 (2010).

The attorneys from Cohen Milstein who have worked and will continue to work on this case include Kit Pierson, who is co-chair of the Antitrust Practice Group at Cohen Milstein.  His

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 12

work has included representation of Fortune 500 corporations, leading national associations such as the American Psychological Association, and both corporate and individual plaintiffs in significant antitrust and complex litigation across the United States, including major antitrust class action litigation.  This work has included significant representations on behalf of both plaintiffs and defendants.  As a shareholder at Heller Ehrman LLP from 1997-2008, Mr. Pierson represented clients such as Microsoft Corporation and 3M Company in major antitrust class action matters.  He has been selected as co-lead class counsel in direct purchaser antitrust matters such as the *E-Books* litigation in the Southern District of New York and the *Ductile Iron Pipe Fittings Antitrust Litigation* in the District of New Jersey.  Mr. Pierson has been named as a Washington, D.C. "Super Lawyer" in the antitrust field.  He was the Chair of Heller Ehrman's national *pro bono* practice from 2006-2008 and has been the Chair of Cohen Milstein's *Pro Bono* Committee since 2009.  He graduated *magna cum laude* from the University of Michigan Law School class of 1983, where he served as a Note Editor on the *Michigan Law Review*.  He then served as a law clerk for the Honorable Judge Harry T. Edwards of the United States Court of Appeals for the District of Columbia Circuit and the Honorable Chief Judge John Feikens of the United States District Court for the Eastern District of Michigan.

Manuel John Dominguez, will also work on this matter.  Mr. Dominguez has been representing plaintiffs in antitrust matters for more than 15 years.  He is currently lead counsel in *Wallach v. Eaton, Inc.*, No. 10-cv-260 (D. Del.) (the "Class 8 Truck Transmissions" litigation.  Mr. Dominguez has been involved in a significant number of high stakes high profile matters that have led to consumers recovering hundreds of millions of dollars.  Along with his litigation responsibilities Mr. Dominguez is co-chair of Cohen Milstein's Diversity Committee and the

# MᴄEʟʀᴏʏ, Dᴇᴜᴛꜱᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, ʟʟᴘ

Page 13

firms New Case Committee.  Mr. Dominguez's legal career began in the Florida Attorney General's office Department of Economic Crimes.  He graduated from Florida State University College of Law with Honors.  Mr. Dominguez has been recognized by the Legal Aid Society of Palm Beach County for his participation in their pro bono program.

**Freed Kanner**: Freed Kanner is one of the nation's premier plaintiffs' class action practices.  Over the past 35 years, Freed Kanner's founding partners – who previously were principals and partners at Much Shelist Freed Denenberg Ament & Rubenstein, P.C. – have frequently been selected by courts across the country to act as co-lead counsel in direct-purchaser, antitrust-class-action cases.  Freed Kanner has recovered more than $2 billion for class plaintiffs in cases in which it has been in a leadership position.  *See* Freed Kanner Firm Resume, attached as Exhibit B.

Freed Kanner's attorneys are among the pioneers and leaders in the class action field, having led major antitrust, consumer fraud, securities, unlawful business practices and insurance fraud cases for decades.  For 2013, Chambers USA once again recognized Freed Kanner to be "widely regarded as one of the leading names in [Illinois] for plaintiff class action work, with all four named partners practicing in that area" and further noted that "[t]he 'outstanding' Michael Freed remains one of the deans of the plaintiff bar in the state and garners much praise from the market for his courtroom presence and all-around ability."[6]

The Freed Kanner lawyers primarily responsible for this litigation will be led by partner Steven A. Kanner, and the firm's team will include partners Michael J. Freed and Michael E. Moskovitz.  Mr. Kanner began his career with the Federal Trade Commission, developing his

---

[6]     http://www.chambersandpartners.com/12471/363/Editorial/5/1#140851_editorial

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Page 14

litigation skills over a broad range of consumer affairs matters.  He has been in private practice

for more than 30 years.  He has been designated as an Illinois Super Lawyer by Chicago

Magazine, and he is a frequent lecturer both domestically and internationally on antitrust and

trade regulation.  Mr. Freed began his career at the Department of Justice Antitrust Division,

litigating a broad range of civil and criminal antitrust matters.  Mr. Freed has led some of the

largest, civil antitrust cases including *In re Brand Name Prescription Drugs Antitrust Litigation*

and *In re High Fructose Corn Syrup Antitrust Litigation.*  Chicago Magazine has named Mr.

