# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW
PARK 80 WEST - PLAZA ONE ▪ 250 PEHLE AVENUE, SUITE 401 ▪ SADDLE BROOK, N.J. 07663
201-845-9600 ▪ FAX 201-845-9423

General E-mail: clphk@njlawfirm.com
Internet Address: www.njlawfirm.com

Peter S. Pearlman, Esq.
psp@njlawfirm.com
Direct Dial: 551-497-7131
Cell: 201-709-0597

December 10, 2013

The Honorable Esther Salas
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

      Re:    *In Re: Vehicle Carrier Services Antitrust Litigation*
             MDL No. 2471, Case No. 2:13-cv-03306-ES

Dear Judge Salas,

      I am writing on behalf of Automobile Dealers (identified below) whose lawsuit was recently transferred to this Court by the Judicial Panel on Multidistrict Litigation. These six automobile dealers – Plaintiffs Martens Cars of Washington, Inc.; Hudson Charleston Acquisition, LLC d/b/a Hudson Nissan; John O'Neil Johnson Toyota, LLC; Hudson Gastonia Acquisition, LLC; HC Acquisition, LLC d/b/a Toyota of Bristol; and Desert European Motorcars, Ltd. – are indirect purchasers of vehicles that were manufactured overseas and then shipped by Defendants to the United States, who then resold them to a second class of indirect purchasers ("End Payors"). Of the 18 class action complaints that have been filed directly in this Court or transferred here by the JPML, the one filed by our clients is the only one brought by automobile dealers.

      Automobile Dealers and End Payors both assert claims against Defendants for fixing prices of oceanic shipping of cars, trucks, construction equipment, and other products in violation of federal and state antitrust laws and state consumer protection laws. However, their claims are distinct, and while the Automobile Dealers and End Payors can and will cooperate on

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 2

many aspects of the case, including discovery, there are several potential conflicts between them, necessitating separate leadership for each group. To that end, I and the other attorneys representing Automobile Dealers have agreed that Jonathan W. Cuneo of Cuneo Gilbert & LaDuca LLP; Don Barrett of Barrett Law Group, P.A.; and Shawn M. Raiter, Esq. of Larson • King, LLP should serve as Interim Co-Lead Counsel and I as Liaison Counsel for Automobile Dealers and the putative Classes (as defined in the Complaint filed on June 12, 2013). I have acted in the capacity of liaison counsel on a number of national class actions and my firm has extensive experience in this practice area. (Pearlman Dec.). The proposed Interim Co-Lead Counsel are equally experienced and qualified to serve in this role, as discussed herein.

I.  **There Are Potential Conflicts Within The Classes Of Indirect Purchasers Requiring Appointment Under Rule 23(g) Of Interim Lead Counsel For The Automobile Dealers.**

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In large proposed class actions such as this one, courts routinely appoint interim class counsel to coordinate prosecution of the matter for plaintiffs. *See* H. Newberg & A. Conte, *Newberg on Class Actions*, § 9.35 at 9-99 (3rd ed. 1992) ("it is almost standard practice for the court to issue an order at an early stage."). "[S]eparate putative classes should be maintained . . . [where] two classes may be differently positioned at various stages of the litigation, creating a potential conflict in their joint representation." *In re LIBOR-Based Financial Instruments Antitrust Litigation* ("*Libor*"), No. 11 MD 2262 NRB, 2011 WL 5007957, *2-3 (S.D.N.Y. Oct. 18, 2011).

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 3

There are a number of potential conflicts between the two groups of indirect purchasers in this case. As in *Libor*, different issues related to standing may arise for the Automobile Dealers and End Payors, and the putative classes may have competing interests in settlement negotiations. *See id* at *2. They may also have conflicts regarding how to distribute any settlement or judgment funds. Finally, conflicts may arise regarding whether and how illegal overcharges were passed on from the Automobile Dealers to the End Payors and whether the pass-through defense is valid under the laws of the various states. In light of these separate interests or potential conflicts, other courts have appointed different lead counsel for each type of plaintiff:

> A far more commonsense approach is to divide plaintiffs into two putative classes and appoint interim lead counsel for each class. There is ample precedent for this approach at the pre-certification stage. In fact, the framework has been adopted specifically in the context of antitrust cases in which there are two distinct groups of plaintiffs, one of whom more "directly" interacted with the defendants than the other.

