<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In Re:<br>Vehicle Carrier Services<br>Antitrust Litigation<br><br>*This Document Relates To All Actions* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Hon. Esther Salas<br><br>MDL No. 2471<br><br>Civil Nos. 13-3306, 13-3485, 13-6352,<br>13-6354, 13-6355, 13-6356, 13-6484,<br>13-6485, 13-6588, 13-6591, 13-6603,<br>13-6608, 13-6609, 13-6610, 13-6616,<br>13-6617, 13-6618, 13-6619, 13-6620,<br>13-6621, 13-6622, 13-6623, 13-6623,<br>13-6624, 13-6680, 13-6887, 13-6888,<br>13-6902<br><br>**<u>Order No. 1</u>**<br><br>Dated:  December 27, 2013 |

**<u>SALAS, District Judge</u>**

It appearing that the civil actions listed on Schedule A, attached hereto – which were transferred to this Court by the October 18, 2013 Order from the Judicial Panel on Multi District Litigation ("JPML"), MDL No. 2471, 2013 WL 5703209 (JPML Oct. 18, 2013)[1] – merit special attention as complex litigation, it is hereby ORDERED that:

1. The provisions of this Order shall govern the practice and procedure in those actions: (a) transferred to this Court by the JPML pursuant to its October 18, 2013 Order; (b) all actions that arise out of or relate to the subject matter of this litigation which was previously or will be transferred to MDL 2471; and (c) any "tag-along" actions later filed in, removed to, or transferred to this Court. The Clerk will send a copy of this Order to counsel for any

---

[1] This Order was filed as Docket Entry No. 21 on October 23, 2013 in the above captioned matter.

plaintiffs or newly named defendants in any case newly filed or transferred to this Court. This Order vacates any case management or scheduling order issued by a federal court prior to the transfer of a case to MDL 2471.

2. The civil actions listed in Schedule A are consolidated for pretrial purposes. Any "tag-along" actions later removed to or transferred to this Court, or directly filed in the District of New Jersey, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. A Master File Docket is hereby established for this proceeding. For purposes of coordination, the Master Docket Number shall be 13-cv-3306 (ES) (JAD) (MDL 2471). Documents that apply to all actions shall be filed only in Civil Docket 13-cv-3306 (ES) (JAD) (MDL 2471) with the words "This Document Relates to All Actions" in the caption. Documents that apply to fewer than all actions shall be filed in both 13-cv-3306 (ES) (JAD) (MDL 2471) with a notation as to the case number(s) to which it pertains with the words "This Document Relates to [insert individual actions]" and in the individual case.

4. An original of this Order shall be filed by the Clerk in the Master File and in the files for each of the actions filed in this district or transferred here.

5. Every pleading filed in the *Vehicle Carrier Services Antitrust Litigation* shall bear the following caption:

|  |  |
|---|---|
| In Re:<br>Vehicle Carrier Services<br>Antitrust Litigation<br><br>*This Document Relates To All Actions* | Master Docket No.: 13-cv-3306<br>(MDL No. 2471) |

6. Electronic filing is mandatory. Attorneys not registered to use electronic filing will not receive notices from the Court.

7. Unless otherwise provided by this Court, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, provided that they file a certification attesting that they have paid the requisite fee to the New Jersey Lawyers Fund for Client Protection as required under Local Civil Rule 101.1(c)(2), and have also paid the *pro hac vice* admission fee to the Clerk of the Court as required under Local Civil Rule 101.1(c)(3). Association of local co-counsel is not required.

8. The parties shall meet and confer and file a joint status letter by January 24, 2014 informing the Court of the following in separate paragraphs:

    a. Identify any related proceeding in federal court, an indication of how they are related, and their current status.

    b. List all causes of action and the degree to which they are common to all the Plaintiffs, and a preliminary statement of facts. This statement will not waive claims or defenses, and may not be offered into evidence in later proceedings.

    c. A statement of all existing deadlines, due dates, and/or cut-off dates;

    d. A brief description of any outstanding motions;

    e. A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

    f. A list of all prior settlement discussions, including the date, the parties involved, if any;

    g. Suggest steps or issues to be addressed for the civil litigation to proceed efficiently;

    h. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

9. The parties shall meet and confer by January 24, 2014 to develop a plan for the preservation of documents, data, and tangible things reasonably anticipated to be subject to discovery in this action. Until the parties reach agreement on a preservation plan, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. "Documents, data, and tangible things" is to be interpreted broadly. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all evidence. If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials, the party must halt such practices or take appropriate steps to preserve the information.

