Honorable Esther Salas
United States District Judge
United States District Court
District of New Jersey
Martin Luther King Courthouse
50 Walnut Street
Room 2060
Newark, New Jersey 07101

Re:   *In re Vehicle Carrier Services Antitrust Litigation*
      Master Docket No.: 13-cv-3306 (MDL No. 2471)

Dear Judge Salas:

In anticipation of the case management conference scheduled for Friday, January 31, 2014, kindly accept this Joint Status Letter prepared by the Direct Purchaser Plaintiffs, the End-Payor Plaintiffs, and the Automobile Dealer Plaintiffs (collectively, "Plaintiffs") and Defendants (as defined below).  This letter summarizes the relevant facts, the respective legal positions, status of the case, motions and discovery, and the parties' positions on settlement as requested by your Honor by order dated December 27, 2013.

**IDENTIFY ANY RELATED PROCEEDING IN FEDERAL COURT, AN INDICATION OF HOW THEY ARE RELATED, AND THEIR CURRENT STATUS**

To the best of the parties' knowledge, all related proceedings have been consolidated in this matter and appear in Schedule A to Order No. 1.  To the extent any additional cases are filed, the parties shall bring those to the Court's attention.

**LIST ALL CAUSES OF ACTION AND THE DEGREE TO WHICH THEY ARE COMMON TO ALL THE PLAINTIFFS, AND A PRELIMINARY STATEMENT OF FACTS.  THIS STATEMENT WILL NOT WAIVE CLAIMS OR DEFENSES, AND MAY NOT BE OFFERED INTO EVIDENCE IN LATER PROCEEDINGS.**

Plaintiffs:

   There are three groups of plaintiffs:

   1. A proposed class of direct purchasers asserting claims for damages and injunctive relief against defendants under the Sherman and Clayton Acts for alleged violations of federal antitrust law;

   2. A proposed class of auto dealers asserting claims for injunctive relief under the Sherman and Clayton Acts, and claims for relief under state antitrust, unfair competition, and consumer protection laws; and

    3. A proposed class of consumers and businesses who purchased automobiles for their own use and not for resale, asserting claims for injunctive relief under the Sherman and Clayton Acts, and claims for relief under state antitrust, unfair competition, and consumer protection laws.

Vehicle Carriers are large, specialized ocean-shipping vessels that transport wheeled freight, such as cars, trucks, buses, and other vehicles that can be rolled on and off of a ship. Vehicle Carrier Services refers to the market for the paid ocean transportation to and from the United States of wheeled freight on such ships. Defendants are providers of Vehicle Carrier Services. Plaintiffs allege that Defendants agreed, combined, and conspired to artificially fix, stabilize, or maintain prices of, and allocate the market for, Vehicle Carrier Services. Defendants had ample opportunity for conspiratorial communications via membership in several trade associations. Additionally, several Defendants have a history of anticompetitive collusion and have been fined and/or pleaded guilty to price fixing in other shipping-related markets.

Since at least September 2012, competition authorities in the United States, the European Union, Canada, and Japan have been investigating a possible global cartel among such companies. On September 6, 2012, the Japan Fair Trade Commission executed raids at the Japanese offices of various providers of Vehicle Carrier Services. On the same day, in coordination with United States and Japanese authorities, the European Commission carried out additional, unannounced inspections at the European offices of several maritime shipping companies suspected of operating a cartel. In January 2014, the Japan Fair Trade Commission announced plans to fine four firms engaged in Vehicle Carriers Services – Defendants Nippon Yusen Kabushiki Kaisha ("NYK Line"), Kawasaki Kisen Kaisha Ltd ("K Line"), Nissan Motor Car Carrier, and Wallenius Wilhelmsen Logistics AS ("WWL").

The United States Department of Justice has confirmed that it is investigating the market, and a grand jury has been convened in Baltimore, Maryland to investigate alleged anticompetitive conduct in the Vehicle Carrier Services market. Subpoenas have been issued to certain Defendants.

To date, 27 civil actions have been filed regarding this conduct and consolidated before the Court for pretrial purposes. These actions fall into three categories. The first category is those cases filed on behalf of the Direct Purchaser Plaintiffs,[1] which purchased Vehicle Carrier Services directly from one or more Defendants. The second category is the case filed on behalf of Automobile Dealers,[2] which indirectly purchased Vehicle Carrier Services from one or more

---

[1] The cases filed on behalf of Direct Purchaser Plaintiffs are Cargo Agents, Inc. v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6902; International Transport Management Corp. v. Kawasaki Kisen Kaisha, Ltd et al., No. 13-cv-6585; and Manaco International Forwarders, Inc. v. Nippon Yusen Kabushiki Kaisha, NYK Line (North America) Inc. et al., No. 13-cv-6484.

[2] The case filed on behalf of Automobile Dealers is *Martens Cars of Washington, Inc. et al v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6609.

