UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br>Vehicle Carrier Services Antitrust Litigation<br><br>*This Document Relates To All Actions* | Master Docket No.: 13-3306(ES)(JAD)<br>(MDL No. 2471)<br><br>**PLAINTIFFS' PROPOSED DISCOVERY PLAN** |

1.   Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Lewis H. Goldfarb
Lauren Fenton-Valdivia
Albert J. Pucciarelli
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
Telephone: (973) 241-4224
lgoldfarb@mdmc-law.com
LValdivia@mdmc-law.com
apucciarelli@mdmc-law.com

*Proposed Direct Purchaser Plaintiff Interim Liaison Counsel*

Steven A. Kanner
Michael J. Freed
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
skanner@fklmlaw.com
mfreed@fklmlaw.com
mmoskovitz@fklmlaw.com

Robert N. Kaplan
Richard J. Kilsheimer
Gregory K. Arenson
Lauren I. Dubick
KAPLAN FOX & KILSHEIMER LLP

850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
rkaplan@kaplanfox.com
rkilsheimer@kaplanfox.com
garenson@kaplanfox.com
ldubick@kaplanfox.com

William J. Pinilis
KAPLAN FOX & KILSHEIMER LLP
160 Morris Street
Morristown, NJ 07960
Telephone: (973) 656-0222
wpinilis@kaplanfox.com

Kit A. Pierson
David A. Young
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dyoung@cohenmilstein.com

Manual John Dominguez
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Blvd  Suite 204
Palm Beach Gardens, FL 33410
Telephone: (561) 833-6575
jdominquez@cohenmilstein.com

*Proposed Direct Purchaser Plaintiff Interim Co-Lead Counsel*

James E. Cecchi
Lindsey H. Taylor
CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Proposed End-Payor Plaintiff Interim Liaison Counsel*

Hollis Salzman
Meegan Hollywood

2

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400

Terrell W. Oxford
Warren T. Burns
Daniel H. Charest
Omar Ochoa
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, TX 75202-3775
(214) 754-1900

Joseph W. Cotchett
Steven N. Williams
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

*Proposed End-Payor Plaintiff Interim Co-Lead Counsel*

Peter S. Pearlman
COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
Park 80 Plaza West-One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone: (201) 845-9600
psp@njlawfirm.com

*Proposed Automobile Dealer Liaison Counsel*

Jonathan W. Cuneo
Joel Davidow
Katherine Van Dyck
Daniel Cohen
CUNEO GILBERT & LADUCA, LLP
507 C Street NE
Washington, D.C. 20002
Telephone: (202) 789-3960
jcuneo@cuneolaw.com
joel@cuneolaw.com
kvandyck@cuneolaw.com
danielc@cuneolaw.com

Don Barrett
David McMullan
Brian Herrington
BARRETT LAW GROUP, P.A.
404 Court Square
P.O. Box 927
Lexington, Mississippi 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Shawn M. Raiter
Paul A. Sand
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
sraiter@larsonking.com
psand@larsonking.com

*Proposed Automobile Dealer Interim Co-Lead Counsel*

2. **Set forth a brief description of the case, including the causes of action and defenses asserted.**

**Plaintiffs' Brief Description of the Case**:

Plaintiffs allege that Defendants, who are providers of Vehicle Carrier Services, engaged in a conspiracy to fix, raise, and/or stabilize the price of Vehicle Carrier Services. Vehicle Carriers are large, specialized ocean-shipping vessels that transport wheeled freight, such as cars, trucks, buses, and other vehicles that can be rolled on and off of a ship. Vehicle Carrier Services refers to the market for the paid ocean transportation to and from the United States of wheeled freight on such ships. Defendants are providers of Vehicle Carrier Services. Faced with excess capacity, Plaintiffs allege that Defendants agreed, combined, and conspired to artificially fix, stabilize, or maintain prices of, and allocate the market for, Vehicle Carrier Services. Defendants had ample opportunity for conspiratorial communications via membership in several trade associations. Additionally, several Defendants have a history of anticompetitive collusion and have been fined and/or pleaded guilty to price fixing in other shipping-related markets.

