UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
NEWARK VICINAGE

IN RE VEHICLE CARRIER SERVICES
ANTITRUST LITIGATION

MDL NO. 2471

This Document Relates to All Actions

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DISCOVERY PLAN**

Defendants respectfully submit these objections to plaintiffs' proposed discovery plan, which plaintiffs filed on January 24, 2014:

1. Plaintiffs' discovery plan is premature. Defendants respectfully submit that the most appropriate plan at this point would be to discuss a detailed discovery plan after the Court has decided the motions to dismiss. Plaintiffs initially agreed with this approach but then recently, and suddenly, changed their position. Based on plaintiffs' initial complaints, defendants intend to file motions to dismiss demonstrating, among other things, that plaintiffs do not have constitutional standing. It does not make sense to establish a detailed discovery plan before the Court has even determined whether it has jurisdiction.

Furthermore, plaintiffs have stated that they intend to file consolidated amended complaints. Those complaints may raise new issues and will be subject to motions to dismiss. As a practical matter, it is not possible to make meaningful and realistic decisions about the timing and scope of discovery before the Court has ruled on motions to dismiss. Only then will the metes and bounds of the claims and defenses in the case be revealed. The nature of the claims that survive a motion to dismiss, and the geographic locations and time periods they

implicate, will have a significant impact on the types of information that are relevant and discoverable, the locations that must be searched, and the relevant time periods for discovery. All of these issues have the potential to profoundly impact the volume of information that must be produced and the amount of time required to complete discovery.

Plaintiffs recognize that the scope of the claims and defenses in this case are unclear until the pleadings are closed; and that it is impossible to forecast accurately the scope of discovery until that time. In response to defendants' proposed document preservation plan, plaintiffs have stated:

> At this stage in the litigation, it is premature to narrow those obligations. Plaintiffs have not filed their consolidated amended complaints, nor have Defendants filed responses indicating what defenses they are raising. The parties have not filed their Rule 26 disclosures. Moreover, without a meaningful discussion about the types, sources, and scope of potentially relevant documents within each Defendant's possession, custody, or control, Plaintiffs cannot begin to work with Defendants to develop a more precise preservation plan.

If joinder of issues is necessary to address document preservation -- ordinarily one of the first tasks undertaken in litigation -- it is surely necessary to develop a discovery plan that may not be relevant for months or years.

2. <u>Plaintiffs impermissibly seek discovery of documents prior to filing their consolidated amended complaints</u>. Plaintiffs ask that that the Court order production of documents produced to enforcement agencies and transaction data before they have filed their consolidated amended complaints, much less demonstrated that such complaints can survive a motion to dismiss. That is completely inappropriate. A defendant should not be required to undertake discovery before plaintiffs have even demonstrated that they have a viable claim. Plaintiffs are required to conduct their own investigation before they invoke the judicial process.

- 2 -

That is why most courts deny production of documents obtained by enforcement agencies before there is a decision on a motion to dismiss. *See, e.g., Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, 2011 WL 4345432 at *4 (N.D. Ind. Sept. 15, 2011) ("Moreover, turning documents over to the government 'does not mean that everyone else has an equal right to rummage through the same records.'" (quoting *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577 at *5 (N.D. Cal. July 24, 2007))). Plaintiffs will not be prejudiced if the Court adheres to the normal practice of waiting until issue has been joined before discovery begins. *See, e.g., Edstrom v. Anheuser-Busch*, No. 13-cv-01309 MMC (NC), 2013 WL 4529725, at *3 (N.D. Cal. Aug. 26, 2013) (denying early discovery of documents produced to Department of Justice because "the potential prejudice to plaintiffs of not having these documents and depositions at this moment is slight.").

Plaintiffs may argue that production of such documents is not burdensome. That is not correct. In some jurisdictions, enforcement agencies seized large volumes of documents and electronic data without giving defendants an opportunity to conduct a privilege, relevancy, or any other review. Before those documents could be produced in U.S. private litigation, defendants would have to undertake a massive review for relevancy, privilege and privacy issues. Production of transaction data would also be burdensome. Defendants would have to identify the relevant transactions and then locate and copy huge amounts of data, much of which may prove unnecessary once the motions are decided. There is no justification for requiring such an effort before the filing of a viable complaint.

3. <u>Discovery should be phased.</u> Plaintiffs suggest that discovery should not be phased. While this issue too is premature, defendants respectfully submit that phasing makes sense. For instance, if the consolidated amended complaints survive a motion to dismiss, the

\\NY - 003424/000002 - 3077574 v1

next issue that plaintiffs will have to confront is class certification, where they are highly unlikely to succeed.  *See, e.g., In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3rd Cir. 2009) (no class certification where prices are individually negotiated);[1] *In re Rail Freight Surcharge Antitrust Litig.*, 725 F.3d 244 (D. C. Cir. 2013) (no class certification where unaffected purchasers pay same prices as affected purchasers).[2]  Because that would end the case as a practical matter, it does not make sense to permit full-blown merits discovery prior to the class certification.

        4.      <u>Plaintiffs' plan is objectionable in other respects</u>.  There are numerous other objectionable aspects to plaintiffs' proposed plan.  Among other things, plaintiffs insist that defendants be required to produce witnesses who work and reside in Japan for depositions in the U.S. or elsewhere in Asia.  That is contrary to the general rule that witnesses should be deposed where they are located.  *Imperial Chemical Industries, PLC v. Barr Laboratories, Inc.*, 126 F.R.D. 467 (S.D.N.Y. 1989); <u>*In re Motor Vehicle Air Pollution Control Equipment Litigation*</u>, 311 F. Supp. 1349 (JPML 1970).  Furthermore, plaintiffs ask that the Court order that, with respect to foreign-language documents, defendants produce any English translations produced to enforcement agencies.  Those translations are work product, and other courts have ordered that such translations need not be produced.  *In Re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 244 F.R.D. 434, 440 (N.D. Ill. 2007); *In re Copper Market Antitrust Litigation*, 200 F.R.D 213, 225 (S.D.N.Y. 2001).  In addition, production of such documents would impermissibly intrude on an ongoing criminal grand jury

---

[1]     End purchaser prices are individually negotiated.

[2]     Dealers pay the same transportation charge for imported and domestically produced vehicles.

\\NY - 003424/000002 - 3077574 v1

- 5 -

investigation.  This catalogue of objections is not exhaustive, but it illustrates why plaintiffs' proposed plan is, at the very least, premature.