UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VEHICLE CARRIER SERVICES ANTITRUST LITIGATION<br><br>*This Document Relates To All Actions* | Master Docket No.:13-3306(ES)(JAD)<br>(MDL No. 2471) |

**PLAINTIFFS' PROPOSED STIPULATION AND ORDER REGARDING PRESERVATION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND OTHER TANGIBLE ITEMS**

This Stipulation and Order Regarding Preservation of Documents, Electronically Stored Information, and Other Tangible Items (the "Stipulation and Order") shall govern the parties in the above-captioned Proceedings (the "Action").

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, all plaintiffs and defendants in this Action (collectively, the "parties," and singularly, a "party"), by and through their respective counsel of record, stipulate to the following preservation obligations:

A.      The parties shall, during the pendency of this Action, comply with their duty to preserve all documents, electronically stored information ("ESI"), and tangible objects that are relevant to this Action. Pursuant to Fed. R. Civ. P. 26(b)(1), the relevant information preserved need not be admissible at trial if the discovery of the documents, ESI, or tangible objects appear reasonably calculated to lead to the discovery of admissible evidence. This duty to preserve extends to documents, ESI, and tangible objects in the possession, custody, and control of the parties to this Action, and any employees or agents reasonably expected to possess relevant materials in this Action ("Custodian(s)"). Nothing in this Stipulation and Order is intended to broaden or diminish any obligations imposed by the Federal Rules of Civil Procedure.

B.	The term "ESI" refers to any electronically stored information in the possession, custody or control of the parties.  ESI is to be interpreted broadly to include all ESI contemplated by the Federal Rules of Civil Procedure, which, without limitation, includes metadata and information that is created, manipulated, communicated, and stored in and retrievable from an electronic medium.  Further, ESI includes all Documents stored in electronic form (whether maintained on-site or at off-site facilities) on computer systems, Network Accessible Storage Devices (hard drive or other storage device accessible to multiple users remotely over a party's computer network), Local Data Storage Devices, handheld devices (including without limitation tablets, cell phones, smart phones, and personal digital assistants), or Outlier ESI (ESI located in web accessible locations, such as "cloud" storage, whereby Custodians may have conducted business).

C.	The term "Document(s)" is synonymous and equal in scope to usage of this term in Fed. R. Civ. P. 34(a) and to the terms "[w]ritings and recordings," "photographs," "original" and "duplicate" defined in Fed. R. Evid. 1001.  Document means the original (or an identical duplicate if the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any medium upon which intelligence or information can be recorded or retrieved; including, but not limited to documents fixed in tangible media or electronically or digitally stored on disk or tape in a native format. This includes, without limitation, all ESI.

D.	"Preservation" is to be interpreted in accordance with the Federal Rules of Civil Procedure to accomplish the goal of maintaining the integrity of all documents, ESI, and tangible objects reasonably anticipated to be the subject of discovery under the Federal Rules of Civil

2

Procedure. Preservation includes taking steps in good faith to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

E. The parties agree that these preservation obligations extend only to the time period between January 1, 2002 through the present.

F. The Parties must take steps to preserve relevant documents in their original condition and ESI in its native format. This preservation duty also extends to any subsidiary in which a party holds more than a 50% interest or to any successor of a party if that subsidiary or successor is involved in the business of providing vehicle carrier services in the United States. Such steps include, without limitation:

1. Taking steps to identify all Custodians;

2. Directing Custodians and appropriate IT personnel with possession, custody, or control over relevant documents, ESI, or tangible objects to preserve potentially relevant information (this obligation does not require the parties to provide a copy of this Stipulation and Order to Custodians, provided steps are taken to inform Custodians of the substantive provisions of this Stipulation and Order and their individual obligations thereunder.);

3. Taking steps to preserve, in native format, any foreign translations of relevant documents. If foreign translations of any documents are withheld from production under claims of privilege by any party, such documents shall be identified and designated as a foreign translation in that party's accompanying privilege log;

