UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VEHICLE CARRIER SERVICES ANTITRUST LITIGATION | Civil Action No. 13-3306(ES)(JAD) |
| *This Document Relates To All Actions* | **PLAINTIFFS' PROPOSED DISCOVERY CONFIDENTIALITY ORDER** |

WHEREAS during the course of this Litigation, the parties and certain non-parties may be subject to discovery requests and proceedings which seek the disclosure of information which the party or non-party to whom the request is directed considers to be confidential or proprietary; and

WHEREAS the parties wish to preserve the confidentiality of such information through the use of a Discovery Confidentiality Order; and

WHEREAS, the parties have stipulated and agreed to terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, as set forth in the accompanying Declarations of _____, good cause exists for entry of the Protective Order;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Order shall govern the handling of documents, depositions, deposition exhibits, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and any other information or material, and the contents thereof, produced, given or exchanged by and among the parties and any non-parties to this Litigation

(whether by formal process, agreement or otherwise) (together "Discovery Materials") in connection with discovery in the above-captioned action; and good cause appearing for the entry of this Discovery Confidentiality Order,

   IT IS THIS _____ day of January, 2014

 ORDERED as follows:

1. This Order shall apply to the following:

  a. the consolidated direct and indirect purchaser actions included in Master Docket 13-3306 (MDL 2471) (captioned "In Re: Vehicle Carriers Services Antitrust Litigation");

  b. any individual direct or indirect purchaser case included in MDL No. 2417;

  c. any case designated as a direct or indirect purchaser "tag-along" case to MDL No. 2417 or designated as a "related case" to any direct or indirect purchaser case in MDL No. 2417;

  d. any subsequent cases that are subsequently transferred to this Court for coordinated proceedings with the cases included in MDL No. 2417; and

  e. any appeals of the cases described in categories (a) through (d) above

(collectively the "Litigation").

2. **PARTIES TO THE CONFIDENTIALITY ORDER**.  This Discovery Confidentiality Order ("Order") governs the named Plaintiffs (including all named Plaintiffs that are transferred, coordinated or consolidated with this action) and all named Defendants ("Defendants") (collectively, "the Parties") in the captioned matter and all civil actions which might be subsequently transferred, coordinated or consolidated with this action (the "Actions"). All references to "Party" or "Designating Party" throughout this order are intended to include non-parties that produce Confidential or Highly Confidential material in any case to which this Order applies.

3. **SCOPE OF THE PROTECTIVE ORDER**.  This Order shall govern the use of Confidential Information and Highly Confidential Information produced during discovery in the Actions, including documents, depositions, deposition exhibits, interrogatory responses, and admissions.  For purpose of this Order, the Party designating information, documents, materials or items as "Confidential" or "Highly Confidential" (the "Designating Party") bears the burden of establishing the confidentiality of all such information, documents, materials or items.  All Confidential Information and Highly Confidential Information exchanged pursuant to this Order shall be used by the receiving party solely for purposes of the Actions, shall not be used by the receiving party for any other purpose, and shall not be disclosed by the receiving party to anyone other than those Qualified Persons set forth in Paragraphs 10-11.

4. **DEFINITION OF "CONFIDENTIAL INFORMATION" AND "HIGHLY CONFIDENTIAL INFORMATION"**.  For purposes of this Order, "Confidential Information" shall mean all non-public material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to the designating party's business advantage (*e.g.*, marketing documents, customer lists, business relationships with other parties and other similar information), personal financial information or other personally sensitive information, information received in confidence from third parties, and any other material that is Confidential pursuant to applicable law, including trade secrets.  Any copies or reproductions, excerpts, summaries or other documents or media that contain Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order.

5. For purposes of this Order, "Highly Confidential Information" shall mean Confidential Information which the Designating Party believes to be of a highly sensitive

commercial nature, such as documents or information reflecting forward-looking pricing and business strategy documents concerning a Party's particular product(s) or service(s) or line of products or services, financial statements reflecting sales data, product margin data, cost and expense data, profit and loss data, sales information relating to specific customers or classes of customers, non-public scientific research, or other categories of information which the parties agree should be designated as Highly Confidential Information, disclosure of which could create an elevated risk of causing substantial commercial or competitive harm.  Any copies or reproductions, excerpts, summaries or other documents or media that contain Highly Confidential Information as defined above shall also be treated as Highly Confidential Information pursuant to this Order.

6. Confidential Information and Highly Confidential Information shall not include information that has been publicly disclosed by any Party prior to the date of this Order, or that has been or is as of the date of this Order generally available to the public, or that becomes generally available to the public after the date of this Order other than as a result of disclosure by the Non-Designating Party.

