UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: VEHICLE CARRIER SERVICES ANTITRUST LITIGATION**<br><br>*This Document Relates To All Indirect-Purchaser Actions* | Master Docket No. 13-cv-3306<br><br>(MDL No. 2471) |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO DISMISS INDIRECT-PURCHASER ACTIONS**

End-Payor Plaintiffs ("Plaintiffs") respectfully request that, in connection with the Court's consideration of the defendants' pending motions to dismiss, the Court take judicial notice of documents filed and/or published by the Antitrust Division of the United States Department of Justice ("Antitrust Division") in *United States of America v. Compania Sud Americana de Vapores S.A.*, Case No. 1:14-cr-00100-GLR (the "*CSAV* Criminal Action"), and *United States of America v. Kawasaki Kisen Kaisha, Ltd.*, Case No. 1:14-cr-00449-GLR (the "*K Line* Criminal Action"), both pending in the District of Maryland.

True and correct copies of the documents for which Plaintiffs seek judicial notice are attached to this request as exhibits "A" through "G":

**Exhibit A:**   *CSAV* Criminal Action Information

**Exhibit B:**   *CSAV* Criminal Action Press Release

**Exhibit C:**   *CSAV* Criminal Action Plea Agreement

**Exhibit D:**   *CSAV* Criminal Action Sentencing Transcript

**Exhibit E:**   *K Line* Criminal Action Information

**Exhibit F:**   *K Line* Criminal Action Press Release

**Exhibit G:**   *K Line* Criminal Action Plea Agreement

The grounds for this request are as follows:

1

1. Plaintiffs have asserted claims against, *inter alia*, defendants Compania Sud Americana de Vapores S.A. ("CSAV") and Kawasaki Kisen Kaisha, Ltd. ("K Line"), for violations of the Sherman Antitrust Act, 15 U.S.C. § 1, and related state-law antitrust and consumer-protection statutes arising from the defendants' provision of international ocean shipping services for roll-on, roll-off cargo.

2. On February 27, 2014, the Antitrust Division filed an Information in the District of Maryland charging defendant CSAV with violation of the Sherman Antitrust Act. *See* Ex. A, *CSAV* Criminal Action Information.

3. The same day, the Antitrust Division published a press release, "South American Company Agrees To Plead Guilty To Price Fixing On Ocean Shipping Services For Cars and Trucks," announcing the Antitrust Division's filing of the of the Information, as well as defendant CSAV's agreement to plead guilty to the charge and pay a $8.9 million criminal fine, subject to court approval. *See* Ex. B., *CSAV* Criminal Action Press Release. In the press release, Assistant Attorney General in charge of the Antitrust Division, Bill Baer, stated, "Today's charges are the first to be filed in the Antitrust Division's investigation into bid rigging and price fixing of ocean shipping services." *Id.*

4. On April 24, 2014, defendant CSAV entered a plea of guilty in the *CSAV* Criminal Action. Specifically, defendant CSAV pleaded guilty to having "participated in a conspiracy among ocean carriers of roll-on, roll-off cargo, the primary purpose of which was to suppress and eliminate competition by allocating customers and routes, rigging bids, and fixing prices for international ocean shipping services for roll-on, roll-off cargo, such as cars and trucks, to and from the United States and elsewhere, in violation of the Sherman Antitrust Act." Ex. C., *CSAV* Criminal Action Plea Agreement, ¶ 4(b).

5. On May 1, 2014, the Honorable George Levi Russell, III, United States District Judge, held a sentencing hearing in the *CSAV* Criminal Action in which the court accepted the terms of the plea agreement, which do not provide for restitution. Judge Russell stated: "Further, although restitution is not being ordered directly, based upon the representations of the

parties, there are numerous civil cases related to the same conduct, and that the disposition of those civil cases is being handled appropriately, without the necessity for a specific order of restitution." Ex. D, *CSAV* Criminal Action Sentencing Tr., p.30, lines 2 – 7.

6. On September 26, 2014, the Antitrust Division filed an Information in the District of Maryland charging defendant K Line with violation of the Sherman Antitrust Act. *See* Ex. E, *K Line* Criminal Action Information.

7. The same day, the Antitrust Division published a press release, "Japanese Company Agrees to Plead Guilty to Price Fixing on Ocean Shipping Services for Cars and Trucks," announcing the Antitrust Division's filing of the Information, as well as defendant K Line's agreement to plead guilty to the charge and pay a $67.7 million criminal fine, subject to court approval. *See* Ex. F, *K Line* Criminal Action Press Release. The Antitrust Division stated in the press release that, "Today's charge is the result of an ongoing federal antitrust investigation into price fixing, bid rigging, and other anticompetitive conduct in the international roll-on, roll-off ocean shipping industry." *Id*.

8. On November 5, 2014, defendant K Line entered a plea of guilty in the *K Line* Criminal Action. *See* Ex. G, *K Line* Criminal Action Plea Agreement. Specifically, defendant K Line pleaded guilty to "participating in a combination and conspiracy, starting from at least as early as February 1997 and continuing until at least September 2012, to suppress and eliminate competition by allocating customers and routes, rigging bids, and fixing prices for international ocean shipping services for roll-on, roll-off cargo, such as cars and trucks, to and from the United States and elsewhere, in violation of the Sherman Antitrust Act." *Id*. at ¶ 2.

    a. Furthermore, the Antitrust Division and defendant Kawasaki Kisen Kaisha, Ltd. agreed that, "[i]n light of the civil cases filed against the defendant, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information." *Id*. at ¶ 9(b).

    b. Also, the Antitrust Division agreed that, with respect to its decision not to seek criminal charges against current or former employees other than those individuals

3

specifically carved out, "[t]he non-prosecution terms of this paragraph do not apply to civil matters of any kind." *Id.* at ¶ 16(f).

