IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| IN RE VEHICLE CARRIER SERVICES ANTITRUST LITIGATION *This document relates all actions* | Master Docket No.: 13-cv-3306 (MDL No. 2471) |

**BRIEF OF DEFENDANT EUKOR CAR CARRIERS, INC. IN SUPPORT OF ITS MOTION TO DISMISS ALL COMPLAINTS**

BALLARD SPAHR LLP
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
210 Lake Drive East – Suite 200
Cherry Hill, NJ 08002

HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

*Counsel for defendant
EUKOR Car Carriers, Inc.*

*Of Counsel and on the Brief:*

Roberto A. Rivera-Soto
Benjamin F. Holt
Maxim M.L. Nowak

## TABLE OF CONTENTS

                                                **Page**

TABLE OF AUTHORITIES .......................................... ii

I.    PRELIMINARY STATEMENT ....................................... 1

II.   ARGUMENT .................................................... 3

     A.    THE COMPLAINTS FAIL TO STATE A CLAIM UPON WHICH RELIEF
          CAN BE GRANTED ......................................... 3

          1.    The elements of plaintiffs'
               conspiracy claims ............................... 5

          2.    Plaintiffs' conclusory allegations are not
               entitled to an assumption of truth ............. 6

          3.    Plaintiffs' remaining allegations do not
               allege a plausible conspiracy .................. 8

III. CONCLUSION ................................................ 11

```
Case 2:13-cv-03306-ES-JAD   Document 214-1   Filed 01/26/15   Page 3 of 18 PageID: 3014

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S. Ct. 1937,
  173 L. Ed. 2d 868 (2009) ............................. 2, 3, 4, 8

BanxCorp v. Bankrate Inc.,
  No. 07-cv-3398(ES), 2012 WL 3133786 (D.N.J. July 30,
  2012) (Salas, J.), modified on reconsideration, No. 07-
  cv-3398(ES), 2012 WL 3988182 (D.N.J. Sept. 11, 2012) ......... 4

Bell Atl. Corp. v. Twombly,
  550 U.S. 544, 127 S. Ct. 1955,
  167 L. Ed. 2d 929 (2007) ................................ 2, 7, 9

Burtch v. Milberg Factors, Inc.,
  662 F.3d 212 (3d Cir. 2011) ............................ passim

Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,
  602 F.3d 237 (3d Cir. 2010) ................................... 7

In re Elevator Antitrust Litig.,
  502 F.3d 47 (2d Cir. 2007) .................................. 10

In re Ins. Brokerage Antitrust Litig.,
  618 F.3d 300 (3d Cir. 2010) ............................ 5, 6, 7

Mazzoccoli v. Merit Mountainside LLC,
  No. 12-cv-2168, 2012 WL 6697439 (D.N.J. Dec. 20, 2012) ....... 9

St. Clair v. Citizens Fin. Grp.,
  340 F. App'x 62 (3d Cir. 2009) ............................ 5, 9

Tose v. First Pennsylvania Bank, N.A.,
  648 F.2d 879 (3d Cir. 1981) ................................... 2

**STATUTES**

15 U.S.C. § 1 ............................................. 4, 5, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ...................................... 3

I.   **PRELIMINARY STATEMENT**.

Defendant EUKOR Car Carriers, Inc. ("EUKOR") respectfully submits that all of the complaints[1] should be dismissed as to all defendants for the reasons set forth in defendants' consolidated motions to dismiss; EUKOR adopts the arguments set forth in those motions.

EUKOR separately moves to dismiss all of the complaints in order to address a specific deficiency in the complaints with respect to EUKOR: plaintiffs have not alleged sufficient facts as to EUKOR that, when taken as true, "state a claim to relief that is plausible on its face." As a result,

---

[1]   The "complaints" include the following four complaints:

   (1)   the June 2, 2014 consolidated amended class action complaint on behalf of all direct purchasers [Dkt. No. 142] (the "Direct Purchasers complaint," filed by the "Direct Purchasers");
   (2)   the July 16, 2014 class action complaint for damages and injunctive relief on behalf of a group a truck dealers [not yet docketed] (the "Truck Centers complaint," filed by the "Truck Centers");
   (3)   the August 27, 2014 second consolidated amended class action complaint on behalf of all End-Payors [Dkt. No. 183] (the "End-Payors complaint," filed by the "End-Payors"); and,
   (4)   the October 6, 2014 second consolidated amended class action complaint on behalf of all Automobile Dealers [Dkt. No. 199] (the "Auto Dealers complaint," filed by the "Auto Dealers").

