# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

**COUNSELLORS AT LAW**

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **5 BECKER FARM ROAD** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **ROSELAND, N.J.  07068-1739** | AVRAM S. EULE | ALAN J. GRANT° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | **PHONE (973) 994-1700** | RAYMOND W. FISHER | STEPHEN R. DANEK |
| JOHN M. AGNELLO | MELISSA E. FLAX | **FAX (973) 994-1744** | _____ | DONALD A. ECKLUND |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | www.carellabyrne.com | OF COUNSEL | MEGAN A. NATALE |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | | | AMANDA J. BARISICH |
| | BRIAN H. FENLON | | | ZACHARY S. BOWER+ |
| | LINDSEY H. TAYLOR | | | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | CAROLINE F. BARTLETT | | | CHRISTOPHER J.  BUGGY |
| JOHN G. GILFILLAN III (1936-2008) | | | | °MEMBER NY BAR ONLY |
| ELLIOT M. OLSTEIN (1939-2014) | | | | +MEMBER FL BAR ONLY |

June 8, 2015

**VIA ECF**

Honorable Esther Salas, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building & Courthouse
50 Walnut Street - Room 5076
Newark, New Jersey 07102

      Re:     In Re Vehicle Carrier Services Antitrust Litigation,
                 Master Docket No.:  13-cv-3306, MDL 2471

Dear Judge Salas,

      We are Interim Liaison Counsel for the End-Payor Class.  We write on behalf of the End-Payor Plaintiffs, Automobile Dealer Plaintiffs, and Truck and Equipment Dealer Plaintiffs (Indirect Purchaser Plaintiffs, or "IPPs") in the matter referenced above to bring to your attention the United States Supreme Court's recent decision in *Oneok, Inc. v. Learjet, Inc*. 575 U.S. ____, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015) and its application to the pending motions to dismiss in this case.[1]  In *Oneok*, the Court held that Congress's passage of the Natural Gas Act did not preempt certain state antitrust claims brought by private litigants.  *Oneok* bears directly on the field preemption arguments Defendants advanced in their consolidated motion to dismiss IPPs' complaint (Doc. 209).

      In *Oneok*, plaintiffs purchased large quantities of natural gas from natural gas pipelines. 191 L. Ed. 2d at 516.  Alleging that the natural gas companies illegally manipulated the price of natural gas, plaintiffs brought suit under various state antitrust laws.  *Id.*  The district court granted the defendants' motion for summary judgment on the grounds that the Natural Gas Act preempted plaintiffs' state-law antitrust claims.  *Id.* at 521.  The district court credited defendants' arguments and granted summary judgment.  *Id.*  The Ninth Circuit reversed, construing the preemptive scope of the Natural Gas Act narrowly so as to permit certain state antitrust regulation and private plaintiffs' related state-law antitrust claims seeking damages.  *Id.* The Supreme Court granted *certiorari* to resolve a conflict between the Ninth Circuit's decision

---

[1] We have attached a copy of the *Oneok* opinion for your convenience.

June 8, 2015
Page 2

and the Tennessee Supreme Court' decision in *Leggett v. Duke Energy Corp.*, 308 S.W. 3d 843 (Tenn. 2010), the latter of which Defendants have asserted supports field preemption here. *Id.*

Courts had long held that the Natural Gas Act preempted state regulation of interstate and wholesale purchases of natural gas, while preserving the rights of states to regulate production and retail activity. *Id.* at 522. In affirming the Ninth Circuit's decision, the Court first emphasized its reluctance to find field preemption where Congress had drafted the Natural Gas Act "with meticulous regard for the continued exercise of state power, not to handicap or dilute it in any way." *Id.* (quoting *Panhandle Eastern Pipe Line Co. v. Public Serv. Comm'n of Ind.*, 332 U.S. 507, 517-18 (1947)).

In embracing the Ninth Circuit's ruling over *Leggett*, the Court rejected the argument that the Natural Gas Act preempts state laws of general applicability that might have some effect on activity subject to federal regulation. *Id.* at 523. As the Court explained:

> Antitrust laws, like blue sky laws, are not aimed at natural-gas companies in particular, but rather all businesses in the market place. … This broad applicability of state antitrust law supports a finding of no applicability here.

*Id*. The Court reaffirmed that "[s]tates have a 'long history of' providing 'common-law and statutory remedies against monopolies and unfair business practices,'" and that the plaintiffs' "state-law antitrust suits relied on this well established state power." *Id*. at 516 (quoting *California v. ARC America Corp.*, 490 U. S. 93, 101 (1989). In further support, the Court explained that the state antitrust lawsuits at issue did not challenge activity specifically approved by federal regulators, but instead challenged background marketplace conditions affecting activity subject to both federal and state regulation. *Id.* at 515-16.

Here, similarly, defendants erroneously maintain that permitting IPPs state law claims to proceed would undermine the "congressional objectives of uniformity in the regulation of international ocean shipping and of minimizing government involvement." Consolidated Brief of Defendants in Support of Their Motion to Dismiss the Indirect Purchasers' Complaints (Doc. 209), at 60. In support of this dubious proposition, defendants rely on *Leggett*. *See id*. (Doc. 209), at 56 (quoting *Leggett*, 308 S.W. 3d at 871 ("[T]he application of our state's antitrust law to the circumstances here would undermine two essential purposes of the federal legislation: uniformity and freedom from government interference.")). *Oneok* precludes any reliance on *Leggett* here. The state laws at issue in this case are laws of general applicability; they ensure that background marketplace conditions are open, fair, and preclude the price-fixing activity that has harmed IPPs. After *Oneok*'s rejection of Defendants' *Leggitt*-based arguments, no credible claim exists that the state laws at issue here impede the application or enforcement of the Shipping Act.

In addition, the Supreme Court in *Oneok* recognized that preemption of state antitrust regulation is unwarranted where Congress has not evinced the intent to do so. Here, the Shipping Act expressly precludes certain federal antitrust suits—but it avoids precluding suits

June 8, 2015
Page 3

brought to enforce state antitrust statutes.  *See* Indirect Purchaser Plaintiffs' Response to Consolidated Brief of Defendants in Support of Their Motion to Dismiss the Indirect Purchasers' Complaints, Doc. 210 at 57-61.  Congress enacted the Shipping Act in 1984, long after *Illinois Brick* and the advent of modern indirect purchaser litigation under state antitrust statutes.  *Id.*  Having expressly precluded certain federal antitrust claims in the Shipping Act, Congress certainly was capable of extending the preemptive reach of the Shipping Act to state antitrust actions.  *Id.*  That it did not suggests that, as with the Natural Gas Act, Congress sought to preserve "the continued exercise of state power" in the antitrust area.  191 L. Ed. 2d at 515, 522.

   Thank you for your continued attention to this matter. If the Court has any questions, we are available at your convenience.

Very truly yours,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

*s/ James E. Cecchi*

JAMES E. CECCHI

Encl.
Cc:  All Counsel of Record (via ECF)