# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In Re:<br>Vehicle Carrier Services<br>Antitrust Litigation<br><br>*This Document Relates to End-Payor, Automobile<br>Dealer, and Truck and Equipment Dealer Actions* | Master Docket No.: 13-cv-3306<br>(MDL No. 2471) |

## INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
## IN SUPPORT OF MOTION FOR RECONSIDERATION

Pursuant to Federal Rules of Civil Procedure ("Rules") 59(e) and 60(b) and Local Rule 7.1(i), End-Payor, Automobile Dealer, and Truck and Equipment Dealer Plaintiffs (collectively, "Indirect Purchaser Plaintiffs") hereby move this Court for reconsideration of its August 28, 2015 Opinion and Order ("Or.") dismissing the Indirect Purchaser Plaintiffs' complaints.

At the time the Opinion and Order was issued, Indirect Purchaser Plaintiffs had provided notice to the Court that they had reached settlements with Kawasaki Kisen Kaisha, Ltd. and "K" Line America, Inc. (together, "K Line") Mitsui O.S.K. Lines, Ltd., Mitsui O.S.K. Bulk Shipping (USA), Inc., and World Logistics Service (USA) Inc. (together, "MOL") (collectively, "Settling Defendants"). The parties to those settlements seek to effectuate the settlements, and for that reason respectfully request that the Court retain jurisdiction over claims asserted against K Line and MOL for the limited purpose of considering the parties' motions for preliminary and final approval of those settlements and to provide notice to the class of those motions so that all affected class members have notice and an opportunity to be heard. Retaining such jurisdiction will further the interests of the Court and the parties by bringing final resolution to a substantial part of the claims at issue, in accordance with the general policy of encouraging settlements.

## BACKGROUND

Following months of difficult and protracted negotiations, the Indirect Purchaser Plaintiffs reached a settlement with K Line early on the morning of the hearing on Defendants' motions to dismiss. (July 23, 2015 Transcript ("Tr.") at 11). Weeks later, on August 17, 2015, again after months of negotiations, Indirect Purchaser Plaintiffs reached an agreement with MOL. (Doc. 272). Both settlements provide significant monetary benefits to injured class members and brought peace to K Line and MOL. Indirect Purchaser Plaintiffs and the Settling Defendants documented the settlements with binding memoranda of understanding. Each provided that the settlement would be

binding, notwithstanding any adverse decision by the Court on the consolidated motion to dismiss. And counsel for Indirect Purchaser Plaintiffs informed the Court that the Plaintiffs would be submitting the settlements for preliminary approval.  (Tr. at 11; Doc. 272 at 1).  In addition, both Indirect Purchaser Plaintiffs and MOL expressly requested that the Court stay the proceedings as to MOL, so that the parties might effectuate their settlement.

On August 28, 2015, this Court granted the Defendants' consolidated motion to dismiss and ordered that the Indirect Purchaser Plaintiffs' complaints be dismissed.  In so doing, the Court noted the settlements Indirect Purchaser Plaintiffs had reached with K Line and MOL as well as the request to stay all proceedings.  (Doc. 275 at 1 n.1).  However, the Court's opinion and order did not expressly address the settlements and the requested stay.

Indirect Purchaser Plaintiffs now move for reconsideration so that the parties can consummate their agreement to fully and finally resolve the claims asserted by Indirect Purchaser Plaintiffs against the Settling Defendants.

## ARGUMENT

### I.  The Court Should Grant Relief Under Federal Rules of Civil Procedure 59 or 60

Rule 59 grants this Court the authority to alter or amend an order or judgment to correct oversights or errors of law.  Similarly, Rule 60(b) permits this Court to provide relief from an order or judgment for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief."  *See also* Local Rule 7.1(i).

Here, the Court should exercise its discretion to alter or amend its August 28, 2015 Order to provide for continuing jurisdiction over the Indirect Purchaser Plaintiffs' claims against K Line and MOL, as the parties requested.  Doing so will permit the parties to effectuate their settlements while the Indirect Purchaser Plaintiffs pursue their appeal of the Court's August 28, 2015 Order.

As further detailed below, there is no jurisdictional impediment to the Court granting Indirect Purchaser Plaintiffs' request. Other courts in similar circumstances have retained jurisdiction over Settling Defendants in the wake of a dispositive order.

## II. The Court's Conflict Preemption Finding Does Not Deprive It of Jurisdiction

Neither the Court's finding that the Shipping Act barred federal anti-trust claims, nor the finding that state claims were "[conflict] preempted" by the Shipping Act, (Op. at 20), implicates the Court's jurisdiction over the case, which includes the ability to approve settlements. *See, e.g.*, *McGee v. Cont'l Tire N. Am., Inc.,* 2009 WL 539893, at *19 (D.N.J. Mar. 4, 2009) (Court's subject-matter jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1331 "include[ed], without limitation, jurisdiction to approve the proposed settlement and the Settlement Agreement").

