<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| **IN RE VEHICLE CARRIER** | : | **Civil Action No.: 13-3306 (ES) (JAD)** |
| **SERVICES ANTITRUST** | : | **(MDL No. 2471)** |
| **LITIGATION** | : | |
| | : | <u>**MEMORANDUM OPINION**</u> |
| *This Document Relates to All Actions* | : | |

SALAS, DISTRICT JUDGE

Before the Court are two motions filed by the Indirect Purchaser Plaintiffs ("IPPs")[1] in this multidistrict litigation. On September 11, 2015, IPPs filed a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) and Local Civil Rule 7.1(i). (D.E. No. 278). Defendants[2] filed responses to the motion for reconsideration, (*see* D.E. Nos. 281, 282, 283), and IPPs filed a reply, (D.E. No. 288). On November 4, 2015, IPPs filed a motion under Rules 60(b)(4) and 60(b)(6). (D.E. No. 299). Defendants filed a consolidated opposition to IPPs' motion, (D.E. No. 300), and IPPs filed a reply, (D.E. No. 305). The motions are ripe for resolution. Pursuant to Federal Rule of Civil Procedure 78, the Court decides these motions without oral argument. For the reasons that follow, IPPs' motions are DENIED.

---

[1] IPPs are to be distinguished from Direct Purchaser Plaintiffs ("DPPs"), who directly purchased the vehicle carrier services at issue. IPPs collectively include End-Payors, Automobile Dealers, and Truck & Equipment Dealers.

[2] "Defendants" collectively include: Kawasaki Kisen Kaisha, Ltd. and "K" Line America, Inc. ("K-Line Defendants"); Mitsui O.S.K. Lines, Ltd., Mitsui O.S.K. Bulk Shipping (U.S.A.), Inc., and World Logistics Service (U.S.A.) Inc. ("MOL Defendants"); Nippon Yusen Kabushiki Kaisha and NYK Line North America Inc.; Wallenius Wilhelmsen Logistics AS, Wallenius Wilhelmsen Logistics America LLC, and EUKOR Car Carriers, Inc.; Compañía Sud Americana de Vapores, S.A. and CSAV Agency, LLC; and Höegh Autoliners AS and Höegh Autoliners, Inc.

In response to IPPs' motion for reconsideration, the K-Line and MOL Defendants filed substantive responses, (D.E. Nos. 282, 283), while the remaining Defendants filed a "Notice of No Position" as to IPPs' motion, (D.E. No. 281).

I.    **Facts and Procedural History**

In an August 28, 2015 Opinion and Order ("Opinion"), this Court granted Defendants'

consolidated motions to dismiss both DPPs' and IPPs' complaints.  (D.E. Nos. 275, 276).  The

Court determined that (1) the complaints "allege[d] that Defendants engaged in conduct prohibited

by the Shipping Act" of 1984 and, therefore, their claims for damages and injunctive relief under

the Clayton Act must be dismissed, *see In re Vehicle Carrier Servs. Antitrust Litig.*, No. 13-3306,

2015 WL 5095134, at *9 (D.N.J. Aug. 28, 2015); and (2) the state antitrust laws under which IPPs

sought relief were conflict preempted by the Shipping Act, which requires that claims of the type

pursued by IPPs must be filed with the Federal Maritime Commission ("FMC") in the first

instance, *see id.* at *16 (citing 46 U.S.C. §§ 40307, 41301, 41306, 41309).

On September 11, 2015, IPPs filed a motion for reconsideration, asking the Court to "retain

jurisdiction over claims asserted against K Line and MOL for the limited purpose of considering

the parties' motions for preliminary and final approval of . . . settlements and to provide notice to

the class of those motions so that all affected class members have notice and an opportunity to be

heard."[3]  (D.E. No. 278 at 1).  Notably, although the Court, prior to issuing its Opinion, received

notice that IPPs had reached settlements in principle with K-Line and MOL, (*see* July 23, 2015

Transcript at 11 (as to K-Line); D.E. No. 272 (as to MOL)), and received an informal request that

the Court stay the proceedings as to MOL, (D.E. No. 272), no motions for preliminary and final

approval of any settlement or for a stay were ever filed in this case.  Indeed, the Court noted in its

Opinion that it had been so advised, but determined that it "must necessarily address the

_____

[3] While IPPs' motion for reconsideration was pending, DPPs and IPPs filed notices of appeal.
(D.E. Nos. 284, 285, 286).  On October 9, 2015, the Third Circuit ordered that those appeals are
stayed pending resolution of IPPs' motion for reconsideration.  (D.E. No. 292).

consolidated motions, which include the K-Line Defendants and the MOL Defendants." *In re Vehicle Carrier Servs.*, 2015 WL 5095134, at *1 n.1.