Freed an Illinois Super Lawyer, Leading Lawyer's Network has named Mr. Freed an Illinois

Leading Lawyer by the Leading Lawyer's Network, and Chamber's International has named Mr.

Freed one of the top plaintiffs' antitrust lawyers in Illinois.  Additionally, the Chicago Appleseed

Fund for Justice honored Mr. Freed in March 2007 by for his exceptional pro bono efforts.

Finally, Mr. Moskovitz has been litigating antitrust class-action cases for more than a decade.

After graduating from New York University School of Law but before joining Much Shelist

Freed, Mr. Moskovitz began his career litigating civil cases.  Mr. Moskovitz is actively involved

in *The Sedona Conference's* Working Group 1, which is focused on electronic document

retention and production.

Currently Freed Kanner is serving as co-lead counsel in the massive *Automotive Parts*

*Antitrust Litigation* (MDL 2311, pending in E.D. Mich.) and *In re Kleen Prods. LLC, et al. v.*

*Packaging Corp. of America, et al..*, No. 10-5711 (N.D. Ill.).  Freed Kanner's significant antitrust

achievements include the following:

- *In re Brand Name Prescription Drugs Antitrust Litigation*, MDL No. 997 (N.D.
  Ill.): Freed Kanner attorneys were co-lead counsel in this antitrust price-fixing

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 15

class action.  After years of hard-fought litigation, the case settled, and Freed Kanner attorneys and their co-counsel obtained approximately $715 million for the plaintiff class.

- *In re: High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087 (C.D. Ill): Along with Kaplan Fox, Freed Kanner attorneys were co-lead counsel in this antitrust price-fixing class action against major manufacturers of high fructose corn syrup.  The case was initially dismissed at the district court level on a granted summary judgment only to be reversed by the U.S. Court of Appeals for the Seventh Circuit.  After years of litigation, co-lead counsel obtained $531 million for the plaintiff class.  At the close of the hearing where counsel fees were approved, Judge Michael M. Mihm stated: "I've said many times during this litigation that you and the attorneys who represent the defendants here are as good as it gets. Very professional. At least in my presence or in my contacts with you, you've always been civil. You've always been cutting to the chase and not wasting my time or each other's time or adding to the cost of the litigation."

- *In re Hydrogen Peroxide Antitrust Litigation*, MDL No. 1682 (E.D. Pa.): Mr. Kanner was co-lead counsel in this antitrust price-fixing class action against hydrogen peroxide producers.  After years of litigation, co-lead counsel obtained settlements in excess of $97 million for the plaintiff class. In approving the Plaintiffs' motion for an award of attorneys' fees and expenses, Judge Stewart Dalzell lauded co-lead counsel by stating: [t]he "skill and efficiency of the attorneys involved" is of a very high order indeed, and as we noted at the fairness hearing yesterday, we have been impressed that these attorneys have prosecuted this matter vigorously against seasoned opponents without needlessly distracting the Court with discovery disputes."

In addition to the above matters, Freed Kanner has served, or is currently serving, as lead or co-lead in a number of high-stakes antitrust class actions.  *See, e.g., In re Automotive Wire Harness Systems Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) (appointed as co-lead counsel for direct purchasers of Wire Harness Products); *In re Kleen Prods. LLC, et al. v. Packaging Corp. of America, et al..*, No. 10-5711 (N.D. Ill.) (appointed as co-lead counsel for direct purchasers of containerboard products); *In re Linerboard Antitrust Litigation*, MDL 1261

**McElroy, Deutsch, Mulvaney & Carpenter, llp**

Page 16

(E.D. Pa.) (over $200 million recovered); *In re Vitamins Antitrust Litigation*, MDL 1285 (D.D.C.) (over $1.3 billion recovered); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL 1486 (N.D. Cal.) (over $300 million recovered); *In re Rubber Chemicals Antitrust Litigation*, MDL 1648 (N.D. Cal.) (over $300 million recovered); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, MDL 1542 (D. Conn.) (over $87 million recovered); *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL 1819 (N.D. Cal.) (over $76 million recovered); *In re Infant Formula Antitrust Litigation*, MDL 878 (N.D.Fla.) ($126 million recovered); *In re Urethan Chemicals Antitrust Litigation*, MDL 1616 (D. Kan.) (appointed co-lead counsel; $33 million recovered); *In re Flat Glass Antitrust Litigation (No. II)*, MDL 1942 (W.D. Pa.) (appointed co-lead counsel; over $22 million recovered).