*Id*. at *3 (citing *In re Korean Air Lines Co. Antitrust Litig.*, 642 F.3d 685, 690 (9th Cir. 2011); *In re Packaged Ice Litig.*, No. 08 Md.1952, 2009 WL 1518428, at *1 (E.D.Mich. June 1, 2009); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 587 F.Supp.2d 27, 29 (D.D.C. 2008)).

The separate interests of, or potential conflicts between, Automobile Dealers and End Payors have already been recognized in the selection of lead counsel in over twenty auto parts antitrust cases, with good results. Class action lawsuits on behalf of these indirect purchasers are currently pending in the Eastern District of Michigan against numerous auto parts manufacturers for violations of the same antitrust laws at issue in this litigation. Recognizing the potential conflicts of interest described above, the district court appointed separate interim lead counsel for

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 4

the different classes of indirect purchasers in each case. *See*, *e.g.*, *In Re: Automotive Wire Harness Systems Antitrust Litig.*, No. 12-md-02311, Order Appointing Interim Co-Lead and Liaison Counsel (Doc. 64 Mar. 23, 2012). Automobile Dealers respectfully request that this Court do the same and, for the reasons set forth below, submit that Messrs. Cuneo, Barrett, Raiter, and Mr. Pearlman, are demonstrably well qualified under Rule 23 to fill these roles.

II.  **Proposed Co-Lead Counsel Of The Automobile Dealer Actions Are Well-Qualified And Satisfy The Rule 23 Prerequisites For Leadership.**

Appointment of multiple lead counsel for a class is appropriate in complex cases such as this one that require a great deal of resources. *See In re Tyco Intern., Ltd.,* 2000 WL 1513772, at *2 (D. N.H. 2000); *In re Oxford Health Plans, Inc. Secs. Litig.*, 182 F.R.D. 42, 46 (S.D. N.Y. 1998). In addition, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). This "clarifies responsibility for protecting the interests of the class during precertification activities." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (*quoting* MANUAL FOR COMPLEX LITIG. (FOURTH) § 21.11 (2004)).

Rule 23 dictates that courts must look to the following factors when considering motions such as this:

(i)   the work counsel has done in identifying or investigating potential claims in the action;

(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the class.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 5

FED. R. CIV. P. 23(g)(1)(A). Counsel must also "fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(4). A review of these factors confirms that Proposed Interim Co-Lead Counsel are well qualified to serve as lead counsel and are "best able to represent the interests of the class" of indirect purchaser Automobile Dealers. FED. R. CIV. P. 23(g)(2).

As previously indicated, counsel for the Automobile Dealers have unanimously agreed on a structure to represent the interests of the members of that putative class. There are a number of well qualified attorneys and firms who could have sought the leadership of the Automobile Dealer cases in their own right. All of them ask that the Court appoint the following as Interim Co-Lead Counsel for the Automobile Dealers:

>Jonathan W. Cuneo, Esq.
>Cuneo Gilbert & LaDuca, LLP
>507 C Street, N.E.
>Washington, DC 20002
>(Declaration of Jonathan W. Cuneo attached as Exhibit "A")
>
>Don Barrett, Esq.
>Barrett Law Group, P.A.
>P.O. Box 927
>404 Court Square North
>Lexington, MS 39095
>(Affidavit of Don Barrett attached as Exhibit "B")
>
>Shawn M. Raiter, Esq.
>Larson • King, LLP
>2800 Wells Fargo Place
>30 East Seventh Street
>St. Paul, MN 55101
>(Declaration of Shawn M. Raiter attached as Exhibit "C")

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 6

Automobile Dealers also propose that the following to serve as Liaison Counsel:

>   Peter S. Pearlman, Esq.
>   Cohn, Lifland, Pearlman, Herrmann & Knopf LLP
>   Park 80 Plaza West-One
>   250 Pehle Ave., Suite 401
>   Saddle Brook, NJ 07663
>   (Declaration of Peter S. Pearlman attached as Exhibit "D")

This "private ordering" process is the preferred and most common method for selecting interim class counsel structures. *In re Cmty. Bank of N. Virginia Mortg. Lending Practices Litig.*, 2011 WL 4382942, at *2 (W.D. Pa. 2011); MANUAL at § 21.272. The unanimous support for this structure demonstrates the already cooperative and collaborative approach taken by counsel in the above-captioned matter, and as discussed in greater detail below, this proposed leadership team is well qualified and prepared to lead the litigation to represent the interests of Automobile Dealers and the more than 20,000 new car dealerships in existence during each year of the conspiracy period.

### A. Proposed Interim Co-Lead Counsel Have Worked to Identify and Investigate Potential Claims in the Action.

Proposed Interim Co-Lead Counsel have already invested significant time and resources in the auto parts litigation discussed above as well in this litigation, preparing the Complaint, responding to the motion to transfer filed with the Judicial Panel on Multidistrict Litigation, and coordinating with opposing counsel on briefing schedules and other matters. Messrs. Cuneo, Barrett, and Raiter (as well as their respective firms, Cuneo Gilbert & LaDuca, LLP; Barrett Law Group, P.A.; and Larson • King, LLP) have investigated the facts and thoroughly researched and analyzed the complex issues that they anticipate will arise in this case. Automobile Dealers'

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 7

counsel have also engaged in numerous conferences to efficiently advance the interests of the putative class members. These lawyers and firms are well aware of the immense factual and legal complexities in this case as well as the large time commitment involved. Knowing these facts, each firm chose to enter this litigation without hesitation, and Proposed Interim Co-Lead Counsel are prepared to invest the time and other resources that are necessary to efficiently bring this litigation to a successful conclusion.

> **B. Proposed Interim Co-Lead Counsel Have Significant Experience Handling Class Actions, Other Complex Litigation, and Claims of the Type Asserted in This Action.**

Proposed Interim Co-Lead Counsel provide a wealth of litigation, leadership, claims resolution, and strategy experience. Each has successfully lead large, multidistrict litigation and has a demonstrated ability to organize and manage large litigation and to do so cooperatively with counsel for all of the involved parties. (*See* Cuneo Dec., Barrett Aff., Raiter Dec.). Other federal courts have recognized as much by appointing these attorneys to leadership positions in other MDLs and class actions. *Id.* This leadership also has extensive trial experience, including trying class actions to verdict, something many attorneys lack.

Cuneo Gilbert & LaDuca, LLP devotes the majority of its practice to the representation of clients involved in antitrust, securities, corporate governance, consumer protection, and products liability complex and class action litigation. (Cuneo Dec.). The firm has achieved success for a range of clients by: helping to recover billions of dollars in shareholder litigation, obtaining compensation for Holocaust survivors, working to recover hundreds of millions of dollars for homeowners with defective construction materials, and, in several jurisdictions, ending the practice of jails subjecting minor law violators to unnecessary strip searches. *Id.* The

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 8

firm has years of experience litigating and prosecuting complex class action such as this case, including such cases as the *Enron Securities Litigation* where more than $7 billion was recovered for defrauded investors and CertainTeed's defective organic shingles litigation where the firm served as Co-lead Counsel in an MDL that secured a settlement valued at more than $700 million. *Id.*

Don Barrett and the Barrett Law Group, P.A. also have vast experience litigating and trying complex class actions. (Barrett Aff.). Mr. Barrett maintains a nationwide complex civil litigation practice, including antitrust class action litigation and has significant experience shepherding large scale class actions to successful conclusions. *Id.* He has served as lead counsel or as a member of the executive committee in numerous antitrust class action cases and has the valuable, and rare, experience of successfully trying several certified class actions to verdict. *Id.*