10. Pending a decision on the selection of Plaintiffs' lead and liaison counsel, Lewis Goldfarb of McElroy, Deutsch, Mulvaney & Carpenter, LLP (on behalf of Direct Purchaser Plaintiffs), James E. Cecchi of Carella Byrne Cecchi Olstein Brody & Agnello, P.C. (on behalf of End-Payor Plaintiffs), Peter Pearlman of Cohn Lifland Pearlman Herrmann &

        Knopf LLP (on behalf of Automobile Dealers Plaintiffs) shall act as Plaintiff's Interim Co-Liaison Counsel.  In order to facilitate the production of the joint statement by the parties, Mr. Goldfarb, Mr. Cecchi, and Mr. Pearlman shall coordinate with Mr. Roberto A. Rivera Soto of Ballard Spahr (on behalf of Defendants) in bringing the parties together.  Plaintiffs' Interim Co-Liaison Counsel shall also assist the Court and other counsel in matters of scheduling and notice, including serving a copy of this Order on counsel in related cases filed in, removed to, or transferred to this Court whose case numbers are not currently displayed in the caption above.

11.    The parties shall appear for an initial case management conference on January 31, 2014 at 2:00 p.m.   Not all parties are required to attend; rather parties with similar interests are expected to the extent practicable to agree on a single attorney to act on their joint behalf at the conference.  Designation of such an attorney to represent a party's interests does not preclude that party from other representation during the litigation.  Attendance at the conference will not waive any objections to jurisdiction, venue, or service.  Persons or entities who are not named as parties but may later be joined or are parties in related pending litigation may attend.  Prior to the conference, Counsel are expected to confer and seek consensus to the extent possible with respect to items that should be discussed at the initial case management conference; a proposed discovery plan pursuant to Rule 26(f), and a suggested schedule pursuant to Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial.  The agenda of agreed upon issues, discovery plan and schedule shall be forward to the Court by Interim Liaison Counsel by January 24, 2014.

12. Any outstanding disclosure and discovery proceeding are stayed and no further discovery shall be initiated until further order of the Court.

13. To the extent there are outstanding Applications for Plaintiffs' Lead Counsel and Liaison Counsel, they must be filed by January 17, 2014.  The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process, (2) ability to work cooperatively with others, (3) professional experience in this type of litigation, and (4) access to sufficient resources to advance the litigation in a timely manner.  Applications should also set forth attorney fee proposals, rates, and percentages that applicants expect to seek if the litigation succeeds in creating a common fund.

14. The parties shall comply with all Local and Chambers Rules.

**SO ORDERED.**

/s/ Esther Salas  
United States District Judge

## SCHEDULE A

| Case Name | Docket No. |
|---|---|
| *F. Ruggiero & Sons, Inc. et al v. Nyk Line (North America) Inc. et al,* | No. 13-cv-3306-ES-JAD |
| *Knudson v. Nyk Line (North America) Inc. et al* | No. 13-cv-3485-ES-JAD |
| *Adame v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6352-ES-JAD |
| *Nelson et al v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6354-ES-JAD |
| *Schroeder v. Kaisha et al* | No. 13-cv-6355-ES-JAD |
| *MacQuarrie et al v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6356-ES-JAD |
| *Manaco International Forwarders, Inc. v. Nippon Yusen Kabushiki Kaisha, NYK Line (North America) Inc. et al* | No. 13-cv-6484-ES-JAD |
| *International Transport Management Corp. v. Kawasaki Kisen Kaisha, Ltd et al* | No. 13-cv-6585-ES-JAD |
| *White v. Nippon Yusen Kabushiki Kaisha, Ltd. et al* | No. 13-cv-6588-ES-JAD |
| *Stasik v. Nippon Yusen Kabushiki Kaisha, Ltd. et al* | No. 13-cv-6591-ES-JAD |
| *Lara v. Nyk Line (North America) Inc. et al* | No. 13-cv-6603-ES-JAD |
| *Davis v. NYK Line (North America) Inc. et al* | No. 13-cv-6608-ES-JAD |
| *Martens Cars of Washington, Inc. et al v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6609-ES-JAD |
| *Spicer et al v. Nippon Yusen Kabushiki Kaisha (NYK Line) et al* | No. 13-cv-6610-ES-JAD |
| *Levis et al v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6616-ES-JAD |
| *Versalles v. Eukor Car Carriers Inc. et al* | No. 13-cv-6617-ES-JAD |
| *Heilicher et al v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6618-ES-JAD |
| *Reiber et al v. NYK Line (North America) Inc. et al* | No. 13-cv-6619-ES-JAD |
| *Senior et al v. Nippon Yusen Kabushiki Kaisha Ltd et al* | No. 13-cv-6620-ES-JAD |
| *Bui et al v. NYK Line (North America) Inc. et al* | No. 13-cv-6621-ES-JAD |
| *Bonar et al v. Eukor Car Carriers Inc. et al* | No. 13-cv-6622-ES-JAD |
| *Jackson v. NYK Line (North America) Inc. et al* | No. 13-cv-6623-ES-JAD |
| *Camaj et al v. Nippon Yusen Kabushiki Kaisha, Ltd. et al* | No. 13-cv-6624-ES-JAD |
| *Ferris et al v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6680-ES-JAD |
| *Maravilla et al v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6887-ES-JAD |
| *Nguyen v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6888-ES-JAD |
| *Cargo Agents, Inc. v. Nippon Yusen Kabushiki Kaisha et al* | No. 13-cv-6902-ES-JAD |