Defendants. The third category is those cases filed on behalf of End-Payors,[3] which are individuals and entities (other than Automobile Dealers) that indirectly purchased Vehicle Carrier Services for personal use and not for resale from one or more Defendants. These are separate and distinct classes.

Each of the actions alleges a violation of Section 1 of the Sherman Act. In addition to the Sherman Act, the Automobile Dealer Plaintiffs and End-Payor Plaintiffs allege violations of multiple state antitrust and consumer protection statutes, including those under the laws of Arizona, California, District of Columbia, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin. The Automobile Dealer Plaintiffs and End-Payor Plaintiffs also have alleged unjust enrichment.
Defendants:

Defendants are seven groups of companies -- CSAV,[4] Fujitrans,[5] "K" Line,[6] MOL,[7] NYK,[8] Toyofuji[9] and WWL/EUKOR[10] -- some of which own or operate ocean cargo ships that

---

[3] The cases filed on behalf of End-Payor Plaintiffs are *Adame v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6352; *Bonar et al v. Eukor Car Carriers Inc. et al.*, No. 13-cv-6622; *Bui et al v. NYK Line (North America) Inc. et al.*, No. 13-cv-6621; *Camaj et al v. Nippon Yusen Kabushiki Kaisha, Ltd. et al.*, No. 13-cv-6624; *Davis v. NYK Line (North America) Inc. et al.*, No. 13-cv-6608; *F. Ruggiero & Sons, Inc. et al v. NYK Line (North America) Inc. et al.*, No. 13-cv-3306; *Ferris et al v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6680; *Heilicher et al v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6618; *P. Jackson v. NYK (North America) et al.*, No. 13-cv-4807; *M. Jackson v. NYK Line (North America) Inc. et al.*, No. 13-cv-6623; *Knudson v. NYK Line (North America) Inc. et al.*, No. 13-cv-3485; *Lara v. NYK Line (North America) Inc. et al.*, No. 13-cv-6603; *Levis et al v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6616; *MacQuarrie et al v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6356; *Maravilla et al v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6887; *Nelson et al v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6354; *Nguyen v. Nippon Yusen Kabushiki Kaisha et al.*, No. 13-cv-6888; *Reiber et al v. NYK Line (North America) Inc. et al.*, No. 13-cv-6619; *Schroeder v. Kaisha et al.*, No. 13-cv-6355; *Senior et al v. Nippon Yusen Kabushiki Kaisha Ltd et al.*, No. 13-cv-6620; *Spicer et al v. Nippon Yusen Kabushiki Kaisha (NYK Line) et al.*, No. 13-cv-6610; *Stasik v. Nippon Yusen Kabushiki Kaisha, Ltd. et al.*, No. 13-cv-6591; *Versalles v. Eukor Car Carriers Inc. et al.*, No. 13-cv-6617; and *White v. Nippon Yusen Kabushiki Kaisha, Ltd. et al.*, No. 13-cv-6588.

[4] Compañía Sud Americana de Vapores, S.A. and CSAV Agency, LLC.

[5] Fujitrans U.S.A., Inc.

[6] "K" Line America, Inc. and Kawasaki Kisen Kaisha, Ltd.

[7] Mitsui O.S.K. Lines, Ltd., Mitsui O.S.K. Bulk Shipping U.S.A.), Inc., MOL (America) Inc., MOL Logistics (U.S.A.), Inc., Nissan Motor Car Carriers Co., Ltd., World Logistics Service (U.S.A.) Inc., and World Transport Co., Ltd.

transport motor vehicles for automobile manufacturers.  Ocean shipping is a highly regulated industry that has been characterized by numerous cooperation and sharing agreements among shippers for decades.  Plaintiffs allege that defendants conspired to fix the prices of "vehicle carrier services," but Plaintiffs did not purchase vehicle carrier services -- the end-payors and automobile dealers purchased automobiles, and the freight forwarders arranged for vehicle carrier services on behalf of manufacturers.  Defendants respectfully submit that they did not cause any injury or damage to Plaintiffs.  Defendants further respectfully submit that the issues related to Plaintiffs' standing and the exclusive jurisdiction of the Federal Maritime Commission are substantial and likely should result in the dismissal of Plaintiffs' claims.

**A STATEMENT OF ALL EXISTING DEADLINES, DUE DATES, AND/OR CUT-OFF DATES**

Plaintiffs:

There are no existing deadlines, due dates or cut-off dates.  Plaintiffs propose the following schedule:

- **Fed. R. Civ. P. 26 Disclosures:**  If the parties cannot otherwise agree to provide information instead of Rule 26 Disclosures, the parties shall serve and file Rule 26 Disclosures within 28 days of the entry of a case management order, discovery plan, or similar order by the Court.