Since at least September 2012, competition authorities in the United States, the European Union, Canada, and Japan have been investigating a possible global cartel among such companies. On September 6, 2012, the Japan Fair Trade Commission executed raids at the Japanese offices of various providers of Vehicle Carrier Services. On the same day, in coordination with United States and Japanese authorities, the European Commission carried out

additional, unannounced inspections at the European offices of several maritime shipping companies suspected of operating a cartel. In January 2014, The Japan Fair Trade Commission announced plans to fine five firms engaged in Vehicle Carriers Services.

The United States Department of Justice has confirmed that it is investigating the market, and a grand jury has been convened in Baltimore, Maryland to investigate alleged anticompetitive conduct in the Vehicle Carrier Services market. Subpoenas have been issued to certain Defendants. On December 23, 2013, the Federal Maritime Commission announced that it reached agreements with two common carriers operating pure car carriers and roll on/roll off vessels in United States inbound and outbound trades. Under the separate agreements, Defendant Kawasaki Kisen Kaisha, Ltd. ("K Line") paid $1,100,000 in civil penalties, and Defendant Nippon Yusen Kabushiki Kaisha ("NYK Line") paid $1,225,000 in civil penalties. The compromise agreements resolved allegations that K Line and NYK Line violated provisions of the Shipping Act, including section 10(a) of the Shipping Act, 46 U.S.C. § 41102(b), by acting in concert with other ocean common carriers with respect to the shipment of automobiles and other motorized vehicles by RO/RO roll on/roll off ("RO/RO") or specialized car carrier vessels, where such agreement(s) had not been filed with the Commission or become effective under the Shipping Act. The compromise agreements also addressed related activities and violations. Commission staff alleged that these practices persisted over a period of several years and involved numerous U.S. trade lanes, including to and from the Far East, Europe, the Middle East, and South America.

To date, 27 actions have been filed regarding this conduct and consolidated before the Court for pretrial purposes. These actions fall into three categories. The first category is those cases filed on behalf of the Direct Purchaser Plaintiffs,[1] who purchased Vehicle Carrier Services directly from one or more Defendant. The second category is the case filed on behalf of Automobile Dealers,[2] who indirectly purchased Vehicle Carrier Services from one or more Defendant. The third category is those cases filed on behalf of End-Payors,[3] who are individuals

---

[1] The cases filed on behalf of Direct Purchaser Plaintiffs are Cargo Agents, Inc. v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6902; International Transport Management Corp. v. Kawasaki Kisen Kaisha, Ltd et al., No. 13-cv-6585; and Manaco International Forwarders, Inc. v. Nippon Yusen Kabushiki Kaisha, NYK Line (North America) Inc. et al., No. 13-cv-6484.

[2] The case filed on behalf of Automobile Dealers is Martens Cars of Washington, Inc. et al v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6609.

[3] The cases filed on behalf of End-Payor Plaintiffs are Adame v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6352; Bonar et al v. Eukor Car Carriers Inc. et al., No. 13-cv-6622; Bui et al v. NYK Line (North America) Inc. et al., No. 13-cv-6621; Camaj et al v. Nippon Yusen Kabushiki Kaisha, Ltd. et al., No. 13-cv-6624; Davis v. NYK Line (North America) Inc. et al., No. 13-cv-6608; F. Ruggiero & Sons, Inc. et al v. Nyk Line (North America) Inc. et al., No. 13-cv-3306; Ferris et al v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6680; Heilicher et al v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6618; Jackson v. NYK Line (North America) Inc. et al., No. 13-cv-6623; Knudson v. Nyk Line (North America) Inc. et al., No. 13-cv-3485; Lara v. Nyk Line (North America) Inc. et al., No. 13-cv-6603; Levis et al v. Nippon Yusen

5

and entities (other than Automobile Dealers) who indirectly purchased Vehicle Carrier Services from one or more Defendant. These are separate and distinct classes.

Every one of the actions alleges a violation of Section 1 of the Sherman Act. In addition to the Sherman Act, the Automobile Dealer Plaintiffs and End-Payor Plaintiffs allege violations of multiple state antitrust statutes and consumer protection statutes, including those under the laws of Arizona, California, District of Columbia, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin. The Automobile Dealer Plaintiffs and End-Payor Plaintiffs also have claimed unjust enrichment.