4. Taking steps to (1) suspend the use of software that automatically updates the metadata relating to date and time created or date and time last modified on a relevant document, (2) suspend auto purge features of email systems and databases that may contain relevant documents, including but not limited to, the purging of emails or database documents after a certain time or after a certain size of a file is reached, (3) cease all defragmentation, compression, purging, or reformatting of digital media that may contain electronic data that may be subject to discovery unless all active files containing information within the scope of this Stipulation and

       Order have been copied and preserved; and (4) halting routine business practices geared to the destruction of relevant documents, ESI, or tangible objects, including but not limited to electronic data shredding; scheduled destruction of back-up media; drive hardware exchanges; sale, gift, or destruction of computer systems; overwriting back-up tapes; and re-imaging drives.

5. Taking steps to preserve the oldest known complete backup of all files reasonably expected to contain relevant information, to the extent that such a backup exists (once this obligation is satisfied, parties may continue to engage in the routine rotation of backup tapes going forward);

6. Taking steps to preserve in their current state all active files from electronic data sources that contain data that is within the scope of this Stipulation and Order;

7. Taking steps to preserve in their current state all data within the scope of this Stipulation and Order that is stored on any handheld device (including without limitation tablets, cell phones, smart phones, and personal digital assistants), regardless of whether the device is owned by a party, an employee of a party, or a third person;

8. Taking steps to preserve any existing transcripts or text files reflecting relevant contents of any voicemail systems owned by a party; and

9. Taking steps to preserve all security keys, encryption/decryption information, and policies that exist or are related to any data contemplated by this Stipulation and Order for the sole purpose of accessing the data.

    G.    Notwithstanding any other provision of this Stipulation and Order, persons may generate business documents without preserving dictation, drafts, interim versions or other temporary compilations of information if such documents would not have been preserved in the ordinary course of business. A party need not preserve information electronically stored on servers, hard drives, or similar locations not reasonably likely to contain information within the scope of this Stipulation and Order. A party, however, must preserve such ESI even if a Party maintains or will argue that the ESI is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B).

H. Provided that the parties take reasonable steps to comply with this Stipulation and Order, the parties will not seek sanctions on a party for failing to provide ESI lost inadvertently or as a result of the routine, good-faith operation of an electronic information system.

I. By agreeing to preserve information in accordance with the terms of this Stipulation and Order, the parties do not waive any objection to the relevance, discovery, admissibility, or format of production of any document, ESI, or other tangible object. In particular, the parties agree that by preserving any document, ESI, or other tangible object, a party to this Stipulation and Order does not concede that such document, ESI, or other tangible object is relevant, discoverable, or admissible, and no party hereto shall use the fact of such preservation in support of an argument that such document, ESI, or other tangible object is relevant, discoverable, or admissible.

J. The Parties agree that during the pendency of this Action, each Party has a continuous duty to preserve all documents, ESI, and tangible objects that are relevant to this Action.

K. This Stipulation and Order shall continue in full force and effect until order of the Court or until this litigation is terminated by a final judgment.

SO ORDERED this ___ day of _____, 2014.

_____
HONORABLE ESTHER SALAS, U.S. D.J.

/s/ Lauren Fenton-Valdivia
Lauren Fenton-Valdivia
Lewis H. Goldfarb
Albert J. Pucciarelli
McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
Telephone: (973) 241-4224
LValdivia@mdmc-law.com
lgoldfarb@mdmc-law.com
apucciarelli@mdmc-law.com