7. **MARKING DOCUMENTS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"**.

a. *Documents*. A Producing Party shall, if appropriate, designate specific, hard-copy and non-natively produced electronic documents as (i) CONFIDENTIAL by marking the first page and each subsequent page of the produced copy or image of such document containing any Confidential Information with the legend "CONFIDENTIAL"; or as (ii) HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by marking the first page and each subsequent page of the produced copy or image of such document containing any Highly

Confidential Information with the legend "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY." All documents produced or disclosed during discovery in this Litigation shall be identified by Bates number and, to the extent practical, the appropriate designation shall be placed near the Bates number and in the Confidentiality metadata field. The impracticality or inadvertent failure to designate each page of a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS ONLY pursuant to this paragraph shall not constitute a waiver of the confidential nature of the document or page(s). For those documents produced natively, the producing party should apply the appropriate designation to a placeholder image, which states, for example, "This Document Produced Natively."

      b.     *Discovery Responses*. A Producing Party shall, if appropriate, designate discovery responses, including but not limited to interrogatory answers and responses to requests for admissions, as Confidential Information or Highly Confidential Information by placing the following legend on each page of the discovery responses containing Confidential or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

      c.     *Depositions*. In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) that contain Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by making a statement to that effect on the record at the deposition or by letter within 30 days of receipt of the final deposition transcript, a copy of the transcript, or written notification that the transcript is available. The entire deposition transcript (including

exhibits) shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period for designation. The following legend shall be placed on the front of all versions of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." If any part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY, the videocassette, other videotape container or DVD shall be labeled with the appropriate legend.

      d.    *Computerized Material*. To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic or other computer readable media), the Producing Party may designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY by cover letter or by affixing to the media containing the Confidential Information or Highly Confidential Information a label containing the appropriate legend. Whenever a Receiving Party reduces such computerized material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY to hard-copy form, the Receiving Party shall mark the hard-copy form with the appropriate legend. Whenever any Confidential or Highly Confidential computerized material is copied into another form, the Receiving Party shall also mark those forms with the appropriate legend. When producing CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY material electronically, the Producing Party shall include a metadata field with the confidentiality designation information as part of the metadata it produces.

e. *Restricting Access*. To the extent that any Receiving Party or counsel for the Receiving Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes, or maintains for review on any electronic system material that contains information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY that Receiving Party and its counsel must take all necessary steps to ensure that access to the electronic system and the media containing such information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information or Highly Confidential Information.

f. *Inspections*. Documents, materials, or other information to be inspected shall be treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY during inspection. Such documents or other materials or information that are later duplicated by or for the Receiving Parties shall be stamped, if designated, CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY.

8. **GOOD-FAITH BELIEF**. The designation of any material as "Confidential" or "Highly Confidential" pursuant to this Order shall constitute the verification of the Designating Party and its counsel that the material constitutes Confidential Information or Highly Confidential Information as defined above.

9. If at any time prior to the trial of these Actions, a Party realizes that previously undesignated documents or other material should be designated as Confidential Information or Highly Confidential Information, the Party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Upon receipt of such designation in writing, the Parties and other persons subject to this Order shall take reasonable

and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Confidential Information or Highly Confidential Information and to retrieve the newly designated Confidential Information or Highly Confidential Information from any person who is not permitted by this Order to have such information.

10. **QUALIFIED PERSONS**. Confidential Information may be disclosed only to the following Qualified Persons:

(a) the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

(b) the Parties, and for Parties which are not natural persons, Qualified Persons shall be limited to in-house counsel and no more than three directors, officers or employees of a party charged with the responsibility for making decisions dealing directly with the resolution of this Litigation with respect to that party;

(c) counsel of record for the Parties, including all partners and associate attorneys of such counsel's law firms who are assisting in the conduct of the Actions, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the Actions, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents of counsel when operating under the supervision of such partners or associate attorneys;

(d) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, retained by a Party or its counsel;

(e) consulting or testifying experts, including associated personnel necessary to assist experts in the Actions;

(f) any person who created, authored, received or reviewed such Confidential Information (including any custodian of such Confidential Information), any person identified on such Confidential material, any person who is an employee of the Producing Party or was an employee of the Producing Party at the time that the Confidential Information was created, and any person who it is reasonably believed, prior to disclosing the Confidential Information, that such person has knowledge of such information or the contents of the Confidential Information;

(g) witnesses or other persons from whom deposition testimony is taken or is scheduled to be taken in the Actions, provided that counsel can establish that such disclosure or access is reasonably necessary to the prosecution or defense of this Action, and provided that the Confidential Information may be disclosed to such persons only in the preparation for, review of, or in the course of his or her testimony, and that such person shall not retain such Confidential Information after his or her testimony is concluded;

(h) auditors and insurers of the Parties;

(i) any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in the Actions; and

(j) any person as may be designated by written agreement by the producing Party or by order of the Court.

11. Highly Confidential Information may be disclosed only to the following Qualified Persons: The persons identified in Paragraphs 10(a), (c), (d), (e), (f), (g), (i), and (j).

12. The counsel of record disclosing Confidential Information or Highly Confidential Information to a Qualified Person shall take all necessary steps to ensure that all Qualified Persons receiving Confidential Information or Highly Confidential Information abide by the terms of this Order and maintain it in a protected and secure manner, with access restricted at all times to Qualified Persons.