9. When deciding a motion to dismiss, the Court may consider the allegations of the complaint, as well as "items subject to judicial notice" and "matters of public record." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3rd Cir. 2006). *See also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3rd Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").

10. It is well-established that a defendant's guilty plea and related filings are a proper subject of judicial notice in civil proceedings. *See, e.g., Matter of American Biomaterials Corp.*, 954 F.2d 919, 922 (3rd Cir. 1992) ("We take judicial notice of their guilty pleas in affirming the district court's finding that MacKay and Russell were embezzling from American."); *United States ex rel. Martinez v. Alldredge*, 468 F.2d 684, 686 n.2 (3rd Cir. 1972) ("Here the facts of Martinez's arrest, guilty plea and conviction, were matters of public record, of which a court may take judicial notice."); *Township of S. Fayette v. Allegheny County Housing*, 27 F. Supp. 2d 582, 594 (W.D. Pa. 1998) (on a motion to dismiss, court may take judicial notice of "publicly available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'"), *aff'd*, 185 F.3d 853 (3rd Cir. 1999); *see also Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (taking judicial notice of hearing transcript, because "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice.").

11. Moreover, under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that "is not subject to reasonable dispute," because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Other MDL courts have invoked this authority to take judicial notice of sentencing hearing transcripts and press releases published by the Antitrust Division, in ruling on motions to dismiss. *See In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich. June 6, 2013) (Dkt. No. 122)

(granting request for judicial notice of criminal information, sentencing hearing transcript, and Antitrust Division press release regarding civil defendant, noting that "[t]he Court is satisfied that the documents meet the requirements of Rule 201(b).").

WHEREFORE, Plaintiffs respectfully request that, when evaluating the defendants' motions to dismiss in this action, the Court take judicial notice of the attached documents from the *CSAV* Criminal Action and the *K Line* Criminal Action.

Dated: December 12, 2014

Hollis Salzman
Meegan Hollywood
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@rkmc.com
mfhollywood@rkmc.com

Warren T. Burns
Terrell W. Oxford
Daniel H. Charest
Omar Ochoa
**SUSMAN GODFREY LLP**
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com
dcharest@susmangodfrey.com
oochoa@susmangodfrey.com

Respectfully submitted,

By: */s/ Warren T. Burns*_____
James E. Cecchi
**CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Proposed Interim Liaison Counsel for End-Payor Plaintiffs*

Joseph W. Cotchett
Steven N. Williams
Alexander E. Barnett
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
abarnett@cpmlegal.com
etran@cpmlegal.com

*Proposed Interim Co-Lead Counsel for End-Payor Plaintiff*

Jonathan W. Cuneo
Joel Davidow
Katherine Van Dyck
Daniel Cohen
**CUNEO GILBERT & LADUCA, LLP**
507 C Street NE
Washington, D.C. 20002
Telephone:    (202) 789-3960
jcuneo@cuneolaw.com
joel@cuneolaw.com
kvandyck@cuneolaw.com
danielc@cuneolaw.com

Benjamin D. Elga
**CUNEO GILBERT & LADUCA, LLP**
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: (202) 789-3960
belga@cuneolaw.com

Don Barrett
David McMullan
Brian Herrington
**BARRETT LAW GROUP, P.A.**
404 Court Square
P.O. Box 927
Lexington, Mississippi 39095
Telephone:    (662) 834-2488
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Peter S. Pearlman
**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Park 80 Plaza West-One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone:                  (201) 845-9600
psp@njlawfirm.com

*Automobile Dealer Liaison Counsel*

Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
sraiter@larsonking.com

*Automobile Dealer Interim Co-Lead Counsel*

Dewitt Lovelace
Valerie Nettles
**LOVELACE & ASSOCIATES, P.A.**
12870 US Hwy 98 West, Suite 200
Miramar Beach, Florida 32550
Telephone: (850) 837-6020
dml@lovelacelaw.com
alex@lovelacelaw.com

Gerard V. Mantese
David Hansma
Brendan Frey
**MANTESE HONIGMAN ROSSMAN & WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com

Ben F. Pierce Gore
**PRATT & ASSOCIATES**
1871 The Alameda, Suite 425
San Jose, California 95126
Telephone: (408) 369-0800
gore@prattattorneys.com

*Additional Automobile Dealer Counsel*

Eric R. Breslin
**DUANE MORRIS LLP**
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102
Telephone: (973) 424-2063
erbreslin@duanemorris.com

Wayne A. Mack
J. Manly Parks
Andrew Sperl
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, Pennsylvania 19103
wamack@duanemorris.com
jmparks@duanemorris.com
arsperl@duanemorris.com
*Truck and Equipment Dealer Plaintiff Counsel*

**CERTIFICATE OF SERVICE**

  This is to certify that on December 12, 2014, a true and correct copy of the foregoing instrument was electronically served upon all counsel of record.


        */s/ Warren T. Burns*
        Warren T. Burns