For ease of reference, the Auto Dealers, the Truck Centers and the End-Payors are collectively referred to as the "Indirect Purchasers," and the Indirect Purchasers and the Direct Purchasers are collectively referred to as "plaintiffs."

their claims against EUKOR must be dismissed, as required by Bell Atl. Corp. v. Twombly and Ashcroft v. Iqbal.

EUKOR's absence from the complaints is striking. In total, the four complaints contain 906 paragraphs of allegations. After disregarding conclusory allegations, as Twombly requires, only three of the complaints' collective paragraphs allege any facts at all about EUKOR. Specifically, two of complaints recite the single inconsequential fact that a former EUKOR employee previously worked for a EUKOR sister company and currently works for another Scandinavian-based carrier. Auto Dealers Compl. ¶ 93; End-Payors Compl. ¶ 148. And, one of the complaints alleges that EUKOR was involved in "raids or unannounced inspections" by government regulators including the Japan Fair Trade Commission ("JFTC"), but then candidly admits that EUKOR was not among those defendants who allegedly received "cease and desist orders and fines" from the JFTC. Direct Purchasers Compl. ¶¶ 68, 71. The remaining complaint -- the Truck Centers complaint -- does not include a single non-conclusory factual allegation about EUKOR.

These allegations do not approach the necessary quantum of factual matter sufficient to "nudge" plaintiffs' conspiracy claims across the line to "plausible," as Twombly and this Circuit require. Tose v. First Pennsylvania Bank, N.A.,

648 F.2d 879, 894 (3d Cir. 1981). The complaints should be dismissed as to EUKOR.[2]

## II. ARGUMENT

### A. THE COMPLAINTS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

To withstand a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007)); see also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011) ("The plausibility standard requires the complaint to allege enough facts to state a claim to relief that is plausible on its face."). A complaint satisfies the plausibility standard when the factual allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ibid. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,

---

[2] As alleged in one of the complaints, EUKOR "is a South Korean company with its principal place of business in Seoul, South Korea," of which "Wilh. Wilhelmsen ASA owns 40%, Wallenius Lines AB owns 40%, and Hyundai Motor Company and Kia Motors Corporation jointly own 20%." Direct Purchaser Compl. ¶ 19.

- 3 -

n]or does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement'." Iqbal, supra, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d at 883-84 (quoting Twombly, supra, 550 U.S. at 555, 127 S. Ct. at 1955, 167 L. Ed. 2d at 940).

> The Twombly-Iqbal analysis consists of three steps:
>
> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.
>
> [Burtch, supra, 662 F.3d at 221 (applying "three step" framework to affirm Rule 12(b)(6) dismissal of Sherman Act Section 1 claim) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal quotation marks omitted)).]

See also BanxCorp v. Bankrate Inc., No. 07-cv-3398(ES), 2012 WL 3133786, at *3 (D.N.J. July 30, 2012) (Salas, J.) (dismissing Section 1 claim for failure to proffer factual allegations making conspiracy "plausible"), modified on reconsideration, No. 07-cv-3398(ES), 2012 WL 3988182 (D.N.J. Sept. 11, 2012) (granting dismissal on additional, unrelated ground).

- 4 -

Under this three-step standard, the claims against EUKOR must be dismissed.[3]

### 1. **The elements of plaintiffs' conspiracy claims**.

To establish a horizontal price-fixing conspiracy under § 1 of the Sherman Act that is subject to per se condemnation -- as plaintiffs seek here -- a plaintiff must allege that "the defendant was a party to a contract, combination . . . or conspiracy." Burtch, supra, 662 F.3d at 221 (quoting In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 315 (3d Cir. 2010) (internal quotation marks omitted)). This requires an actual agreement between competitors; "[u]nilateral action, regardless of the motivation, is not a violation of Section 1." Id. at 221. To establish an "agreement," a plaintiff must proffer either "allegations of direct evidence of an agreement" or "circumstantial evidence of parallel behavior," which requires that the complaint state