Conflict preemption only provides "a defense to a state-law claim" and, unlike complete preemption, is not a doctrine of subject matter jurisdiction. *City of Greensburg v. Wisneski*, 75 F. Supp. 3d 688, 697 (W.D. Pa. 2015) (quoting 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, FEDERAL PRACTICE AND PROCEDURE § 3566 (2008)); *accord Community State Bank v. Strong*, 651 F.3d 1241, 1261 n. 16 (11th Cir. 2011) ("Ordinary preemption simply allows a defendant to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law as an affirmative defense."); *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) ("Only 'complete' preemption affects federal subject matter jurisdiction. 'Conflict' preemption relates to the merits of a claim.").

Likewise, the Court's finding that the Shipping Act "barred" federal anti-trust claims does not foreclose this Court's exercise of subject matter jurisdiction. While the Court analyzed the effect of the Shipping Act on the federal antitrust claims as a "grant of immunity from the 'antitrust laws,'" such immunity is not jurisdictional in nature. (Op. at 24); *see also id.* at 26 ("The Shipping Act of 1984 was intended to clarify and broaden the antitrust immunity provided by the previous Shipping

INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
IN SUPPORT OF MOTION FOR RECONSIDERATION

3

Act of 1916.") (quotations and citations omitted). As the Second Circuit has held, "most immunities are affirmative defenses" and those defenses can be waived. *In re Stock Exchanges Options Trading Antitrust Litig.*, 317 F.3d 134, 151 (2d Cir. 2003). *See also id.* at 152 ("The immunity conferred by an implied repeal of the antitrust laws simply prevents the court from imposing liability under those laws.").

There is no credible suggestion that the Court lacked subject matter jurisdiction in this case. Indirect Purchaser Plaintiffs respectfully request that the Court exercise and retain such jurisdiction over the claims asserted against K Line and MOL so that the parties may enforce their settlement.

### III. The Court Has Authority to Retain Jurisdiction Over the Settling Parties

It is well-established that courts have the authority, as a general matter, to enter an order dismissing a case on the merits but retain jurisdiction for the purpose of "enforc[ing] and consummat[ing] a previously agreed-upon settlement between some of the parties thereto." *In re RFE Indus., Inc.*, 283 F.3d 159, 163 (3d Cir. 2002) (assuming, without analysis that "the bankruptcy court has jurisdiction over the Settlement despite the case's being dismissed"); *see also Halderman v. Pennhurst State School and Hosp.,* 901 F.2d 311, 317 (3d Cir.), *cert. denied,* 498 U.S. 850 (1990) ("[W]e have expressed no doubt of the power of a district court to dismiss a lawsuit conditionally, retaining jurisdiction to effectuate terms of settlement agreed to by the parties.").

In this case, the Indirect Purchaser Plaintiffs had informed the Court of the existence of the settlement agreements and their intention to move for preliminary approval. In addition, both the Indirect Purchaser Plaintiffs and MOL had expressly requested that the Court stay all proceedings as to MOL to permit the parties to effectuate their settlement. This Court should alter or amend its order to retain jurisdiction over the settling parties so that they can move forward with their settlements. Case law fully supports the necessary exercise of such jurisdiction.

In *In re Stock Exchanges Options Trading Antitrust Litig.*, 317 F.3d 134 (2d Cir. 2003), the plaintiffs moved for preliminary approval of settlements under Rule 23(e). Before ruling on the motions, the district court granted summary judgment to defendants based on implied repeal of the Sherman Act. The district court subsequently held that its finding of implied repeal deprived it of subject matter jurisdiction to review and approve the parties' settlements of the classes' claims. The Second Circuit reversed, holding that the district court's finding of implied repeal did not deprive it of subject matter jurisdiction and further stated:

> Since the parties sought approval of their settlement agreements before the court had adjudicated the immunity defense, and since such a defense may be waived, the court had jurisdiction to entertain and rule on the motions for approval of the proposed settlements. <u>Having entered a final judgment without dealing with those pending motions, the court should have entertained them in conjunction with the subsequent motion to alter or amend the final judgment, and it should have granted the latter motion if it approved the proposed settlements.</u>

317 F.3d at 152 (emphasis added).

Similarly, in *Foretich v. American Broadcasting Co., Inc.*, 198 F.3d 270 (D.C. Cir. 1999), the court held that the district court had jurisdiction over a motion to enforce a settlement agreement. In that case, the district court had granted summary judgment in favor of the defendant two months before the motion to enforce the settlement agreement was filed. At the time the motion to enforce the settlement agreement was filed, a motion to enforce fees was pending before the court. The court found that because the motion to enforce would moot the motion for fees, the motions were interrelated and "allowed the court to resolve the motion for fees and costs in a manner that 'effectuated its decree'." *Id.* at 274.