On November 4, 2015, IPPs filed their motion under Rule 60(b), seeking to vacate the Opinion.  (D.E. No. 299).  IPPs assert in that motion that under the Ocean Shipping Reform Act of 1998, the Shipping Act does not reach the claims at issue in this matter and, therefore, the FMC has no jurisdiction over those claims.  (D.E. No. 299 at 2-5, 9-10).

As noted, Defendants filed responses to IPPs' motions, (*see* D.E. Nos. 281, 282, 283, 300), and IPPs filed replies, (*see* D.E. Nos. 288, 305).

## II.  Discussion

### A.  September 11, 2015 Motion

IPPs' September 11, 2015 motion seeks reconsideration and relief under Local Civil Rule 7.1(i), and Rules 59(e) and 60(b).  (D.E. No. 278).  In light of the different standards governing motions brought under Local Civil Rule 7.1(i) and Rule 59(e) versus motions brought under Rule 60(b), the Court discusses IPPs' requests under those rules separately.

#### 1.  *Motion for reconsideration under Local Civil Rule 7.1(i) and Rule 59(e)*

Local Civil Rule 7.1(i) governs motions for reconsideration in this District.  It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  L. Civ. R. 7.1(i).

The standard for a motion brought under Local Civil Rule 7.1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment.  *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ("'The purpose of a motion for reconsideration' . . . 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" (quoting

*Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))).  To succeed on either motion, the movant must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood*, 176 F.3d at 677 (citation omitted); *see also Lazaridis*, 591 F.3d at 669.

But "[m]ere disagreement with a decision of the district court should normally be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *Assisted Living Assocs. of Moorestown, LLC v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998) (citations omitted).  "[A] motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." *Fletcher v. St. Joseph Reg'l Med. Ctr.*, No. 10-1499, 2013 WL 3146879, at *3 (D.N.J. June 19, 2013) (citing *P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)); *see also Rubinsky v. Zayat*, No. 14-1540, 2015 WL 6737020, at *2 (D.N.J. Nov. 2, 2015) ("The Court may not consider a new argument on reconsideration."); *Warren v. Fisher*, No. 10-5343, 2013 WL 6805668, at *3 (D.N.J. Dec. 20, 2013) ("Reconsideration is not . . . an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided.").  Indeed, "[a] motion for reconsideration is 'an extraordinary remedy to be granted very sparingly.'" *Watkins v. DineEquity, Inc.*, No. 11-7182, 2013 WL 396012, at *2 (D.N.J. Jan. 31, 2013) (quoting *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005)).

Here, IPPs have not shown that "dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision," as is required to support reconsideration.  *Assisted Living Assocs.*, 996 F. Supp. at 442.  IPPs have not identified an intervening change in the controlling law, alerted the Court to the availability of new evidence that

was not available when the Court issued its Opinion, or alleged that the Opinion was the result of a clear error of fact or law or will result in manifest injustice.

Instead, IPPs merely request that this Court retain jurisdiction over MOL and K-Line "for the purpose of consummating and enforcing" settlement agreements reached in principle, (*see* D.E. No. 278 at 6); IPPs do so without establishing that this Court "overlooked" anything germane to the Court's Opinion.  *See Assisted Living Assocs.*, 996 F. Supp. at 442 ("The word 'overlooked' is the operative term in the Rule."); *see also In re Vehicle Carrier Servs.*, 2015 WL 5095134, at *1 n.1 (noting that Court had been advised of settlement in principle and asked to stay proceedings but determining it "must necessarily address the consolidated motions").