**<u>Kaplan Fox</u>**: For more than 40 years, Kaplan Fox has been a leader in representing those injured by violations of antitrust law, earning widespread recognition for effective handling of antitrust actions.  As detailed in the Firm Resume attached here as Exhibit C, with offices in New York, New Jersey, San Francisco and throughout the United States, Kaplan Fox is regularly chosen by courts across the nation to act as lead or co-lead counsel in antitrust class actions, and the firm has been appointed to fulfill critical roles on the steering or executive committees of numerous antitrust actions in the last four decades.  Kaplan Fox has been involved in some of the largest and most important antitrust cases in history, litigating issues which resulted in changes in antitrust law, and collectively recovering over $1 billion for those injured by antitrust violations.

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 17

Kaplan Fox is also highly experienced in other types of class action litigation, including acting as lead or co-lead counsel in securities cases such as *In re Bank of America Securities, Derivative & Employment Retirement Income Security Act (ERISA) Litigation*, 09-MD-2058 (S.D.N.Y.) (PKC), where the firm and its co-counsel recently secured a landmark $2.43 billion settlement on behalf of Kaplan Fox's institutional clients and other class members, earning the firm inclusion in *The National Law Journal's* Litigation Boutique Hot List in 2012.  *See* Exhibit D.

The Kaplan Fox lawyers primarily responsible for this litigation will be led by partner Robert N. Kaplan, and the firm's team will include partners Richard J. Kilsheimer and Gregory K. Arenson and senior associate Lauren I. Dubick.  Following a clerkship with a federal judge in the Southern District of New York, Mr. Kaplan started his legal career as a trial attorney with the Antitrust Division of the U.S. Department of Justice, honing his litigation skills in a broad variety of civil and criminal antitrust matters; his public service also includes service as a local judge in Westchester County, New York, and Mr. Kaplan has long been active in the Federal Bar Council, a leading organization of lawyers practicing in federal courts throughout the Second Circuit.  Mr. Kaplan – also recognized as a leader in the securities field, where he regularly represents sophisticated institutional investors in complex class and opt-out litigation – has decades of experience litigating antitrust cases.  Messrs. Kilsheimer and Arenson are similarly experienced in complex antitrust litigation.  Following his clerkship with the Hon. Lloyd F. McMahon, formerly Chief Judge of the Southern District of New York, Mr. Kilsheimer joined Kaplan Fox and has focused his practice almost exclusively on complex antitrust matters.  Mr. Arenson – regularly sought out by co-counsel looking to capitalize on his highly-regarded

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 18

grounding in economics – has decades of experience representing both plaintiffs and defendants

in complex litigation, and he currently serves as chair of the New York State Bar Association's

Commercial and Federal Litigation Section.   Ms. Dubick began her career clerking for the Hon.

Ann Aldrich of the Northern District of Ohio.   Before joining Kaplan Fox, she served as a trial

attorney for the Antitrust Division of the U.S. Department of Justice.

Kaplan Fox's significant antitrust achievements include the following:

- *In re: High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087 (C.D. Ill.): Kaplan Fox was one of three co-lead counsel appointed to represent a class of direct purchasers alleging that the Archer Daniels Midland Company and a number of its competitors conspired to fix the price of high fructose corn syrup. Kaplan Fox was actively involved in all aspects of this case from its inception through to the eve of trial.  In particular, after the district court granted summary judgment for the defendants, Kaplan Fox partner Gregory Arenson successfully argued the case before the U.S. Court of Appeals for the Seventh Circuit, with Judge Posner writing a seminal antitrust law opinion reversing the trial court's decision.  See In re High Fructose Corn Syrup Antitrust Litig., 295 F.3d 651 (7th Cir. 2002). The case later settled shortly before trial, and Kaplan Fox and its co-counsel obtained $531 million in total settlements for the class.

- *In re Flat Glass Antitrust Litigation*, MDL 1200 (W.D. Pa.):  Kaplan Fox was co-lead counsel in this antitrust action against the leading manufacturers of flat glass (used in everything from house windows to car windshields).   The firm was significantly involved in all aspects of the case, including Kaplan Fox partner Robert Kaplan's successful argument before the U.S. Court of Appeals for the Third Circuit, which issued a groundbreaking summary judgment opinion that is routinely cited in antitrust cases throughout the federal courts.  *See In re Flat Glass Antitrust Litig.*, 385 F.3d 350 (3d Cir. 2004).  Flat Glass settled shortly before trial was slated to start, and Kaplan Fox and its co-counsel recovered a total of $121 million in settlements for the class.