Shawn Raiter of Larson • King, LLP is also well qualified to serve as co-lead counsel. (Raiter Dec.). Mr. Raiter handles complex and class action litigation and has been recognized in *The Best Lawyers in America* for handling plaintiffs' class action and mass tort litigation. *Id.* He has been selected or appointed to serve as lead or co-lead counsel and other leadership positions in a number of multidistrict litigations including: *In re Zurn Pex Plumbing Litig.*, MDL No. 1958 (D. Minn.) (Lead Counsel); *In re Uponor, Inc. F1807 Plumbing Prods. Liab. Litig.*, MDL No. 2247 (D. Minn.) (Lead Counsel); *In re Building Materials Corp. of Amer. Asphalt Roofing Shingle Prods. Liab. Litig.*, MDL No. 2283 (D.S.C.) (Co-Lead Counsel); *In re Kitec Plumbing System Prods. Liab. Litig.*, MDL No. 2098 (N.D. Tex.) (Plaintiffs' Executive Committee); and *In Re: Baycol Prods. Liab. Litig.*, MDL No. 1431 (D. Minn.) (lead firm attorney as Plaintiffs'

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 9

Liaison Counsel). *Id.* Mr. Raiter has also served as lead or co-lead counsel on behalf of the plaintiffs in numerous class actions. *Id.*

Since Larson • King, LLP was founded just over 10 years ago, the firm has recovered more than $1.6 billion for clients. (Raiter Dec.). This amount reflects money actually paid to the clients, not settlement funds merely made available to claimants. *Id*. The firm has also tried class action lawsuits to verdict and Mr. Raiter has substantial jury trial experience as well. *Id.*

### C.  Proposed Interim Co-Lead Counsel Have Significant Antitrust Experience.

Jonathan Cuneo and Cuneo Gilbert & LaDuca, LLP have particularly deep antitrust experience. (Cuneo Dec.). Mr. Cuneo previously worked as an attorney in the Office of the General Counsel of the Federal Trade Commission and worked as counsel to the Subcommittee on Monopolies and Commercial law of the U.S. House of Representative's Committee on the Judiciary. *Id.* He also serves as General Counsel and Legislative Representative of the Committee to Support the Antitrust Laws and previously served as General Counsel of the National Association of Shareholder and Consumer Attorneys. *Id.* He is the co-editor of the textbook, THE INTERNATIONAL HANDBOOK OF PRIVATE ENFORCEMENT OF COMPETITION LAW (Edward Elgar Publishing Inc., 2010). *Id.* Finally, Mr. Cuneo is interim co-lead counsel in *In re Automotive Parts Antitrust Litigation*, MDL No. 2311, representing a putative class of thousands of automobile dealers bringing 12 separate complaints stemming from the largest investigation in the history of the U.S. Department of Justice's Antitrust Division, and *Los Gatos Mercantile, Inc., et al., v. E.I. Dupont De Nemours and Company, et al.*, No. 3:13-cv-01180-WHO (N.D. Cal.), representing a putative class of countless indirect purchasers of titanium dioxide in a case alleging violations of federal and state antitrust and consumer protection laws. *Id.*

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 10

Also working on the present litigation at Mr. Cuneo's firm is Joel Davidow, one of the country's most experienced and distinguished antitrust lawyers.  (Cuneo Dec.).  Mr. Davidow worked at the U.S. Federal Trade Commission, followed by 15 years in the Antitrust Division of the Department of Justice, where he eventually served as Chief of the Foreign Commerce Section and then Director of Policy and Planning.  *Id.*  Mr. Davidow has been a partner in several firms that advised and represented major corporations.  *Id.*  Mr. Davidow has been an adjunct Professor of Law at George Washington University School of Law, Columbia Law School, Georgetown Law Center, American University Law School, and George Mason University Law School, where he has taught courses in antitrust, regulation, and international competition policy.  *Id.*  Mr. Davidow is also the author of the ANTITRUST GUIDE FOR INTERNATIONAL BUSINESS ACTIVITIES (BNA, 4th ed. 2011).  *Id.*