- **Production of the Documents Produced to Government Agencies:**  Plaintiffs take the position that all pre-existing documents produced to government agencies in connection with their investigations of the illegal conduct that is the subject of this civil litigation should be produced within 30 days of the entry of a case management order.

- **E-Discovery conference pursuant to L. Civ. R. 26.1(d):**  Plaintiffs attempted to meet and confer with Defendants pursuant to L. Civ. R. 26.1(d) to negotiate a Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents.  Defendants, however, took the position that such a stipulation and order was premature.  Nevertheless, Plaintiffs are submitting to the Court the version of the Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents they provided to Defendants and were prepared to discuss.

---

[8]   NYK Line (North America) Inc. and Nippon Yusen Kabushiki Kaisha.

[9]   Toyofuji Shipping Co., Ltd.

[10]   Wilh. Wilhelmsen Holding ASA, Wilh. Wilhelmsen ASA, Wallenius Wilhelmsen Logistics AS, Wallenius Wilhelmsen Logistics Americas LLC, Wallenius Lines AB., WWL Vehicle Services Americas Inc., EUKOR Vehicle Carriers Inc., American Shipping and Logistics Inc., American Roll-on Roll-off Carrier, LLC, and American Auto Logistics, Inc.

- **Motions to amend or to add parties to be filed by:** Consolidated amended complaints shall be filed within 90 days after the Court appoints interim co-lead counsel. Additional parties may be joined within 90 days after all Defendants have certified that their document productions are substantially complete.

- **Filing Answers or Motions to Dismiss:** 90 days after the filing of consolidated amended complaints.

- **Responses in opposition to motions to dismiss:** 60 days after filing motions to dismiss.

- **Replies in support of motions to dismiss:** 30 days after filing oppositions to motion to dismiss.

- **Hearing for motions to dismiss:** To be scheduled by the Court.

- **Service of initial written discovery:** Within 60 days of the Court's ruling on motions to dismiss (the "MTD Ruling").

- **Factual discovery to be completed by:** One year after the MTD Ruling or 180 days after all Defendants certify that their productions are substantially complete (whichever is later)**.**

- **Plaintiffs' motions for class certification and expert report due on (Plaintiffs' class certification expert witnesses shall be made available for depositions beginning two weeks after the date Plaintiffs' file their motions for class certification):** 60 days after the completion of fact discovery.

- **Defendants' oppositions to Plaintiffs' motions for class certification and expert reports due on (Defendants' class certification expert witnesses shall be made available for depositions beginning two weeks after the date Defendants' file their oppositions to motions for class certification):** 150 days after the completion of fact discovery.

- **Plaintiffs' replies in support Plaintiffs' motions for class certification and rebuttal expert reports, if any:** within 240 days after fact discovery cut-off.

- **Depositions of Plaintiffs' expert witnesses (limited to reply reports, if any):** within 270 days after the completion of fact discovery.

- **Expert depositions to be completed by:** within 270 days after the completion of fact discovery.

- **Dispositive motions to be filed/served:** within 60 days of the Court's ruling on class certification.

- **Final Pretrial Conference:** to be set by the Court at least 30 days after decisions on all dispositive motions.

- **Trial:** to be set by the Court.

Defendants:

Defendants respectfully submit that it is premature and unrealistic to establish a schedule at this point because the consolidated amended complaint(s) and motion(s) to dismiss have not been filed.  Defendants respectfully submit that it is more appropriate and practical to agree on a schedule after the motions to dismiss have been decided.

Defendants object to Plaintiffs' demand that they provide discovery before the consolidated amended complaint(s) have been filed and motion(s) to dismiss have been decided.  Defendants detail their position in their objection to Plaintiffs' proposed discovery plan, which is attached hereto as an exhibit and is made a part hereof by reference.  Plaintiffs' demand for documents produced to governmental agencies is particularly problematic.  That discovery typically is prohibited based on, among other factors, the law enforcement privilege, and considerations of international comity.  The relevant law enforcement agencies also may have a position on whether such documents should be produced.

If the Court is inclined to entertain Plaintiffs' request for pre-complaint discovery, Defendants respectfully submit that such application be made by formal motion, which will allow the parties to brief the issue properly for the Court, as well as to notify the relevant governmental agencies to determine if they intend to take a position or seek a stay.

## A BRIEF DESCRIPTION OF ANY OUTSTANDING MOTIONS

Plaintiffs:

The Direct Purchaser Plaintiffs, the End-Payor Plaintiffs, and the Automobile Dealer Plaintiffs each have an outstanding Application for Appointment of Plaintiffs' Lead Counsel and Liaison Counsel.

Defendants:

Although not presented via a formal motion, Plaintiffs have requested that the Court administratively organize the case into three separate consolidated amended complaints -- one each for the automobile dealers, end-payors and freight forwarders -- and designate as lead and liaison counsel in each case those lawyers/law firms they have proposed.  Defendants have suggested that the Court hold a conference in the matter before deciding if this case is going to be divided into separate consolidated amended complaints; Defendants take no position as to who should be designated as lead and/or liaison counsel for Plaintiffs.