**Defendants' Brief Description of the Case:**

3. **Have settlement discussions taken place? Yes \_\_\_\_  No  \_\_X\_\_**

   **(a)   What was plaintiffs' last demand?**
   **(1)   Monetary demand: $**
   **(2)   Non-monetary demand:**

   **(b)   What was defendants' last offer?**
   **(1)   Monetary offer: $**
   **(2)   Non-monetary offer:**

4. **The parties [have \_\_X\_\_ have not \_\_\_\_] met pursuant to Fed. R. Civ. P. 26(f).**

5. **The parties [have \_\_\_\_ have not \_\_X\_\_] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.** Plaintiffs and Defendants are discussing whether each party will identify relevant custodians and all relevant documents, ESI, and tangible things in each party's possession, custody, or control (including location) within 28 days of the entry of this Order. If not, 26(a) disclosures shall be made within 28 days of the entry of this Order.

6. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**  N/A.

---

Kabushiki Kaisha et al., No. 13-cv-6616; MacQuarrie et al v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6356; Maravilla et al v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6887; Nelson et al v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6354; Nguyen v. Nippon Yusen Kabushiki Kaisha et al., No. 13-cv-6888; Reiber et al v. NYK Line (North America) Inc. et al., No. 13-cv-6619; Schroeder v. Kaisha et al., No. 13-cv-6355; Senior et al v. Nippon Yusen Kabushiki Kaisha Ltd et al., No. 13-cv-6620; Spicer et al v. Nippon Yusen Kabushiki Kaisha (NYK Line) et al., No. 13-cv-6610; Stasik v. Nippon Yusen Kabushiki Kaisha, Ltd. et al., No. 13-cv-6591; Versalles v. Eukor Car Carriers Inc. et al., No. 13-cv-6617; and White v. Nippon Yusen Kabushiki Kaisha, Ltd. et al., No. 13-cv-6588.

7.  **The parties [have \_\_\_\_ have not \_\_X\_\_] conducted discovery other than the above disclosures.  [If so, describe.** N/A.]

8.  **Proposed Joint Discovery Plan:**

    **(a) Discovery is needed on the following subjects:**

    Plaintiffs:

    Plaintiffs contemplate taking the Defendants' depositions as well as several, additional percipient witnesses and possibly other individuals identified in Defendants' responses to written discovery, who have knowledge or information concerning Plaintiffs' claims or Defendants' defenses in this matter.  Plaintiffs will seek discovery on topics, including but not limited to, the following: Defendants' officers, directors, employees or agents who had responsibility regarding pricing, sales, and marketing of Vehicle Carriers Services; meetings and communications between and among Defendants relating to Vehicle Carriers Services; trade associations, trade shows, and industry groups, including meetings, discussions, documents received and submitted, attendance, and participation; documents provided to any domestic or foreign governmental entity; policies and practices regarding antitrust compliance; actions taken to conceal or avoid detection regarding agreements reached relating to Vehicle Carriers Services; Vehicle Carriers Services pricing, marketing, and sales documents; documents relating to parents, subsidiaries, joint ventures, and affiliates; supply and demand of Vehicle Carriers Services; budgets, forecasts, business plans, sales and profit projections relating to Vehicle Carriers Services; documents relating to competitive conditions in the market for Vehicle Carriers Services; customer contracts and agreements; and transaction and cost data.

    Defendants:

    **(b) Discovery [should \_\_\_\_ should not \_\_X\_\_] be conducted in phases or be limited to particular issues. Explain.**

    **(c) Proposed schedule:**

    **(1)    Fed. R. Civ. P. 26 Disclosures:**  If the parties cannot otherwise agree (*see supra* at No. 5), the parties shall serve and file Rule 26 Disclosures within 28 days of the entry of this Order.

    **(2)    Production of the Documents Produced to Government Agencies:**  All pre-existing documents produced to government agencies in connection with their investigations of the illegal conduct that is the subject of this civil litigation should be produced within 30 days of the entry of a case management order.

    **(3)    E-Discovery conference pursuant to L. Civ. R. 26.1(d):**  Pursuant to L. Civ. R. 26.1(d) the parties shall meet and confer regarding the production of

7

digital information.  Within 28 days of the entry of a case management order, the parties shall provide the Court with a proposed stipulation and order regarding production of electronically stored information and hard copy documents.