*Proposed Direct Purchaser Liaison Counsel*

| | |
|---|---|
| Manual John Dominguez | Robert N. Kaplan |
| Christopher J. Cormier | Richard J. Kilsheimer |
| COHEN MILSTEIN SELLERS & TOLL PLLC | Gregory K. Arenson |
| 2925 PGA Blvd  Suite 204 | Lauren I. Dubick |
| Palm Beach Gardens, FL 33410 | KAPLAN FOX & KILSHEIMER LLP |
| Telephone: (561) 833-6575 | 850 Third Avenue, 14th Floor |
| jdominquez@cohenmilstein.com | New York, NY 10022 |
| | Telephone: (212) 687-1980 |
| Kit Pierson | rkaplan@kaplanfox.com |
| COHEN MILSTEIN SELLERS & TOLL PLLC | rkilsheimer@kaplanfox.com |
| 1100 New York Ave NW | garenson@kaplanfox.com |
| Suite 500 West | ldubick@kaplanfox.com |
| Washington, DC 20005 | |
| Telephone: (202) 408-4600 | William J. Pinilis |
| kpierson@cohenmilstein.com | KAPLAN FOX & KILSHEIMER LLP |

| | |
|---|---|
| Steven A. Kanner<br>Michael J. Freed<br>Michael E. Moskovitz<br>FREED KANNER LONDON & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL 60015<br>Telephone: (224) 632-4500<br>skanner@fklmlaw.com | 160 Morris Street<br>Morristown, NJ 07960<br>Telephone: (973) 656-0222<br>wpinilis@kaplanfox.com |

*Proposed Direct Purchaser Interim Co-Lead Counsel*

Solomon B. Cera
C. Andrew Dirksen
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 777-2230
scera@gbcslaw.com
cdirksen@gbcslaw.com

Joseph C. Kohn
Douglas A. Abrahams
William E. Hoese
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
jkohn@kohnswift.com
dabrahams@kohnswift.com
whoese@kohnswift.com

Lee Albert
Gregory B. Linkh
GLANCY BINKOW & GOLDBERG, LLC
122 East 42nd Street – Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
lalbert@glancylaw.com
glinkh@glancylaw.com

W. Joseph Bruckner
Heidi M. Silton
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
Telephone: (612) 339-6900
wbruckner@locklaw.com
hmsilton@locklaw.com

Gregory P. Hansel
Randall B. Weill
Michael Kaplan
Jonathan G. Mermin
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU &
PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
ghansel@preti.com
rweill@preti.com
mkaplan@preti.com
jmermin@preti.com
msmith@preti.com

Eugene A. Spector
Jeffrey J. Corrigan
Jay S. Cohen
Rachel E. Kopp
SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
espector@srkw-law.com
jcorrigan@srkw-law.com
jcohen@srkw-law.com
rkopp@srkw-law.com

*Additional Direct Purchaser Counsel*

James E. Cecchi
Lindsey H. Taylor
**CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Proposed Interim Liaison Counsel
for End-Payor Plaintiffs*

Hollis Salzman
Meegan Hollywood
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400

Terrell W. Oxford
Warren T. Burns
Daniel H. Charest
Omar Ochoa
**SUSMAN GODFREY LLP**
901 Main Street, Suite 5100
Dallas, TX 75202-3775
(214) 754-1900

Joseph W. Cotchett
Steven N. Williams
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

*Proposed Interim Co-Lead Counsel for End-Payor Plaintiff*

Peter S. Pearlman
COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
Park 80 Plaza West-One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663 Telephone:(201) 845-9600
psp@njlawfirm.com

Jonathan W. Cuneo
Joel Davidow
Katherine Van Dyck
Victoria Romanenko
Daniel Cohen
CUNEO GILBERT & LADUCA, LLP
507 C Street NE
Washington, D.C. 20002
Telephone:(202) 789-3960
Facsimile: (202) 789-1813
jcuneo@cuneolaw.com
joel@cuneolaw.com
kvandyck@cuneolaw.com
vicky@cuneolaw.com
danielc@cuneolaw.com

Don Barrett
David McMullan
Brian Herrington
BARRETT LAW GROUP, P.A.
404 Court Square
P.O. Box 927
Lexington, Mississippi 39095
Telephone:(662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Shawn M. Raiter
Paul A. Sand
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone:(651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com
psand@larsonking.com

*Proposed Automobile Dealer Plaintiff Interim Co-Lead Counsel and Liaison Counsel*