13. The Parties agree to limit their designation of Confidential Information and Highly Confidential Information solely to information which they, in good faith, believe qualifies for such designation under the definitions herein or under applicable law. No Party receiving such Confidential Information or Highly Confidential Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

14. **EXECUTING THE NON-DISCLOSURE AGREEMENT**. Each person to whom Confidential Information or Highly Confidential Information is disclosed, except the persons identified in ¶¶10 (a), (b), (c), (f), (g) and (h) above, shall execute a non-disclosure agreement in the form attached to this Order as Exhibit A before receiving Confidential Information or Highly Confidential Information. Copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Information or Highly Confidential Information to such person.

15. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**. A Party or other person objecting to designation of any material as Confidential Information or Highly

Confidential Information shall give written notice to the Designating Party. Upon receipt of the written objection, counsel for the Designating Party shall, within ten days, provide a written response to the objecting Party explaining the basis for the designation as Confidential Information or Highly Confidential Information; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential Information or Highly Confidential Information without a Court order. The Parties and any other objecting person(s) shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the objecting Party or person and the Designating Party cannot resolve their dispute through such meet and confer discussions, the Designating Party shall, within 14 days after serving its response to the objection notification, raise the issue with the Court in accordance with applicable dispute resolution procedures, and if it fails to do so, the Confidentiality designation shall be revoked. The Designating Party has the burden of establishing that the document is entitled to protection. Provided that the Designating Party makes an application to the Court within the time period set forth above, any material so designated shall remain Confidential Information or Highly Confidential Information, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise. In the event the Court rules that the challenged material is not Confidential Information or Highly Confidential Information, the Designating Party shall reproduce copies of all materials so designated without the "Confidential" or "Highly Confidential" designation at the Designating Party's expense within ten business days of the Court's order so ruling.

16. **INADVERTENT PRODUCTION**. To the extent consistent with applicable law, including, without limitation, Fed. R. Evid. 502(d), the inadvertent or unintentional disclosure of Confidential Information or Highly Confidential Information that should have been

designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed, advising them that the material should have been designated Confidential or Highly Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing, as Confidential Information or Highly Confidential Information under this Order.

17. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity. However, nothing within this Order restricts the right of the receiving Party to challenge the producing Party's claim of privilege.

18. **SUBPOENA FOR CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION**.  If any Party has obtained Confidential Information or Highly Confidential Information under the terms of this Order and receives a request to produce such Confidential Information or Highly Confidential Information by subpoena or other compulsory process commanding the production of such confidential information, unless barred by law or contract, such Party shall promptly notify the producing Party, including in such notice

the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process).  The receiving Party shall not be obligated to quash, seek a protective order or otherwise object to the order, subpoena, or other legal process but shall cooperate with respect to all reasonable procedures sought to be pursued by the producing Party whose Confidential Information or Highly Confidential Information may be affected.  Nothing herein shall prevent the receiving Party from timely complying with a subpoena served by a governmental entity or court.

19. **FILING CONFIDENTIAL INFORMATION**.  A Party may file under seal any document containing or referencing Confidential or Highly Confidential Information to the extent provided by the Local Rules and the Court's practice, so long as the Party complies with Definition 10 and Rule 5.3 of the Local Rules.

20. **TRIAL OR EVIDENTIARY HEARING(S)**.  In the event that the Actions proceed to trial or any evidentiary hearing, and should the need arise for any Party to disclose Confidential Information or Highly Confidential Information, including through argument or the presentation of evidence, such party may do so only after giving notice to the producing Party and as directed by the Court.

21. This Order shall be binding throughout and after final adjudication of these Actions, including, but not limited to, final adjudication of any appeals and petitions for extraordinary writs.  Nothing in this Order shall be construed to contradict any provision of law.

22. **FINAL TERMINATION**.  Upon final termination of the Actions, including any and all appeals, counsel for each Party shall, upon request of the producing Party, return all Confidential Information and Highly Confidential Information to the Party that produced the information within 60 days, including any copies, excerpts and summaries thereof, or shall

destroy same at the option of the receiving Party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Confidential Information or Highly Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Confidential Information or Highly Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

23. **MODIFYING THIS ORDER**. Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court, nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

_____
HONORABLE ESTHER SALAS, U.S.D.J.

**EXHIBIT A**

| | |
|---|---|
| IN RE: VEHICLE CARRIER SERVICES ANTITRUST LITIGATION<br><br>*This Document Relates To All Actions* | Civil Action No. 13-3306(ES)(JAD)<br><br>**CERTIFICATION TO AGREE TO TERMS OF DISCOVERY <u>CONFIDENTIALITY ORDER</u>** |

In consideration of the disclosure to me of information which is subject to a Discovery Confidentiality Order in this action, I agree as follows:

1. I have read the Discovery Confidentiality Order in this action and I agree to be bound by its terms.

2. I understand that if I violate the terms of this Discovery Confidentiality Order, I may be subject to an enforcement proceeding before the District Court, District Court of New Jersey.

3. I agree to submit myself to the personal jurisdiction of the District Court, District Court of New Jersey in connection with any proceeding concerning the Discovery Confidentiality Order.

Dated _____, 2014\_

By: _____

Printed Name: _____