---

[3] Although this argument is focused on plaintiffs' failure to plead a claim under § 1 of the Sherman Act, 15 U.S.C. § 1, it applies with full force to plaintiffs' allegations that EUKOR is liable under state antitrust laws, state unfair competition laws, and the equitable doctrine of unjust enrichment. All of these claims arise from the same factual allegations, and seek to establish liability on substantially the same theory as what underpins their Sherman Act claims. See, e.g., Truck Centers Compl. ¶¶ 197-246 (for state law causes of action, proffering no additional factual allegations and referencing above-described allegedly "unlawful" conduct); Auto Dealers Compl. ¶¶ 213-64 (same); End-Payors Compl. ¶¶ 213-89 (same). St. Clair v. Citizens Fin. Grp., 340 F. App'x 62, 65 (3d Cir. 2009) (noting that New Jersey "state law antitrust claims are only viable if the corresponding federal claims are sufficient").

facts that "place the alleged behavior in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." Ins. Brokerage, supra, 618 F.3d at 324 (citation and internal quotation marks omitted).[4] These additional contextual facts are referred to as "plus factors," and include "(1) evidence that the defendant had a motive to enter into a price fixing conspiracy; (2) evidence that the defendant acted contrary to its interests; and (3) evidence implying a traditional conspiracy." Id. at 322.

### 2. Plaintiffs' conclusory allegations are not entitled to the assumption of truth.

Under the second step of a Twombly-Iqbal analysis, the Court must disregard all conclusory allegations concerning EUKOR, as they are "not entitled to the assumption of truth." Burtch, supra, 662 F.3d at 222 (citations omitted). The complaints barely mention EUKOR at all. To the extent they do, all plaintiffs can muster are "conclusory allegations." For example, the three indirect purchasers' complaints allege that

---

[4] Direct evidence of agreement is "evidence that is explicit and requires no inferences to establish the proposition or conclusion being asserted." Ins. Brokerage, supra, 618 F.3d at 324 n.23 (quoting In re Baby Food Antitrust Litig., 166 F.3d 112, 118 (3d Cir. 1999) (internal quotation marks omitted)). A plaintiff relying on direct evidence must plead "enough fact to raise a reasonable expectation that discovery will reveal" this "direct evidence." Id. at 324. In stark contrast, plaintiffs allege no direct evidence of any agreement involving EUKOR.

- 6 -

"[d]efendants MOL, NYK, 'K' Line, WWL, and/or EUKOR . . . agreed to manipulate capacity and restrict the supply of Vehicle Carrier Services via fleet reductions." Auto Dealers Compl. ¶ 133; End-Payors Compl. ¶ 146; Truck Centers Compl. ¶ 133 (emphasis supplied). This conclusory and fatally ambivalent allegation suggests nothing more than that EUKOR may or may not have been involved with some undefined, non-specific conduct. EUKOR is conspicuously absent from the Auto Dealers' subsequent list of actions allegedly taken by others "as a result of those agreements." See id. ¶¶ 136-40. Similarly, the End-Payors offer only that EUKOR had "discussions with" a competitor about fleet reductions, id. ¶ 148, but then fall short of alleging any facts in support of an actual agreement. Bereft of any details, these allegations are "conclusory" under Twombly and must be disregarded. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 255 (3d Cir. 2010) (disregarding allegations where "the amended complaint states only in a conclusory manner that all of the defendants . . . conspired[,]" and affirming dismissal of § 1 claims); Twombly, supra, 550 U.S. at 557, 127 S. Ct. at 1966, 167 L. Ed. 2d at 941 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

The Direct Purchasers broadly allege that "[d]uring late 2008 to early 2009, MOL also discussed fleet reductions and

- 7 -

\\NY - 003497/000003 - 3595987 v3