In the instant case, although the Indirect Purchaser Plaintiffs had not formally moved for approval of the proposed settlements, they had informed the Court of their intention to move for preliminary approval and, along with MOL, had requested a stay of proceedings. Under these

circumstances, the Court could have addressed the motion for a stay and either granted the request for stay and dismissed only the non-settling defendants or exercised its authority to retain jurisdiction for the purpose of consummating and enforcing the existing settlements. Indirect Purchaser Plaintiffs respectfully request that the district court do so now and permit the parties to move forward with their settlements.

## CONCLUSION

The interests of justice will be served by permitting Indirect Purchaser Plaintiffs to effectuate their hard-won settlements voluntarily entered into with two of the principal defendants—K Line and MOL. The Indirect Purchaser Plaintiffs respectfully request that the Court retain jurisdiction of the settling parties while the Indirect Purchaser Plaintiffs appeal the dismissal of their remaining claims against the non-settling defendants.

Dated: September 11, 2015

Respectfully submitted,

By: */s/ Warren T. Burns*
    Warren T. Burns

Warren T. Burns
Daniel H. Charest
William Thompson
**BURNS CHAREST LLP**
500 North Akard, Suite 2810
Dallas, Texas 75201
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dcharest@burnscharest.com
wthompson@burnscharest.com

Korey A. Nelson
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130
Telephone: (504) 799-2845
Facsimile: 504-881-1765
knelson@burnscharest.com

James E. Cecchi
**CARELLA.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

***Proposed Interim Liaison Counsel for End-Payor Plaintiffs***

INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
IN SUPPORT OF MOTION FOR RECONSIDERATION

6

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@robinskaplan.com
bpersky@robinskaplan.com
wvreiss@robinskaplan.com

Joseph W. Cotchett
Steven N. Williams
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com

**Proposed Interim Co-Lead Counsel
for End-Payor Plaintiff**

Jonathan W. Cuneo
Joel Davidow
Katherine Van Dyck
Daniel Cohen
**CUNEO GILBERT & LADUCA, LLP**
507 C Street NE
Washington, D.C. 20002
Telephone: (202) 789-3960 jcuneo@cuneolaw.com
joel@cuneolaw.com
kvandyck@cuneolaw.com
danielc@cuneolaw.com

Benjamin D. Elga
**CUNEO GILBERT & LADUCA, LLP**
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: (202) 789-3960
belga@cuneolaw.com

Peter S. Pearlman
**COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP**
Park 80 Plaza West One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone:(201) 845-9600 psp@njlawfirm.com

**Automobile Dealer Liaison Counsel**

INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
IN SUPPORT OF MOTION FOR RECONSIDERATION

7

Don Barrett
David McMullan
Brian Herrington
**BARRETT LAW GROUP, P.A.**
404 Court Square
P.O. Box 927
Lexington, Mississippi 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place 30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
sraiter@larsonking.com

***Automobile Dealer Interim Co-Lead Counsel***

Valerie Nettles
LOVELACE & ASSOCIATES, P.A.
12870 US Hwy 98 West, Suite 200
Miramar Beach, Florida 32250
Telephone: (850) 837-6020
dml@lovelacelaw.com
alex@lovelacelaw.com

Gerard V. Mantese
David Hansma
Brendan Frey
MANTESE HONIGMAN ROSSMAN
& WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com

Ben F. Pierce Gore
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, California 95126
Telephone: (408) 369-0800
gore@prattattorneys.com

**Additional Automobile Dealer Counsel**

Eric R. Breslin
**DUANE MORRIS LLP**
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102
Telephone: (973) 424-2063
erbreslin@duanemorris.com

Wayne A. Mack
J. Manly Parks
Andrew Sperl
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, Pennsylvania 19103
wamack@duanemorris.com
jmparks@duanemorris.com
arsperl@duanemorris.com

**Truck and Equipment Dealer Plaintiff Counsel**

**CERTIFICATE OF SERVICE**

This is to certify that on September 11, 2015, a true and correct copy of the foregoing instrument was filed with the United States District Court for the District of New Jersey via the Court's CM/ECF system, thereby causing copies to be electronically served upon all counsel of record.

/s/ *Warren T. Burns*
Warren T. Burns