To the extent that IPPs rely on *In re Stock Exchanges Options Trading Antitrust Litigation*, 317 F.3d 134 (2d Cir. 2003), for support in urging this Court to retain jurisdiction, the Court finds that case distinguishable and IPPs' reliance thereon unavailing.  In *In re Stock Exchanges*, the Second Circuit reviewed the district court's denial of motions "for judicial approval of settlement agreements entered into between plaintiffs and certain of the defendants."  *Id.* at 138.  The district court had determined that its judgment—which held certain antitrust laws to be impliedly repealed by the Securities and Exchange Act of 1934—"divested" the district court of subject matter jurisdiction over the plaintiffs' antitrust claims and, in turn, divested the court of jurisdiction "to entertain the motions for approval of the class action settlements."  *Id.* at 144.  The Second Circuit reversed, determining that implied repeal is a waivable immunity defense, that the "parties sought approval of their settlement agreements before the court had adjudicated the immunity defense," and, therefore, "the [district] court had jurisdiction to entertain and rule on the motions for approval of the proposed settlements."  *Id.* at 152-53.

*In re Stock Exchanges* dealt with the Security and Exchange Act's implied repeal of certain provisions of the Sherman Act, *id.* at 138, not with the effect of the Shipping Act's conflict preemption of certain state antitrust laws, as is the case here.  This difference highlights the critical distinction between *In re Stock Exchanges* and this case—here, this Court determined in its Opinion that the result of conflict preemption is that jurisdiction over claims of the type asserted by IPPs rests solely with the FMC in the first instance.  *See In re Vehicle Carrier Servs.*, 2015 WL 5095134, at *15-16; 46 U.S.C. § 41301; Report of the House Committee on Merchant Marine and Fisheries, H.R. Rep. No. 98-53, pt. 1, at 3 (1983), *reprinted in* 1984 U.S.C.C.A.N. 167, 168 ("[T]he FMC is provided *exclusive jurisdiction in administering all the provisions of the Shipping Act* as they relate to international liner shipping regulations." (emphasis added)); *Seawinds Ltd. v. Nedlloyd Lines, B.V.*, 80 B.R. 181, 184 (N.D. Cal. 1987), *aff'd*, 846 F.2d 586 (9th Cir. 1988) ("Among the major purposes to be accomplished by the Shipping Act of 1984 were clarification of antitrust immunity for international ocean carriers, *vesting in the Federal Maritime Commission of exclusive jurisdiction over administration of the Shipping Act's provisions*, and minimizing government involvement in regulation of shipping operations." (emphasis added)).

By contrast, the Second Circuit in *In re Stock Exchanges* was not faced with a situation like that here, where this Court determined that jurisdiction over the claims properly lies with another forum entirely.  Instead, the *In re Stock Exchanges* district court determined that pervasive regulation pursuant to the Security and Exchange Act was such that the Act impliedly repealed the provisions of the Sherman Act under which plaintiffs brought their claims and, as a result, plaintiffs could not succeed on those claims.  *See In re Stock Exchanges*, 317 F.3d at 143.  But the district court did not find that the Security and Exchange Act vested jurisdiction in some other body, and, thus, the Second Circuit did not reach the issue of the propriety of retaining subject matter

jurisdiction in circumstances that are sufficiently analogous to persuade this Court that it properly may retain jurisdiction over parts of this case.

Furthermore, contrary to the procedural posture of the motions in *In re Stock Exchanges*, no motions for settlement approval were before this Court at the time the Opinion was delivered—indeed, no such motions have ever been filed. While, as noted, IPPs had informed the Court of settlements "in principle," there were no formal motions pending before this Court when it was asked to dismiss IPPs' claims against Defendants. The fact that the *In re Stock Exchanges* parties had filed motions *before* the district court adjudicated the implied-repeal issue was clearly important to the Second Circuit. *See id.* at 153 ("*Since the parties sought approval of their settlement agreements before the court had adjudicated the immunity defense*, and since such a defense may be waived, the court had jurisdiction to entertain and rule on the motions for approval of the proposed settlements." (emphasis added)). The same circumstances are simply not present here.

Therefore, because IPPs' motion fails to meet any of the grounds for reconsideration, the motion is denied to the extent it seeks relief under Local Civil Rule 7.1(i) and Rule 59(e).

2. *Motion for relief under Rule 60(b)*

IPPs also request relief under Rule 60(b), relying on the subparts of the Rule permitting relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

"The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002) (citation and internal quotation marks omitted). To secure relief under Rule 60(b), a movant must establish that the circumstances warrant

overcoming the "overriding interest in the finality and repose of judgments." *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987) (citations and internal quotation marks omitted). Those circumstances must be exceptional; Rule 60(b) provides an extraordinary remedy. *See Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, Rule 60(b) motions may not substitute for an appeal. *Harris*, 834 F.2d at 364 (citations omitted); *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) ("[L]egal error does not by itself warrant the application of Rule 60(b). . . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." (citation omitted and alteration in original)).