- *In re Air Cargo Shipping Services Antitrust Litigation*, 06-md-1775 (E.D.N.Y.): Kaplan Fox has been appointed by the court as co-lead counsel for direct purchasers of air cargo shipping services in this pending antitrust class action against the world's major providers of air cargo shipping services.   To date, Kaplan Fox and its co-counsel have recovered nearly $500 million in settlements for the proposed class.  As co-lead counsel, Kaplan Fox is actively involved in all aspects of this complicated case, which has included extensive discovery and

MᶜEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, ʟʟᴘ

Page 19

> lengthy briefing on class certification.  In awarding attorneys' fees to Kaplan Fox and its co-counsel, Judge Gleeson noted that "[t]his litigation is irrefutably complex" and "Counsel are highly experienced practitioners in complex litigation generally and antitrust litigation specifically."  *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL 1775, 2011 WL 2909162 at *6 (E.D.N.Y. July 15, 2011).

- *In re NBR Antitrust Litig.*, Master Docket No. 03-1898 (W.D. Pa.):  Kaplan Fox was appointed as co-lead counsel for direct purchasers in an antitrust action alleging that various U.S., European, and Japanese rubber producers had conspired to artificially raise, maintain, or stabilize the prices of acrylonitrile-butadiene rubber ("NBR").  Kaplan Fox and its co-counsel were actively involved in all aspects of this litigation, obtaining $34.3 million in settlements for the class.

In addition to the above matters, Kaplan Fox has served, or is currently serving, as lead or co-lead in a number of high-stakes antitrust class actions.  *See, e.g.*, *In re High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087, Master File No. 95-1477 (C.D. Ill) ($531 million recovered); *In re Brand Name Prescription Drugs Antitrust Litigation*, MDL 997 (N.D. Ill.) (over $720 million recovered); *In re Infant Formula Antitrust Litigation*, MDL 878 (N.D.Fla.) ($126 million recovered); *In re Hydrogen Peroxide Antitrust Litigation*, MDL 1682 (E.D. Pa.) ($97 million recovered); *In re Plastics Additives Antitrust Litigation*, 03-CV-1898 (E.D. Pa.) ($46.8 million recovered); *In re Medical X-Ray Film Antitrust Litigation*, CV 93-5904 (E.D.N.Y.) ($39.6 million recovered); *In re: Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation*, 12-cv-711 (D.N.J.) (pending before Judge Thompson) (appointed as co-lead counsel for direct purchasers of DIPF in an antitrust action alleging a conspiracy to fix, raise, maintain and stabilize prices for DIPF); *In re: Pool Products Distribution Market Antitrust Litigation*, MDL 2328 (E.D. La.) (appointed member of four-firm plaintiffs' executive committee in antitrust case involving a conspiracy to artificially inflate the prices of pool products); *In re: Neurontin Antitrust Litigation*, MDL 1479 (D.N.J.) (pending before Judge

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 20

Hochberg) (appointed as co-lead counsel for direct purchasers of gabapentin anhydrous in a complex antitrust class action).

**McElroy Deutsch**: The McElroy Deutsch attorney primarily responsible for the litigation will be Lewis Goldfarb who will be assisted by Partner Albert Pucciarelli and associate Lauren Fenton-Valdivia.  McElroy Deutsch is the largest firm in the state of New Jersey and is recognized as a leader in the New Jersey legal community.  McElroy Deutsch has three offices in New Jersey, including one in the Gateway Center in Newark, and its attorneys routinely practice before the United States District Court for the District of New Jersey.  As discussed more fully in Exhibit E, McElroy Deutsch has significant experience in class action litigation and is currently serving as plaintiffs' counsel in the massive *Automotive Parts Antitrust Litigation* (MDL 2311, pending in E.D. Mich.).

Mr. Goldfarb previously served for 12 years at the Federal Trade Commission, first as a trial attorney, then as assistant director of the Bureau of Consumer Protection in charge of the Division of Consumer Financial Services.  He also served as the task force director for the Board of Governors of the Federal Reserve Board drafting regulations to implement the Equal Credit Opportunity Act.

Mr. Goldfarb thereafter joined DaimlerChrysler Corporation and served as Vice-President, Associate General Counsel, and Chief Antitrust Lawyer.  He was in charge of the company's class action litigation and was the architect of its highly successful class action defense program. He has authored several articles, lectured frequently and has been quoted widely in business and industry press on strategies for countering abusive class actions. He was

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Page 21

also responsible for the DaimlerChrysler's regulatory compliance in the areas of antitrust, advertising, franchising, consumer protection, environmental and motor vehicle safety.