Mr. Barrett serves as co-lead counsel with Mr. Cuneo in *In re Automotive Parts Antitrust Litigation* and also *Los Gatos Mercantile, Inc., et al., v. E.I. Dupont De Nemours and Company, et al.*.  He also represented the State of Mississippi in its effort to recover monies lost by Mississippi consumers, and by the state itself, as a result of an alleged price-fixing conspiracy among infant formula manufacturers and was co-counsel for plaintiffs in 13 state court class actions involving this same price-fixing conspiracy.  (Barrett Aff.).  Finally, the Barrett Law Group together with other firms across the country have sued several brand name pharmaceutical manufacturers for engaging in anti-competitive conduct aimed at keeping generic drug manufacturers off the market.  *Id.*

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 11

Mr. Larson also serves as co-lead counsel with Messrs. Cuneo and Barrett in *In re Automotive Parts Antitrust Litigation*. (Raiter Dec.). In addition, he represents plaintiffs in other antitrust matters including: *Los Gatos Mercantile, Inc., et al., v. E.I. Dupont De Nemours and Company, et al.*; *Insulate SB, Inc. v. Abrasive Products & Equipment et al.*, No. 13-cv-02664 ADM/SER ( D. Minn.); and *In Re: Aluminum Warehousing Antitrust Litigation*, MDL No. 2481. *Id*.

This experience demonstrates that Proposed Interim Co-Lead Counsel are well suited to represent Automobile Dealers and the Proposed Classes during the pre-certification process and beyond.

### D. Proposed Interim Co-Lead Counsel Have Sufficient Resources to Advance the Litigation in a Timely Manner.

Each of these firms is capable of committing the resources needed for this litigation during the entirety of its duration. They collectively have 57 lawyers and many more legal support staff. This number does not include Liaison Counsel or other co-counsel who also represent Automobile Dealers in this matter and will be working with Proposed Interim Co-Lead Counsel during this litigation. To be sure, this litigation will be properly staffed with capably experienced attorneys, paralegals, and other legal professionals.

Proposed Interim Co-Lead Counsel are well-established firms with the financial wherewithal to support the litigation comfortably and without stress. Moreover, as stated previously, Proposed Interim Co-Lead Counsel have served in leadership roles in various other antitrust class actions, as well as other complex and resource-intensive litigations, and are knowledgeable about the resources necessary to adequately litigate this type of case. These

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 12

firms and attorneys are also well versed in the various legal issues pertaining to Rule 23 class certification in this type of antitrust case. As demonstrated by Proposed Interim Co-Lead Counsel's work in the other class actions they have successfully prosecuted, they have the necessary resources to prosecute this action and will devote those resources to the prosecution of this action in a manner that best serves the interests of the class members.

## CONCLUSION

Proposed Interim Co-Lead Counsel and their firms' collective experience litigating and managing class action and antitrust lawsuits ensures that they will "fairly and adequately represent the interests of the [proposed] class[es]." FED. R. CIV. P. 23(g)(4). Messrs. Cuneo, Barrett, and Raiter are well respected in their chosen fields, and Automobile Dealers' proposed structure provides the most efficient means of provisioning the necessary legal work, strategy, and decision-making. Having highly experienced Interim Co-Lead Counsel will benefit Automobile Dealers and the Proposed Classes by organizing the prosecution of their claims efficiently and by avoiding disputes and duplication that can arise with a more complex leadership structure. In addition, counsel for all of the Automobile Dealers support entry of the proposed order with the proposed structure. Based on the foregoing, Automobile Dealers respectfully request that this Court enter the attached proposed order granting their motion to appoint Jonathan Cuneo, Don Barrett, and Shawn Raiter as Interim Co-Lead Counsel and Peter Pearlman as Liaison Counsel in the above-captioned matter.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 13

Thank you for your attention to this matter. Please let us know if this Court requires anything further prior to ruling on Automobile Dealers' request.