**A BRIEF DESCRIPTION OF ANY DISCOVERY THAT HAS ALREADY TAKEN PLACE AND OF ANY DISCOVERY THAT IS NECESSARY FOR THE PARTIES TO ENGAGE IN MEANINGFUL SETTLEMENT NEGOTIATIONS**

Plaintiffs:

No discovery has taken place. Before Plaintiffs can engage in meaningful settlement discussions, they will need the following categories of documents: (1) pre-existing documents produced to government agencies in connection with their investigations of the illegal conduct that is the subject of this civil litigation; and (2) Defendants' transaction and cost data, which will enable Plaintiffs to estimate their damages.

Defendants:

No discovery should take place until the Court's rulings on the motions to dismiss, which will determine the contours of this litigation.

**A LIST OF ALL PRIOR SETTLEMENT DISCUSSIONS, INCLUDING THE DATE, THE PARTIES INVOLVED, IF ANY**

None.

**SUGGEST STEPS OR ISSUES TO BE ADDRESSED FOR THE CIVIL LITIGATION TO PROCEED EFFICIENTLY**

Plaintiffs:

Plaintiffs have set forth a proposed schedule above. Plaintiffs maintain that each Plaintiff group -- the Direct Purchasers, the End Payors, and the Automobile Dealers -- should file a separate consolidated amended complaint within 90 days after the Court appoints interim co-lead counsel for each Plaintiff group. Plaintiffs agree with Defendants that Defendants should have 90 days to answer the consolidated amended complaints or file motions to dismiss. If any Defendant files a motion to dismiss, Plaintiffs should have 60 days to respond and the moving Defendant(s) should have 30 days to reply.

Discovery by all parties of all claims and defenses should be coordinated so as to avoid any unnecessary duplication, and all parties shall cooperate toward that end.

Additionally, Plaintiffs ask the Court to address the following service issue.

Service: Plaintiffs have served each of the domestic Defendants. Plaintiffs have also served each of the foreign Defendants for which Defendants' counsel have been willing to accept service. End-Payors are in the process of serving the Japanese defendants and anticipate that service will be effected within the next 90 days. Specifically, Plaintiffs have served the following Defendants:

| Defendant | Country | Date Served | | |
|---|---|---|---|---|
| | | Direct | End-Payor | Auto Dealers |
| NYK Line (North America) Inc. | U.S. | 1/9/14 | 6/14/13 | 7/19/13 |
| Mitsui O.S.K. Bulk Shipping (USA), Inc. | U.S. | 1/16/14 | NA | NA |
| "K" Line America, Inc. | U.S. | 1/9/14 | 6/5/13 | 7/19/13 |
| EUKOR Vehicle Carriers Inc. | South Korea | | 10/18/13 | 7/25/13 |
| Wallenius Wilhelmsen Logistics Americas LLC | U.S. | 1/9/14 | 6/14/13 | 1/13/14 |
| Wallenius Wilhelmsen Logistics AS | Norway | | 10/29/13 | |
| CSAV Agency North America, LLC | U.S. | 1/16/14 | NA | 12/19/13 |
| American Shipping & Logistics Group, Inc. | U.S. | 1/15/14 | NA | NA |
| American Roll-on Roll-off Carrier, LLC | U.S. | 1/15/14 | NA | NA |
| American Auto Logistics, LP | U.S. | NA | NA | NA |
| American Logistics Network, LLP | U.S. | NA | NA | NA |
| MOL America, Inc. | U.S. | NA | NA | NA |
| Fujitrans U.S.A., Inc. | U.S. | NA | NA | NA |
| WWL Vehicle Services Americas Inc. | U.S. | NA | NA | NA |

The Foreign defendants have refused to waive service or allow their Counsel to accept service on their behalves.

| Defendant | Country | Counsel |
|---|---|---|
| Nippon Yusen Kabushiki Kaisha | Japan | Baker & Hostetler |
| Mitsui O.S.K. Lines, Ltd. | Japan | Arnold & Porter |
| Kawasaki Kisen Kaisha, Ltd. | Japan | Cleary Gottlieb |
| Wilh. Wilhelmsen Holding ASA | Norway | Hogan Lovells |
| Wilh. Wilhelmsen ASA | Norway | Hogan Lovells |
| Wallenius Lines AB | Sweden | Hogan Lovells |
| Compania Sud Americana De Vapores S.A. | Chile | Wilmer Hale |
| Toyofuji Shipping Co., Ltd. | Japan | Morgan Lewis |
| Nissan Motor Car Carrier Co., Ltd. | Japan | Arnold & Porter |
| World Transport Company Ltd. | Japan | |