**(4)** **Service of initial written discovery:** Within 60 days of the Court's ruling on motions to dismiss (the "MTD Ruling").

**(5)** **Maximum of __75__ Interrogatories by each party to each other party:** Each Plaintiff Group and each Defendant Group represented by separate counsel shall be considered a "party" under R. 33(a)(1).  Each party shall be limited to serve a total of 75 interrogatories (with each subpart counting as a separate interrogatory) on each party.

**(6)** **Maximum of ____ depositions to be taken by each party:** The parties will meet and confer regarding the number of custodians for each party and the persons with knowledge of the underlying facts, claims, and defenses and present a proposal to the Court no later than 30 days after the motion-to-dismiss ruling.

**(7)** **Motions to amend or to add parties to be filed by:** Consolidated amended complaints shall be filed within 90 days after the Court appoints interim co-lead counsel.  Additional parties may be joined within 90 days after all Defendants have certified that their document productions are substantially complete.

**(8)** **Factual discovery to be completed by:** One year after the MTD Ruling or 180 days after all Defendants certify that their productions are substantially complete (whichever is later).

**(9)** **Plaintiffs' motions for class certification and expert report due on (Plaintiffs' class certification expert witnesses shall be made available for depositions beginning two weeks after the date Plaintiffs' file their motions for class certification):** 60 days after the completion of fact discovery.

**(10)** **Defendants' oppositions to Plaintiffs' motions for class certification and expert reports due on (Defendants' class certification expert witnesses shall be made available for depositions beginning two weeks after the date Defendants' file their oppositions to motions for class certification):** 150 days after the completion of fact discovery.

**(11)** **Plaintiffs' replies in support Plaintiffs' motions for class certification and rebuttal expert reports, if any:** within 240 days after fact discovery cut-off.

**(12)** **Depositions of Plaintiffs' expert witnesses (limited to reply reports, if any):** within 270 days after the completion of fact discovery.

8

    **(13)** **Expert depositions to be completed by:** within 270 days after the completion of fact discovery.

    **(14)** **Dispositive motions to be filed/served within __60__ days of the Court's ruling on class certification.**

  **(d) Set forth any special discovery mechanism or procedure requested.**  None.

  **(e) A pretrial conference may take place on _as directed by the Court_____.**

  **(f) Trial date:** ____ **(Jury Trial ___X___; Non-Jury Trial___).**

  9. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes X__ No ____.**
**If so, please explain.**  Plaintiffs anticipate that there will be percipient witnesses in Japan.  The taking of depositions in Japan is more difficult than it would be in the United States.  Japanese law substantially restricts the timing and manner in which U.S. discovery depositions may be conducted.  For example, depositions of Japanese nationals must be approved by the Japanese Foreign Ministry, must take place only in an American Embassy or Consulate, are subject to the scheduling of space available in the American Embassy or Consulate, and are subject to strict time limitations as to when the space is available.  Approval for and the scheduling of such depositions takes considerable amounts of time.  Other Courts have addressed this issue by providing that Japanese nationals who are present employees of a party be deposed in the United States, or in another location such as Hong Kong or Taiwan.

10. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**
**Yes ___No ____**

The parties are discussing whether restoration of deleted digital information may be necessary. The parties are also discussing whether back up or historic legacy data is within the scope of discovery and procedures to deal with inadvertent production of privileged information. All such data shall be preserved. The parties shall complete their discussions on these topics within 30 days of the MTD Ruling.

**If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

Unless good cause can be shown to shift costs, each party shall bear the costs of preservation, production, and restoration of ESI.

11.     **Do you anticipate entry of a Discovery Confidentiality Order?  See L.Civ.R. 5.3(b) and Appendix S.**  Along with this Proposed Discovery Plan, the parties have submitted a Discovery Confidentiality Order.

12.     **Do you anticipate any discovery problem(s) not listed above? Yes ___   No__X__ Describe.**  N/A.

13.     **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise).** No.  **If not, explain why and state whether any such procedure may be appropriate at a later time  after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**  Plaintiffs and Defendants will consider submitting their claims and defenses to mediation after they have exchanged their respective written discovery responses and documents.