reached understandings concerning such reductions" with a list of others that includes EUKOR. Direct Purchasers Compl. ¶ 59. However, they do not even purport to allege <u>what</u> those "understandings" were, <u>ibid.</u>; <u>see also</u> <u>Ins. Brokerage</u>, <u>supra</u>, 618 <u>F.</u>3d at 326 (disregarding conclusory allegations stating that alleged conspirators "all agreed . . . horizontally among themselves" and "simultaneously agreed horizontally not to compete with each other"). These scarce, gossamer-thin allegations, together with all general statements of liability concerning all defendants collectively, must be disregarded as conclusory. <u>See</u> <u>Iqbal</u>, <u>supra</u>, 556 <u>U.S.</u> at 678, 129 <u>S. Ct.</u> at 1949, 173 <u>L. Ed.</u> 2d at 884 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### 3. **Plaintiffs' remaining allegations to not allege a plausible conspiracy claim.**

Turning to the third and final step in the <u>Twombly-Iqbal</u> analysis, once the conclusory allegations rightly are ignored, the focus shifts to the remaining factual allegations to determine whether they suffice to state a "plausible" claim. <u>Burtch</u>, <u>supra</u>, 662 <u>F.</u>3d at 225 (citations omitted). Across all four complaints, there are only two such allegations.[5]

---

[5] Setting aside the single conclusory allegation noted above, the Truck Centers complaint includes no factual allegations at all regarding EUKOR.

- 8 -

First, the End-Payors and the Auto Dealers allege that one former EUKOR employee also spent time working for a competitor (and for EUKOR's sister company, WWL). See End-Payors Compl. ¶ 108; Auto Dealers Compl. ¶ 92. To the extent the End-Payors and the Auto Dealers proffer this allegation in furtherance of some "circumstantial evidence" theory of liability, they miss the mark. See St. Clair, supra, 340 F. App'x at 65 (dismissing as "wholly inadequate" "conspiracy claims" that relied "on the parallel fee structures of several competing banks and the assertion that the individual defendants, officers of Citizens Bank, each had prior work experience at other banks"). As the End-Payors perforce candidly concede, the fact that employees may work with competing companies throughout their career "is not unusual and is true of many industries." End-Payors Compl. ¶ 108. Of course, an employee shifting between companies is entirely consistent with competitive conduct. Plaintiffs never explain -- because they cannot -- why this fact would make their theories of price-fixing and bid-rigging "plausible," as required by Twombly. It does not. See Mazzoccoli v. Merit Mountainside LLC, No. 12-cv-2168, 2012 WL 6697439, at *8 (D.N.J. Dec. 20, 2012) ("Even assuming discovery proved the existence of a [very close personal relationship between competitors], mere contacts and communications, or the mere opportunity to conspire, among

- 9 -

antitrust defendants is insufficient evidence from which to infer an anticompetitive conspiracy.").

Second, the Direct Purchasers complaint, but no others, mentions EUKOR as allegedly among the companies that were involved in "raids or unannounced inspections" by government regulators, including the JFTC. Direct Purchasers Compl. ¶ 68. That said, an alleged "unannounced inspection" by a non-US regulator does not assist the Direct Purchasers in stating a claim. See In re Elevator Antitrust Litig., 502 F.3d 47, 52 (2d Cir. 2007) (affirming dismissal of complaint for failure to state claim because "[a]llegations of anticompetitive wrongdoing in Europe -- absent any evidence of linkage between such foreign conduct and conduct here -- is merely to suggest (in defendants' words) that 'if it happened there, it could have happened here'"). Moreover, plaintiffs admit that EUKOR was <u>not</u> among those defendants who allegedly received "cease and desist orders and fines" from the JFTC. Direct Purchasers Compl. ¶ 71. The name "EUKOR" literally disappears from the Direct Purchasers complaint following the brief notation regarding alleged raids. The allegations about the JFTC are irrelevant. But, to the extent plaintiffs choose to rely on them, EUKOR's absence from the list of those allegedly fined is notable.

None of the complaints alleges any "parallel conduct" by EUKOR that would get plaintiffs to the initial point of

\\NY - 003497/000003 - 3595987 v3

departure for alleging a conspiracy based on circumstantial evidence. The three paragraphs -- out of 906 -- that actually include factual allegations about EUKOR cannot state a plausible conspiracy claim against EUKOR. The claims must be dismissed. See Burtch, supra, 662 F.3d at 228 (affirming dismissal of complaint where plaintiff "fail[ed] to even allege . . . parallel conduct," let alone "plus factors" that might give rise to plausible inference of illegal agreement).