As to Rule 60(b)(1), IPPs do not clearly identify anything in the record or the Opinion that qualifies as—or is the result of—"mistake, inadvertence, surprise, or excusable neglect." As such, IPPs suggest nothing that rises to the level of exceptional circumstances that would justify granting the extraordinary remedy provided by Rule 60(b)(1), *see Tischio*, 16 F. Supp. 2d at 533, and IPPs' request thereunder must be denied.

IPPs' motion under Rule 60(b)(6) is also denied. "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (citations omitted). IPPs assert that retaining "jurisdiction will further the interests of the Court and the parties by bringing final resolution to a substantial part of the claims at issue, in accordance with the general policy of encouraging settlements." (D.E. No. 278 at 1). And IPPs submit that the settlements would "provide significant monetary benefits to injured class members and [bring] peace to K-Line and MOL." (*Id.*).

The Court finds that IPPs have not pointed to any extraordinary circumstances that would warrant granting relief under Rule 60(b)(6). The Court finds no extreme and unexpected hardship

inherent in IPPs appealing this Court's dismissal of claims against all Defendants.  In fact, the Court finds that retaining jurisdiction over two classes of Defendants while Plaintiffs appeal this Court's dismissal of the claims against the remaining Defendants is contrary to notions of judicial economy and the disfavor shown to piecemeal litigation.  *Cf. FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (noting "strong policy against piecemeal litigation" in context of interlocutory appeal request); *see also Schuldiner v. Kmart Corp.*, 284 F. App'x 918, 920 (3d Cir. 2008) ("The manner in which a court disposes of cases on its docket is within its discretion . . . ." (citing *In re Fine Paper Antitrust Litig.*, 685 F.2d 810 (3d Cir. 1982))).[4]

Therefore, IPPs have failed to establish the well-recognized standards for entitlement to relief under Rule 60(b).  IPPs' motion is denied.

---

[4] To be sure and as previously noted, the effect of this Court's conflict preemption finding in this case puts squarely in question this Court's subject matter jurisdiction over any aspect of the matter: the preempting law, the Shipping Act of 1984, provides that the FMC—and not the District Court—is the forum vested with jurisdiction over Shipping Act provisions.  *See* 46 U.S.C. § 41301; Report of the House Committee on Merchant Marine and Fisheries, H.R. Rep. No. 98-53, pt. 1, at 3 (1983), *reprinted in* 1984 U.S.C.C.A.N. 167, 168 ("[T]he FMC is provided *exclusive jurisdiction in administering all the provisions of the Shipping Act* as they relate to international liner shipping regulations." (emphasis added)); *Seawinds Ltd.*, 80 B.R. at 184 ("Among the major purposes to be accomplished by the Shipping Act of 1984 were clarification of antitrust immunity for international ocean carriers, *vesting in the Federal Maritime Commission of exclusive jurisdiction over administration of the Shipping Act's provisions*, and minimizing government involvement in regulation of shipping operations." (emphasis added)).

DPPs' and IPPs' appeals of this Court's decision will necessarily touch the issue of jurisdiction; an affirmance of this Court's conflict preemption decision will be an affirmance that this matter is within the purview of the FMC, while a reversal would indicate that this Court has jurisdiction over IPPs' claims against K-Line and MOL.  The Court finds that the appropriate exercise of its discretion is to deny IPPs' motion so that the critical jurisdictional issue may be addressed and to obviate a circumstance where this Court presides over motions to approve settlements only to later have its rulings vacated for want of jurisdiction.

B. <u>November 4, 2015 Motion</u>

In their November 4, 2015 motion, IPPs "ask this Court . . . to vacate its order dismissing the[ir] . . . complaints and entering judgment" under two alternative provisions of Rule 60(b). (D.E. No. 299 at 1-2). The Court will address IPPs' arguments under those Rules in turn below, but as an initial matter, the Court notes that—regardless of how IPPs characterize their motion—IPPs apparently seek to have the Court *reconsider* its Opinion in light of new legal arguments that were clearly available to IPPs at the time the Court decided the motions to dismiss. *See Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) ("[T]he function of the motion, not the caption, dictates which rule applies . . . ." (citing *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984))), *overruled on other grounds*, *Lizardo v. United States*, 619 F.3d 273, 276-77 (3d Cir. 2010). Indeed, IPPs argue in this motion that under the Ocean Shipping Reform Act of 1998 ("OSRA"), the Shipping Act does not reach the contracts at issue here. (D.E. No. 299 at 2-5).