He was appointed by the United States Trade Representative during the Clinton Administration to serve as an Article 19 arbitrator under the North American Free Trade Agreement.  He presided over several arbitration proceedings pursuant to that assignment.  He is a certified mediator and has been involved in mediations and arbitrations involving class action and individual product liability claims.  Mr. Goldfarb is a former partner at Hogan & Hartson where his practice focused on class action defense and a variety of regulatory areas, including antitrust, consumer protection, financial services, and product safety.  Mr. Goldfarb is a member of the Bars of New York, the District of Columbia, Virginia, and Michigan.  Mr. Goldfarb is routinely admitted to practice *pro hac vice* in the United States District Court for the District of New Jersey.

Mr. Pucciarelli previously served as Executive Vice President and General Counsel of InterContinental Hotels.   His practice is concentrated in the areas of hotel and resort development and operations, aviation law, general corporate law and real estate law.

After graduating from Seton Hall Law, Ms. Fenton-Valdivia clerked for the Honorable Thomas M. Moore, J.S.C. in the Superior Court of New Jersey and thereafter joined McElroy Deutsch's Morristown Office as an associate in the firm's Commercial Litigation group.  She is presently admitted to the Bars of the State of New Jersey, the United States District Court for the District of New Jersey, and the State of New York.

**McElroy, Deutsch, Mulvaney & Carpenter, llp**

Page 22

### 3. The Proposed Leadership Structure is Further Supported by "the Resources Counsel Will Commit to Representing the Class"

The firms proposed for the leadership structure in this case have the resources required to litigate this case and a demonstrated history of pursuing class litigation zealously against well-funded defendants. Each of the proposed lead counsel firms is a leader in the antitrust class action field. Both individually and collectively, these firms have the resources to represent the putative class effectively. Their commitment to doing so is already reflected in the substantial and collaborative efforts they have undertaken to investigate, analyze and prepare the claims at issue here.

### 4. Other Considerations Also Support the Proposed Leadership Structure

Moreover, and of particular significance, all Direct Purchaser Plaintiffs' counsel have unanimously agreed on a leadership structure to present to the Court, and the proposed leadership group emerged through a comprehensive "private ordering" process. The Third Circuit Task Force Report on Selection of Class Counsel states "that there is generally no reason to hold an auction when the court is presented with qualified counsel who has been chosen through private ordering." Report: *Third Circuit Task Force on Selection of Class Counsel*, 208 F.R.D. 340 at 417 . Such cooperation among counsel is strongly encouraged by the *Manual* (*see*, *e.g.*, *Manual* §§ 10.22, 21.272), and will result in optimal representation here for the Direct Purchaser Plaintiffs and the class members.

Appointing the Direct Purchaser Plaintiffs' proposed leadership group would thus reflect the consensus of all of those whose interests are affected – a consensus that is entitled to judicial deference. *See*, *e.g.*, *In re Foundry Resins Antitrust Litig.*, Case No. 2:04-md-1638 [Docket No.

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Page 23

25] (S.D. Ohio Dec. 10, 2004) (noting, in appointing four interim lead counsel, that the firms had

garnered the support of the majority of the plaintiffs) (Exhibit F).  In addition, appointment of

three firms to serve as co-lead counsel is well-supported by the Third Circuit Task Force on

Selection of Class Counsel.  *Report: Third Circuit Task Force on Selection of Class Counsel*,

208 F.R.D. 340, 416 (3d Cir. 2002) ("the court should be cognizant of the possibility that the

class could benefit from the combined resources and expertise of a number of counsel, especially

in a complex case where the defendants are represented by a number of large and highly

qualified law firms.").  Here, the proposed leadership structure is well-suited to the particular

circumstances of this litigation, which will require a team of law firms of sufficient size with the

resources necessary to prosecute this complex action against multiple well-financed defendants

that are located in Asia, Europe and the United States, and that are represented by large, high-

quality defense firms.

The firms comprising the Direct Purchaser Plaintiffs' proposed leadership group have

already demonstrated the type of leadership that will benefit the direct purchasers of vehicle

carrier services by avoiding conflicts and duplication of effort by privately organizing their three

cases and counsel, as provided for by the *Manual*.  As a result of their private ordering efforts,

Proposed Interim Co-Lead and Liaison Counsel have been able to present this comprehensive

Rule 23(g) leadership application to the Court.