                              Respectfully submitted,

                              *s/ Peter S. Pearlman*
                              Peter S. Pearlman
                              COHN LIFLAND PEARLMAN HERRMANN
                              & KNOPF LLP
                              Park 80 Plaza West-One
                              250 Pehle Ave., Suite 401
                              Saddle Brook, NJ 07663
                              Telephone:(201) 845-9600
                              psp@njlawfirm.com

                              Jonathan W. Cuneo (*pro hac vice* to be filed)
                              Joel Davidow (*pro hac vice* to be filed)
                              Katherine Van Dyck (*pro hac vice* to be filed)
                              Victoria Romanenko (*pro hac vice* to be filed)
                              Daniel Cohen (*pro hac vice* to be filed)
                              CUNEO GILBERT & LADUCA, LLP
                              507 C Street NE
                              Washington, D.C. 20002
                              Telephone:(202) 789-3960
                              Facsimile:  (202) 789-1813
                              jcuneo@cuneolaw.com
                              joel@cuneolaw.com
                              kvandyck@cuneolaw.com
                              vicky@cuneolaw.com
                              danielc@cuneolaw.com

                              Sandra Cuneo (*pro hac vice* to be filed)
                              CUNEO GILBERT & LADUCA, LLP
                              11620 Wilshire Boulevard, Suite 900
                              Los Angeles, CA 90025
                              Telephone:(310) 582-5939
                              Facsimile:  (310) 582-5943
                              scuneo@cuneolaw.com

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 14

                                  Don Barrett (*pro hac vice* to be filed)
                                  David McMullan (*pro hac vice* to be filed)
                                  Brian Herrington (*pro hac vice* to be filed)
                                  BARRETT LAW GROUP, P.A.
                                  404 Court Square
                                  P.O. Box 927
                                  Lexington, Mississippi 39095
                                  Telephone:(662) 834-2488
                                  Facsimile:  (662) 834-2628
                                  dbarrett@barrettlawgroup.com
                                  bherrington@barrettlawgroup.com
                                  dmcmullan@barrettlawgroup.com

                                  Shawn M. Raiter (*pro hac vice* to be filed)
                                  Paul A. Sand
                                  LARSON • KING, LLP
                                  2800 Wells Fargo Place
                                  30 East Seventh Street
                                  St. Paul, Minnesota  55101
                                  Telephone:(651) 312-6500
                                  Facsimile:  (651) 312-6618
                                  sraiter@larsonking.com
                                  psand@larsonking.com

                                  Charles Barrett (*pro hac vice* to be filed)
                                  CHARLES BARRETT, P.C.
                                  6518 Highway 100, Suite 210
                                  Nashville, Tennessee 37205
                                  Telephone:(615) 515-3393
                                  Facsimile:  (615) 515-3395
                                  charles@cfbfirm.com

                                  Thomas P. Thrash (*pro hac vice* to be filed)
                                  THRASH LAW FIRM, P.A.
                                  1101 Garland Street
                                  Little Rock, Arkansas 72201
                                  Telephone:(501) 374-1058
                                  tomthrash@sbcglobal.net

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 10, 2013
Page 15

        Dewitt Lovelace (*pro hac vice* to be filed)
        Valerie Nettles (*pro hac vice* to be filed)
        LOVELACE & ASSOCIATES, P.A.
        Suite 200
        12870 US Hwy 98 West
        Miramar Beach, Florida  32550
        Telephone:(850) 837-6020
        Facsimile:  (850) 837-4093
        dml@lovelacelaw.com
        alex@lovelacelaw.com

        Armand Derfner, Esq. (pro hac vice to be filed)
        DERFNER, ALTMAN & WILBORN
        575 King Street, Suite B
        Charleston, South Carolina 29403
        Telephone:(843) 723-9804
        Facsimile:  (843) 723-7446
        aderfner@dawlegal.com

        Gerard V. Mantese (pro hac vice to be filed)
        David Hansma (pro hac vice to be filed)
        Brendan Frey (pro hac vice to be filed)
        MANTESE, HONIGMAN, ROSSMAN &
        WILLIAMSON, P.C.
        1361 E. Big Beaver Road
        Troy, Michigan 48083
        Telephone:(248) 457-9200
        Facsimile:  (248) 457-9201
        gmantese@manteselaw.com
        dhansma@manteselaw.com
        bfrey@manteselaw.com

        *Attorneys for Automobile Dealers Plaintiffs and the Putative Class*