Plaintiffs respectfully request, pursuant to Fed. R. Civ. P. 4(f)(3), that the Court order counsel for the foreign Defendants to accept service on their clients' behalf. The majority of the foreign Defendants have counsel that have already entered an appearance on behalf of the foreign Defendant and/or the U.S. subsidiary of the foreign Defendant. Service directly on these non-U.S. entities would require compliance with the Hague Convention or a letters rogatory process,

both of which are time intensive and expensive.  Because of this burden, and because Defendants have an affirmative duty to avoid unnecessary expenses associated with the service of summonses, *see* Fed. R. Civ. P. 4(d)(1), courts routinely grant requests to serve foreign defendants through their U.S.-based counsel or subsidiaries.  *See*, *e.g.*, *Morningstar v. Dejun,* No. 11-CV-655, 2013 WL 502474, at *2 (C.D. Cal. Feb. 8. 2013) (granting motion to permit service through foreign company's California office, registered agent, or California counsel); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 845882, at *2-3 (N.D. Cal. Mar. 8. 2011) (granting motion to serve foreign defendant through its U.S. counsel); *In re LDK Solar Securities Litig.*, No. C-07-5182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. Jun. 12, 2008) (granting motion to serve through foreign corporation's California office).  Moreover, because Defendants have availed themselves of the United States court system as plaintiffs in more than one hundred actions filed in various jurisdictions, including the 3rd Circuit, they should not be heard to object to service in this matter.  Defendants should not be permitted to assert jurisdiction in U.S. Courts to serve their own pecuniary interests while contesting jurisdiction as defendants.

Plaintiffs also request the Court address Defendants' timely production of pre-existing documents produced to government agencies in connection with their investigations of the illegal conduct that is the subject of this civil litigation. Courts have previously ordered production of documents previously produced to government agencies in similar actions.  *See In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, No. 09-cv-03690 (N.D. Ill.), Dkt. No. 75 (requiring production of documents produced to the U.S. Commodity Futures Trading Commission ("CFTC") before filing of the consolidated complaint); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 899-900 (N.D. Cal. 2008) (ordering production of documents previously produced to the Department of Justice before filing of consolidated complaints); *In re Platinum and Palladium Commodities Litig.*, No. 1:10-cv-03617 (S.D.N.Y.), Dkt. No. 59 (requiring Defendants to produce documents previously produced to the CFTC prior to the court's decision on a motion to dismiss).

Defendants:

Defendants respectfully submit that, based on the discussions held at the January 31, 2014 initial case management conference, the Court determine how many consolidated amended complaints are to be filed and designate the lead and liaison counsel in respect thereto.  Plaintiffs should be allowed 90 days from the date of the entry of the case management order to file their consolidated amended complaint(s); Defendants should be allowed 90 days to answer, move or otherwise respond to the consolidated amended complaint(s).  If Defendants move to dismiss the consolidated amended complaint(s), Plaintiffs should be allowed 60 days within which to oppose the motion(s), and Defendants should be allowed 45 days within which to reply.

Defendants do not acknowledge that any defendant has been properly served at this point and do not believe that Plaintiffs' claim to have effectuated service is a proper subject of this joint status letter.  Defendants also oppose Plaintiffs' request for an order requiring counsel for domestic defendants to accept service on behalf of foreign entities.  Federal Rule of Civil Procedure 4(f) states that an individual in a foreign country may be served

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or (C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or (3) by other means not prohibited by international agreement, as the court orders.

Plaintiffs here seek to have the court order that Defendants accept service pursuant to the court's authority under FED. R. CIV. P. 4(f)(3).

Importantly, service ordered under FED. R. CIV. P. 4(f)(3) must comport with constitutional notions of due process and must not be prohibited by international agreement. *In re China Educ. Alliance, Inc. Sec. Litig.*, CV 10-9239 CAS, 2011 WL 3715969, at *1 (C.D. Cal. Aug. 22, 2011). The method of service crafted by the court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

The Advisory Committee Notes to the Rule also indicate that alternative service under FED. R. CIV. P. 4(f)(3) should be allowed only "in cases of urgency if convention methods will not permit service within the time required by the circumstances." FED. R. CIV. P. 4(f)(3) is a "safety valve" only after service under subsections (1) and (2) have been attempted. 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1133 at 313 (3d ed.2002). Even those courts that allow for service through RULE 4(f)(3) note that such service should only be made in cases of urgency. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Plaintiffs cite FED. R. CIV. P. 4(d)(1) in arguing that courts routinely grant such orders. Plaintiffs' reliance is misplaced. *See C & F Sys., LLC v. Limpimax, S.A.*, 75 Fed. R. Serv. 3d 956, at *3 (W.D. Mich. 2010) ("The burden is on plaintiff to demonstrate to the court that any proposed method of service is consistent with Peruvian law."). In *Cephalon, Inc. v. Sun Pharm. Indus., Inc.*, No. CIV.A. 11-5474, 2011 WL 6130416, at *5 (D.N.J. Dec. 7, 2011) the. court disallowed service on an Indian corporation by any method other than through the Indian Central Authority where India was a signatory to the Hague and objected to service of process by mail under Article 10 of the Hague. *Cephalon*, 2011 WL 6130416, at *2. The court also rejected service on the defendant-corporation's outside counsel because "Plaintiff has not made numerous attempts to locate and serve Defendant in accordance with the Hague convention." *Id.* at *6. It noted that, "[i]Instead, Plaintiff attempted to improperly serve Defendant at a United States subsidiary and only initiated service in compliance with The Hague two months after filing the