14.     **Is this case appropriate for bifurcation? Yes  ____  No __X__**

15.     **An interim status/settlement conference (with clients in attendance), should be held in: _____.**

16.     **The parties [do ____ do not __X__] consent to the trial being conducted by a Magistrate Judge.**

17.     **Identify any other issues to address at the Rule 16 Scheduling Conference.**

   Plaintiffs:

   **Service:** Plaintiffs respectfully request, pursuant to Fed. R. Civ. P. 4(f)(3), that the Court order counsel for the foreign Defendants to accept service on their clients' behalf.  The majority of the foreign Defendants have counsel that have already entered an appearance on behalf of the foreign Defendant and/or the U.S. subsidiary of the foreign Defendant.  Service directly on these non-U.S. entities would require compliance with the Hague Convention or a letters rogatory process, both of which are time intensive and expensive.  Because of this burden, and because Defendants have an affirmative duty to avoid unnecessary expenses associated with the service of summonses, *see* Fed. R. Civ. P. 4(d)(1), courts routinely grant requests to serve foreign defendants through their U.S.-based counsel or subsidiaries.  *See*, *e.g.*, *Morningstar v. Dejun,* No. 11-CV-655, 2013 WL 502474, at *2 (C.D. Cal. Feb. 8. 2013) (granting motion to permit service through foreign

10

company's California office, registered agent, or California counsel); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 845882, at *2-3 (N.D. Cal. Mar. 8. 2011) (granting motion to serve foreign defendant through its U.S. counsel); *In re LDK Solar Securities Litig.*, No. C-07-5182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. Jun. 12, 2008) (granting motion to serve through foreign corporation's California office).

**Transaction and Cost Data:** Plaintiffs believe that the parties should engage in early discussions regarding the scope and production of transaction and cost data; and Plaintiffs believe such data should be produced before document discovery.

**DOJ Documents:** Plaintiffs believe that if any Defendant, with respect to an investigation by the United States Department of Justice, pleads guilty or agrees to plead guilty regarding Vehicle Carrier Services, or if any Defendant settles or agrees to settle charges regarding Vehicle Carrier Services, within 30 days of the guilty plea, settlement, or announcement of such plea or settlement (whichever is earlier) that Defendant shall produce to Plaintiffs the documents that Defendant produced to the DOJ, including any English translations of those documents. Moreover, it is Plaintiffs' position that any Defendant who has produced documents to any governmental regulator investigating the subject matter of this litigation shall produce to Plaintiffs the documents that it produced to governmental regulators, including any English translations of those documents.

**Motion to Dismiss Schedule:** Plaintiffs propose the following schedule for briefing Defendants' motions to dismiss (if any):

- **Filing Answers or Motions to Dismiss:** 90 days after the filing of consolidated amended complaints

- **Responses in opposition to motions to dismiss:** 60 days after filing motions to dismiss

- **Replies in support of motions to dismiss:** 30 days after filing oppositions to motion to dismiss

- **Hearing for motions to dismiss:** To be scheduled by the Court

Lewis H. Goldfarb
Lauren Fenton-Valdivia
Albert J. Pucciarelli
McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
Telephone: (973) 241-4224
lgoldfarb@mdmc-law.com
LValdivia@mdmc-law.com
apucciarelli@mdmc-law.com

*Proposed Direct Purchaser Liaison Counsel*

Kit A. Pierson
David A. Young
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dyoung@cohenmilstein.com

Manual John Dominguez
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Blvd  Suite 204
Palm Beach Gardens, FL 33410
Telephone: (561) 833-6575
jdominquez@cohenmilstein.com

Steven A. Kanner
Michael J. Freed
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
skanner@fklmlaw.com

Robert N. Kaplan
Richard J. Kilsheimer
Gregory K. Arenson
Lauren I. Dubick
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
rkaplan@kaplanfox.com
rkilsheimer@kaplanfox.com
garenson@kaplanfox.com
ldubick@kaplanfox.com

William J. Pinilis
KAPLAN FOX & KILSHEIMER LLP
160 Morris Street
Morristown, NJ 07960
Telephone: (973) 656-0222
wpinilis@kaplanfox.com

*Proposed Direct Purchaser Interim Co-Lead Counsel*

Solomon B. Cera
C. Andrew Dirksen
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 777-2230
scera@gbcslaw.com
cdirksen@gbcslaw.com