## III. CONCLUSION.

For the foregoing authority, arguments and reasons, EUKOR respectfully submits that its motion to dismiss all of the complaints as to it should be granted, and that each of the complaints against it should be dismissed.

Respectfully submitted,

/s/ Roberto A. Rivera-Soto
Roberto A. Rivera-Soto
**BALLARD SPAHR LLP**
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
tel: (856) 761-3400
fax: (856) 761-1020
riverasotor@ballardspahr.com

/s/ Benjamin F. Holt
Benjamin F. Holt
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, N.W.
Washington, DC 20004
tel: (202) 637-5600
fax: (202) 637-5910
benjamin.holt@hoganlovells.com

*Attorneys for defendant*
*EUKOR Car Carriers, Inc.*

**DATED:** October 13, 2014

**CERTIFICATE OF SERVICE**

I certify that, in accordance with the Court's directions and on the date listed below, I caused true and correct copies of defendants' notice of motion to dismiss the indirect purchasers' complaints, the consolidated brief of defendants in support of their motion to dismiss the indirect purchasers' complaints, the exhibits thereto, and a proposed form of order to be served electronically addressed to:

Kit A. Pierson
David A. Young
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Avenue, NW – Suite 500
Washington, D.C. 20005
kpierson@cohenmilstein.com
dyoung@cohenmilstein.com

Steven A. Kanner
Michael J. Freed
Michael E. Moskowitz
**FREED KANNER LONDON & MILLEN, LLC**
2201 Waukegan Road – Suite 130
Bannockburn, Illinois 60015
skanner@fklmlaw.com
mfreed@fklmlaw.com
mmoskowitz@fklmlaw.com

Robert N. Kaplan
Richard J. Kilsheimer
Gregory K. Arenson
Lauren I. Dubick
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue – 14th Floor
New York, New York 10022
rkaplan@kaplanfox.com
rkilsheimer@kaplanfox.com
ldubick@kaplanfox.com

*Interim lead co-counsel for the direct purchasers*

\\NY - 003497/000003 - 3595987 v3

Robert P. Donovan
Lewis H. Goldfarb
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kimble Avenue
Morristown, New Jersey 07962
rdonovan@mdmc-law.com
lgoldfarb@mdmc-law.com

*Interim liaison counsel for the direct purchasers*

\* \* \* \* \*

Hollis Salzman
Meegan Hollywood
**ROBINS, KAPLAN, MILLER & CIRESI, LLP**
601 Lexington Avenue – Suite 3400
New York, New York 19922
hsalzman@rkmc.com
mfhollywood@rkmc.com

Terrell W. Oxford
Warren T. Burns
Daiel H. Charest
Omar Ochoa
**SUSMAN GODFREY LLP**
901 Main Street – Suite 5100
Dallas, Texas 75202-3775
toxford@sussmangodfrey.com
wburns@sussmangodfrey.com
dcharest@sussmangodfrey.com
oochoa@sussmangodfrey.com

Joseph W. Cotchett
Steven N. Williams
**COTCHETT, PITRE & MCCARTHY, LLP**
Ssan Francisco Airport Office Center
840 Malcolm Road – Suite 200
Burlingame, California 29010
jcotchett@cpmlegal.com
swilliams@cpmlegal.com

*Interim lead co-counsel for the End-Payors*

- 2 -

<div align="center">

James E. Cecchi
Lindsay H. Taylor
**CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
JCecchi@carellabyrne.com
LTaylor@carellabyrne.com

*Interim liaison counsel for the End-Payors*

\* \* \* \* \*

Jonathan W. Cuneo
Joel Davidow
Katherine Van Dyck
Daniel Cohen
**CUNEO GILBERT & LADUCA, LLP**
507 "C" Street, NE
Washington, DC 20002
JonC@cuneolaw.com
Joel@cuneolaw.com
kvandyck@cuneolaw.com
danielc@cuneolaw.com

Don Barrett
David McMullan
Brian Herrington
Sterling Starns
**BARRETT LAW GROUP, P.A.**
404 Court Square
P.O. Box 927
Lexington, Mississippi 39095
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
bherrington@barrettlawgroup.com
sstarns@barrettlawgroup.com

Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
sraiter@larsonking.com

*Interim lead co-counsel for the Auto Dealers*

</div>

- 3 -

\\NY - 003497/000003 - 3595987 v3

Peter S. Pearlman
COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
Park 80 Plaza West - One
250 Pehle Avenue - Suite 401
Saddle Brook, New Jersey 07663
psp@njlawfirm.com

*Interim liaison counsel for the Auto Dealers*

* * * * *

Eric R. Breslin
DUANE MORRIS LLP
One Riverfront Plaza Suite 1800
1037 Raymond Boulevard
Newark, New Jersey 07102
ebreslin@duanemorris.com

*Interim lead counsel for the Truck Centers*

**DATED:**    October 13, 2014    _____
Roberto A. Rivera-Soto

- 4 -