To the extent IPPs attempt to have this court reconsider its Opinion and Order, the Court finds that attempt improper for two reasons. First, the time for filing a motion for reconsideration has passed. *See* L. Civ. R. 7.1(i) ("[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order . . . ."); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). IPPs' November 4, 2015 motion was filed 68 days after this Court's Opinion, and thus—to the extent IPPs seek reconsideration in their November 4, 2015 motion—that motion was not timely filed under Local Civil Rule 7.1(i) or Rule 59(e).

Second, motions for reconsideration "may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." *Fletcher*, 2013 WL 3146879, at *3 (citing *P. Schoenfeld Asset Mgmt., L.L.C.*, 161 F. Supp. 2d at 352); *see also*

*Rubinsky*, 2015 WL 6737020, at *2 ("The Court may not consider a new argument on reconsideration."); *Warren*, 2013 WL 6805668, at *3 ("Reconsideration is not . . . an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided.").  But that is precisely what IPPs seek here by raising a new, alternative ground— namely, certain provisions of OSRA—on which they might have survived Defendants' consolidated motions to dismiss, which this Court ruled on over two months prior to the filing of the instant motion.

Thus, to the extent IPPs seek to have this Court reconsider its Opinion, IPPs' motion is denied.  The Court will now address IPPs' motion under Rule 60(b).

1. *Rule 60(b)(6) Motion*

Rule 60(b)(6) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief."  As noted previously, "[r]elief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  *Sawka*, 989 F.2d at 140 (citations omitted).  Moreover, assertions of legal error are not, by themselves, sufficient to justify granting relief under Rule 60(b)(6).  *See Pridgen*, 380 F.3d at 728 (citations omitted).

Here, IPPs claim legal error as the basis for granting its motion under Rule 60(b)(6).  (*See* D.E. No. 299 at 2-5, 6-7).  And, IPPs say that granting them relief will conserve resources and vindicate the public interest in maintaining consistent judicial precedent.  (*See id.* at 7-8).  The Court finds that these considerations simply do not amount to "extraordinary circumstances where, without . . . relief, an extreme and unexpected hardship would occur."  *Sawka*, 989 F.2d at 140 (citations omitted).  Indeed, at bottom, IPPs seek relief under Rule 60(b)(6) on the ground that this Court's should have—on account of OSRA—decided the motions to dismiss differently.  This is

an assertion of legal error, and IPPs have not otherwise established extraordinary circumstances to warrant granting relief under Rule 60(b)(6).  Their motion is therefore denied.  *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986) ("[T]he procedure provided by Rule 60(b) is not a substitute for an appeal . . . .").

    2.  *Rule 60(b)(4) Motion*

IPPs argue in the alternative that the Court should grant relief under Rule 60(b)(4), which permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding [where] . . . the judgment is void."  IPPs contend that "the Court's [August 28, 2015] Order [was] not within the powers granted to it by [OSRA or the Shipping Act]," (D.E. No. 299 at 9 (third alteration in original; citation and internal quotation marks omitted)), because "[u]nder those statutes, the Court lacks authority to enter an order that has the effect of transferring the claims to the FMC," and "[t]he Court's order is therefore void," (*id.* at 10).

This argument assumes that OSRA is controlling over the claims in this case and, thus, this Court improperly decided the motions to dismiss.  In other words, IPPs' premise for why the August 28 Order is void is that the motion to dismiss was erroneously decided.  But the question of whether OSRA should have dictated a different result is not before this Court, and "a motion under Rule 60(b)(4) is not a substitute for a timely appeal."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations and internal quotation marks omitted).  In any event, "[a] judgment is not void . . . simply because it is or may have been erroneous. . . . .  Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *Id.* at 270-71 (citations and internal quotation marks omitted).  Neither of those circumstances is present here.

Accordingly, IPPs' request for relief under Rule 60(b)(4) is denied.

**III.    Conclusion**

For the foregoing reasons, IPPs' motion for reconsideration, (D.E. No. 278), and motion for relief under Rule 60(b), (D.E. No. 299), are denied.   An appropriate order accompanies this opinion.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**