The *Manual* also discusses the role and function of liaison counsel.  The *Manual*

describes liaison counsel as being "[c]harged with essentially administrative matters, such as

communications between the court and other counsel (including receiving and distributing

notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel

# McElroy, Deutsch, Mulvaney & Carpenter, llp

Page 24

advising parties of developments, and otherwise assisting in the coordination of activities and positions." *Manual* § 10.221.  As noted in the *Manual*, because of the type of responsibilities that are undertaken, liaison counsel usually has an office in the same location as the court.  *Id*.

As discussed above, proposed Interim Co-Lead Counsel and Liaison Counsel are law firms that have investigated and crafted the claims at issue in these cases and have been dealing with the defendants' counsel.  This proposed leadership team will be able to bring its experience with antitrust and class action cases, including many with an international scope, and the issues involved in such litigation, to bear in prosecuting these actions.  As a result, the Direct Purchaser Plaintiffs' proposed leadership group represents the best choice to lead the direct purchaser actions and to protect the interests of the class.

## CONCLUSION

Appointing Cohen Milstein, Freed Kanner, and Kaplan Fox as Interim Co-Lead Counsel, and McElroy Deutsch as Liaison Counsel, will ensure that this antitrust action against many large, well-financed international corporate defendants, ably defended by skilled counsel from major law firms, will be directed by capable, well-capitalized, and experienced counsel with the demonstrated capacity to efficiently organize, prosecute, and finance large-scale, complex litigation such as this proceeding.  Therefore, Direct Purchaser Plaintiffs respectfully request that the Court appoint Cohen Milstein, Freed Kanner, and Kaplan Fox as Interim Co-Lead Counsel, and McElroy Deutsch be appointed Liaison Counsel, for the direct purchasers of vehicle carrier services.

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Page 25

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

/s/ Lauren Fenton-Valdivia

Lauren Fenton-Valdivia (035112011)
Lewis H. Goldfarb (LG5470)
Albert J. Pucciarelli (AP1040)
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
Telephone: (973) 241-4224
LValdivia@mdmc-law.com
lgoldfarb@mdmc-law.com
apucciarelli@mdmc-law.com
*Proposed Direct Purchaser Liaison Counsel*

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 26

Manual John Dominguez
Christopher J. Cormier
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Blvd  Suite 204
Palm Beach Gardens, FL 33410
Telephone: (561) 833-6575
jdominquez@cohenmilstein.com

Kit Pierson
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com

Steven A. Kanner
Michael J. Freed
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
skanner@fklmlaw.com

Robert N. Kaplan
Richard J. Kilsheimer
Gregory K. Arenson
Lauren I. Dubick
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
rkaplan@kaplanfox.com
rkilsheimer@kaplanfox.com
garenson@kaplanfox.com
ldubick@kaplanfox.com

William J. Pinilis
KAPLAN FOX & KILSHEIMER LLP
160 Morris Street
Morristown, NJ 07960
Telephone: (973) 656-0222
wpinilis@kaplanfox.com

*Proposed Direct Purchaser Interim Co-Lead Counsel*

MᴄEʟʀᴏʏ, Dᴇᴜᴛsᴄʜ, Mᴜʟᴠᴀɴᴇʏ & Cᴀʀᴘᴇɴᴛᴇʀ, ʟʟᴘ

Page 27

Solomon B. Cera
C. Andrew Dirksen
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 777-2230
scera@gbcslaw.com
cdirksen@gbcslaw.com

Joseph C. Kohn
Douglas A. Abrahams
William E. Hoese
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
jkohn@kohnswift.com
dabrahams@kohnswift.com
whoese@kohnswift.com

Lee Albert
Gregory B. Linkh
GLANCY BINKOW & GOLDBERG, LLC
122 East 42nd Street – Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
lalbert@glancylaw.com
glinkh@glancylaw.com

W. Joseph Bruckner
Heidi M. Silton
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
Telephone: (612) 339-6900
wbruckner@locklaw.com
hmsilton@locklaw.com

Gregory P. Hansel
Randall B. Weill
Michael Kaplan
Jonathan G. Mermin
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU &
PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
ghansel@preti.com
rweill@preti.com
mkaplan@preti.com
jmermin@preti.com
msmith@preti.com

Eugene A. Spector
Jeffrey J. Corrigan
Jay S. Cohen
Rachel E. Kopp
SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
espector@srkw-law.com
jcorrigan@srkw-law.com
jcohen@srkw-law.com
rkopp@srkw-law.com

*Additional Direct Purchaser Counsel*