Complaint and Motion for Preliminary Injunction and Temporary Restraining Order with this Court." *Ibid.* (distinguishing *Marlabs Inc. v. Achen Jakher*, No. Civ. A. No. 07–4074, 2010 WL 1644041 (D.N.J. April 22, 2010)).

Plaintiffs' suggestion that defense counsel have waived service for their clients by appearing in this action is factually in error; the stipulation extending time expressly preserves all jurisdictional defenses and explicitly states that "[n]othing herein shall be construed as an acknowledgment of service of process, a waiver of objections to service of process or an appearance by any defendant in any of the Related Actions." The Federal Rules have eliminated the need for special appearances, and all defenses may be asserted in a motion to dismiss without waiving any of them. *See* 5B Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1344 (3d ed.).

If the Court is inclined to entertain Plaintiffs' request for an order requiring counsel to accept service on behalf of foreign clients, Defendants respectfully submit that such application be made by formal motion, which will allow the parties to brief the issue properly for the Court

**ANY OTHER INFORMATION THAT THE PARTIES BELIEVE MAY ASSIST THE COURT IN ADVANCING THE CASE TO SETTLEMENT OR TRIAL, INCLUDING, BUT NOT LIMITED TO, A DESCRIPTION OF ANY DISPOSITIVE ISSUE OR NOVEL ISSUE RAISED BY THE CASE**

Plaintiffs:

STANDING: Direct purchaser plaintiffs bring suit on behalf of all direct purchasers, including freight forwarders. Freight forwarders do not act purely as a conduit for the procurement of goods and so are not simply purchasing agents for their customers. Rather, freight forwarders provide a range of freight forwarding services, including shipment planning, shipment tracking, supervised unloading and inspection, and customs payment and clearance.

End-Payor Plaintiffs bring suit on behalf of individuals and entities that indirectly purchased Vehicle Carrier Services for personal use and not for resale, and seek both injunctive relief and damages from Defendants. End-Payor Plaintiffs have standing to seek injunctive relief under Section 16 of the Clayton Act against Defendants for violating Section 1 of the Sherman Act. In addition, End-Payor Plaintiffs have antitrust standing to seek damages under the state antitrust statutes and other laws in the states for which they have brought claims.

Automobile Dealer Plaintiffs bring suit on behalf of entities that indirectly purchased Vehicle Carrier Services along with their purchases of vehicles, specifically all automobile dealers who purchased new vehicles shipped by one of the Defendants or any current or former subsidiary or affiliate thereof or any co-conspirator. They seek both injunctive relief and damages from Defendants. Automobile Dealer Plaintiffs have standing to seek injunctive relief under Section 16 of the Clayton Act against Defendants for violating Section 1 of the Sherman Act. In addition, Automobile Dealers Plaintiffs have antitrust standing to seek damages under the state antitrust statutes and other laws in the states for which they have brought claims.

SUBJECT MATTER JURISDICTION: Plaintiffs believe that there is no need to invoke the primary jurisdiction doctrine here.  Resolution of Plaintiffs' antitrust claims are within the usual province of this Court and require no special regulatory expertise, so jurisdiction over those claims lies properly with this Court.  See *Raritan Baykeeper v. NL Industries, Inc.*, 660 F.3d 686, 691 (3d Cir. 2011) ("When 'the matter is not one peculiarly within the agency's area of expertise, but is one which the courts or jury are equally well-suited to determine, the court must not abdicate its responsibility'") (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1104 (3d Cir. 1995)).  This Court, not the Federal Maritime Commission ("FMC"), has jurisdiction over Plaintiffs' antitrust claims, which challenge conduct outside the scope of the Shipping Act.  *See American Ass'n. of Cruise Passengers v. Cunard Line, Ltd.*, 31 F.3d 1184, 1186-7 (D.C. Cir. 1994) (antitrust suit against cruise lines did not "implicate the primary jurisdiction of the FMC . . . enforcement of the antitrust laws against a regulated industry insofar as it steps outside the regulated domain is part of the work-a-day world of the district court").  Even assuming that Plaintiffs' antitrust claims were covered by an agreement approved by the FMC, "the task of determining whether defendants' activities could conceivably be within the scope of approved agreements is well within the competence of a court."  *In re Ocean Shipping Antitrust Litig.*, 500 F. Supp. 1235, 1242 (S.D.N.Y. 1980).