Joseph C. Kohn
Douglas A. Abrahams
William E. Hoese
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
jkohn@kohnswift.com
dabrahams@kohnswift.com
whoese@kohnswift.com

Lee Albert
Gregory B. Linkh
GLANCY BINKOW & GOLDBERG, LLC
122 East 42nd Street – Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
lalbert@glancylaw.com
glinkh@glancylaw.com

W. Joseph Bruckner
Heidi M. Silton
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
Telephone: (612) 339-6900
wbruckner@locklaw.com
hmsilton@locklaw.com

Gregory P. Hansel
Randall B. Weill
Michael Kaplan
Jonathan G. Mermin
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU &
PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
ghansel@preti.com
rweill@preti.com
mkaplan@preti.com
jmermin@preti.com
msmith@preti.com

Eugene A. Spector
Jeffrey J. Corrigan
Jay S. Cohen
Rachel E. Kopp
SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
espector@srkw-law.com
jcorrigan@srkw-law.com
jcohen@srkw-law.com
rkopp@srkw-law.com

*Additional Direct Purchaser Counsel*

James E. Cecchi
Lindsey H. Taylor
CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Proposed End-Payor Plaintiff Interim Liaison Counsel*

Hollis Salzman
Meegan Hollywood
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400

Terrell W. Oxford
Warren T. Burns
Daniel H. Charest
Omar Ochoa
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, TX 75202-3775
(214) 754-1900

Joseph W. Cotchett
Steven N. Williams
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

*Proposed End-Payor Plaintiff Interim Co-Lead Counsel*

|  |  |
|---|---|
|  | Peter S. Pearlman<br>COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP<br>Park 80 Plaza West-One<br>250 Pehle Ave., Suite 401<br>Saddle Brook, NJ 07663<br>Telephone: (201) 845-9600<br>psp@njlawfirm.com<br><br>*Proposed Automobile Dealer Liaison Counsel* |
| Jonathan W. Cuneo<br>Joel Davidow<br>Katherine Van Dyck<br>Daniel Cohen<br>CUNEO GILBERT & LADUCA, LLP<br>507 C Street NE<br>Washington, D.C. 20002<br>Telephone: (202) 789-3960<br>jcuneo@cuneolaw.com<br>joel@cuneolaw.com<br>kvandyck@cuneolaw.com<br>danielc@cuneolaw.com<br><br>Shawn M. Raiter<br>Paul A. Sand<br>LARSON • KING, LLP<br>2800 Wells Fargo Place<br>30 East Seventh Street<br>St. Paul, Minnesota  55101<br>Telephone: (651) 312-6500<br>sraiter@larsonking.com<br>psand@larsonking.com | Don Barrett<br>David McMullan<br>Brian Herrington<br>BARRETT LAW GROUP, P.A.<br>404 Court Square<br>P.O. Box 927<br>Lexington, Mississippi 39095<br>Telephone: (662) 834-2488<br>dbarrett@barrettlawgroup.com<br>bherrington@barrettlawgroup.com<br>dmcmullan@barrettlawgroup.com |

*Proposed Automobile Dealer Interim Co-Lead Counsel*

16

Dewitt Lovelace
Valerie Nettles
LOVELACE & ASSOCIATES, P.A.
Suite 200
12870 US Hwy 98 West
Miramar Beach, Florida  32550
Telephone:  (850) 837-6020
dml@lovelacelaw.com
alex@lovelacelaw.com

Gerard V. Mantese
David Hansma
Brendan Frey
MANTESE HONIGMAN ROSSMAN &
WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone:  (248) 457-9200
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com

Ben F. Pierce Gore
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, California 95126
Telephone:  (408) 369-0800
gore@prattattorneys.com

Charles Barrett
CHARLES BARRETT, P.C.
6518 Highway 100, Suite 210
Nashville, Tennessee 37205
Telephone:  (615) 515-3393
charles@cfbfirm.com

Thomas P. Thrash
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, Arkansas 72201
Telephone:  (501) 374-1058
tomthrash@sbcglobal.net

Armand Derfner, Esq.
DERFNER, ALTMAN & WILBORN
575 King Street, Suite B
Charleston, South Carolina 29403
Telephone:  (843) 723-9804
aderfner@dawlegal.com

*Additional Automobile Dealer Counsel*