FOREIGN TRADE ANTITRUST IMPROVEMENTS ACT:  Defendants' assertion that Plaintiffs' claims are barred by the Foreign Trade Antitrust Improvements Act, 15 U.S.C.A. §6(a) (the "FTAIA") ignores Plaintiffs' allegations as well as the law.  Under decisions interpreting the FTAIA, if Defendants' alleged wrongful conduct involves import commerce, as it does here, then by its own terms *the FTAIA is not applicable*.  Additionally, Plaintiffs have sufficiently alleged that Defendants' conspiracy to fix, raise, stabilize, and maintain prices for Vehicle Carrier Services had a direct, substantial and foreseeable effect on U.S. commerce for the Court to reject Defendants' FTAIA argument.

Defendants:

Defendants intend to raise a number of dispositive issues, as follows:

STANDING:  Defendants respectfully submit that the end-payors and automobile dealers have standing because they did not purchase vehicle carrier services, they purchased automobiles.  Defendants further respectfully submit that the freight forwarders have standing because they did not purchase vehicle carrier services on their own behalf; they purchased vehicle carrier services as agents for automobile manufacturers and they do not have authority from their principals to sue.

SUBJECT MATTER JURISDICTION:  Defendants also respectfully submit that Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction because the Federal Maritime Commission has exclusive jurisdiction under the Shipping Act, 46 U.S.C. § 40101, *et seq.*

FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED:  In addition, Defendants respectfully submit that Plaintiffs' claims are barred by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6(a), because they concern acts that took place outside of the

United States that did not have a direct, substantial and foreseeable effect on U.S. trade or commerce.

Defendants also respectfully submit that it is highly unlikely that Plaintiffs will be able to certify a class in this case.  All purchases of shipping services are individually negotiated transactions that depend on numerous factors unique to the parties and the particular transaction.  The dealers pay the same transportation charge for domestically manufactured vehicles (where they do not allege a conspiracy) and foreign imports (where they allege a conspiracy).  Therefore, they will be unable to devise a model for proving injury and damages through common proof.  And, of course, the End-Payor Plaintiffs purchased their vehicles (which were themselves shipped from various locations under various conditions, subject to various individually negotiated transactions) on their own in individually negotiated transactions, and prices vary considerably from case to case.  The automobile dealers pay the same transportation charge for domestically manufactured vehicles (where they do not allege a conspiracy) and foreign imports (where they allege a conspiracy).  Therefore, they likewise will be unable to devise a model for proving injury and damages through common proof.

Defendants reserve the right to raise other objections or defenses as the need may arise.

## PARAGRAPH 11 OF ORDER NO. 1

AGENDA OF AGREED UPON ISSUES.  The parties have agreed that the following topics should be addressed at the initial case management conference:

- Appointment of Co-Lead & Liaison Counsel
- Number of Consolidated Complaints to be Filed
- Schedule for Filing of Consolidated Complaints and Responses
- Timing of Discovery
- Other Discovery Orders
- Next Steps
- Foreign Service of Process Issues.

PROPOSED DISCOVERY PLAN.

Plaintiffs:

Counsel for all parties held a meet and confer meeting in Newark on January 15, 2014, in an attempt to reach agreement on all issues addressed by the Court in its December 27, 2013, Order.  Agreement was reached on several procedural issues included in the Court's order, however Defendants advised Plaintiffs that they believe it is premature to both meet and confer about the

Joint Proposed Discovery Plan and to provide the Court with the Plan.  As Plaintiffs believe that the Court requested that the parties meet and confer about all the topics listed in Proposed Discovery Plan and submit the resulting plan, the Plaintiffs are providing the Court with their Proposed Discovery Plan, which is attached hereto as Exhibit A.

Defendants:

Defendants respectfully submit that a proposed discovery plan should await the Court's determinations on any motions to dismiss.  Defendants propose that if the entire case is not dismissed, the parties will meet and confer to discuss a proposed discovery plan and will submit the results of that discussion to the Court.  As noted above, Defendants have filed a separate objection to Plaintiffs' proposed discovery plan.

SCHEDULE PURSUANT TO RULE 16(B) FOR THE JOINDER OF PARTIES, AMENDMENT OF PLEADINGS, CONSIDERATION OF ANY CLASS ACTION ALLEGATIONS, MOTIONS AND TRIAL.

ADDITIONAL ORDERS

Plaintiffs:

The parties have exchanged preservations proposals.  Plaintiffs provided Defendants with Plaintiffs' proposed Stipulation and Order Regarding Preservation of Documents, Electronically Stored Information, and Other Tangible Items, , which is attached hereto as Exhibit B.  Defendants provided Plaintiffs with Defendants' Plan Regarding the Preservation of Documents and Electronically Stored Information. Both documents are attached hereto as Exhibits.  The parties, however, were not able to reach agreement.  Plaintiffs advised Defendants that Plaintiffs believe it is premature to narrow the scope of preservation.  Accordingly, Plaintiffs asked Defendants to reconsider Plaintiffs' proposal, which Plaintiffs believe is consistent with Paragraph 9 of the Court's Order No. 1.

Plaintiffs are submitting the following, three proposed orders: (i) Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents ("ESI Stipulation"), (ii) Discovery Confidentiality Order, and (iii) Stipulation and Order Regarding Non-Discoverability of Certain Expert Materials and Communications ("Expert Stipulation").  Plaintiffs believe that the ESI Stipulation is proper and timely under L.R. 26.1(d)(3).  The Proposed Orders are attached hereto as Exhibits C, D, and E, respectively.  Plaintiffs believe that the Confidentiality Order and Expert Stipulation are proper and timely under L.R. 26.1(b)(2)(g).  Accordingly, Plaintiffs are providing the Court with copies of all three stipulations and orders.

Defendants:

Defendants' proposed preservation plan is annexed as Exhibit F.  Defendants engaged in a meet and confer with Plaintiffs, and an agreement was reached to negotiate changes using Defendants' preservation plan as a baseline.  After initially stating that they would propose changes to Defendants' plan and designating representatives to meet and confer further with Defendants' designated representatives, Plaintiffs took the position that a preservation plan would be

premature and the parties should just adhere to the Court's order of December 27, 2013. Yesterday, Plaintiffs changed their position again and have submitted their proposed Stipulation and Order Regarding Preservation of Documents, Electronically Stored Information and Other Tangible Items -- which, of course, is not a stipulation at all.

Defendants are willing to engage in a discussion with Plaintiffs concerning time period and geographic scope. Defendants are also willing to discuss specific categories that need to be preserved. Plaintiffs' proposal -- which requires preservation of all documents that may lead to the discovery of admissible evidence -- does not provide sufficient guidance to business people about what they must preserve and what they may discard. Furthermore, it will lead to inevitable disputes in the future about what is relevant to the action.

Defendants are well-aware of their obligations to preserve documents and are doing so. Defendants have received subpoenas from various enforcement agencies and have litigation holds in place. Expanding these litigation holds at this point, without any good reason to do so, will cause obvious disruptions and potential inconsistencies in Defendants' efforts to comply with their obligations worldwide.

Defendants respectfully submit that there is no basis for a preservation order at this point, as opposed to a plan, which is what the Court requested. There is no reason to believe that Defendants have engaged in conduct requiring relief in the form of an order. The Advisory Committee notes to the 2006 amendments to Rule 16 state that "[t]he rule does not provide the court with authority to enter such a[n] . . . order without party agreement, or limit the court's authority to act on motion."

Defendants also respectfully submit that the additional orders that Plaintiffs have proposed are premature. The Court's order of December 27, 2013, did not request such documents and they serve no useful purpose at this time. Defendants submit that these proposals should be discussed after the Court decides the motion to dismiss.

If the Court is inclined to entertain plaintiffs' proposals, Defendants respectfully submit that such application be made by formal motion, which will allow the parties to brief the issue properly for the Court

Respectfully submitted,

| | |
|---|---|
| **BALLARD SPAHR LLP** | **MCELROY DEUTSCH, MULVANEY & CARPENTER, LLP** |
| By:  */s/ Roberto A. Rivera-Soto*<br>    Roberto A. Rivera-Soto | By:  */s/ Lewis Goldfarb*<br>    Lewis Goldfarb<br>    *Interim Co-Liaison Counsel*<br>    *(freight forwarder plaintiffs)* |

**CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C.**

By: */s/ James E., Cecchi*
    James E. Cecchi
*Interim Co-Liaison Counsel*
*(end-payor plaintiffs)*

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**

By: */s/ Peter Pearlman*
    Peter Pearlman
*Interim Co-Liaison Counsel*
*(automobile dealer plaintiffs)*

cc (w/encls.):  The Hon. Joseph A. Dickson, U.S. Magistrate Judge
    (***Via CM/ECF and Via Ordinary Mail***)

    Counsel for defendants
    (***VIA EMAIL***)

## LIST OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Plainitiffs' proposed discovery plan |
| B | Defendants' objections to Plaintiffs' proposed discovery plan |
| C | Defendants' plan for the preservation of documents and electronically stored information |
| D | Plaintiffs' proposed stipulation and order regarding preservation of documents, electronically stored information and other tangible items |
| E | Plaintiffs' proposed stipulation and order regarding production of electronically stored information and hard copy documents |
| F | Plaintiffs' proposed stipulation and order regarding non-discoverability of certain expert materials and communications |
| G | Plaintiffs' proposed discovery confidentiality order |